**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS J. UCCELLO, *et al.*,<br><br>Defendants. | Civil Action No.: 3:26-cv-01365<br><br>Judge:<br><br>Magistrate Judge: |

**DEFENDANT UNITED STATES OF AMERICA'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

Defendant United States of America respectfully moves this Court to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The United States has been properly substituted pursuant to 28 U.S.C. § 2679(d)(2) as the party defendant on Plaintiff Saifullah Khan's ("Plaintiff") state law claims under Section 1 of Connecticut's Substitute Senate Bill No. 397, Public Act No. 26-14 ("SB 397"), which were automatically converted into claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2672. Plaintiff has failed to plead that he exhausted his administrative remedies at the time he filed his lawsuit, requiring dismissal of his FTCA claims. Accordingly, this Court should dismiss the claims against the United States.

## INTRODUCTION AND PROCEDURAL BACKGROUND

This lawsuit arises from Plaintiff's arrest at the Abraham A. Ribicoff Federal Building and United States Courthouse by U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") officers in Hartford, Connecticut on May 9, 2025. *See generally Khan v. Uccello*, *et al.*, Complaint, HHD-CV26-6228240-S (Conn. Super. Ct. 2026). Plaintiff asserts claims against ERO Officer Nicholas J. Uccello and "Six Unknown Named Agents of U.S. Customs and Enforcement" pursuant to Section 1 of SB 397 for "excessive force," "unreasonable seizure," and "retaliation." *Id*. Count I ¶¶ 32-33; Count II ¶¶ 33-35; Count III ¶¶ 34-36.

The United States has filed a notice of substitution under the Westfall Act, 28 U.S.C. §§ 2679(b)-(d)(2), with respect to the aforementioned state-law claims against Officer Uccello. ECF No. 2, Substitution Notice. The notice was accompanied by a certification executed by the Attorney General's delegee certifying that Officer Uccello was an employee of the United States acting within the scope of office or employment at the time of the incident out of which the claims arose. ECF No. 2-1, Certification. The effect of this certification was to automatically substitute

the United States as the defendant with respect to Plaintiff's claims against Officer Uccello under SB 397. *See* 28 U.S.C. § 2679(b)(1) & (d)(1); *see also Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995); *Harbury v. Hayden,* 522 F.3d 413, 416 (D.C. Cir. 2008) (Kavanaugh, J.). Therefore, the state law claims were converted into FTCA claims against the United States, and because the Westfall Act makes the FTCA the exclusive remedy for claims within its ambit, *see* 28 U.S.C. § 2679(b), the Act's substitution and exclusive-remedy provisions operated in tandem to render Officer Uccello immune from the state law claims upon substitution. *See Osborn v. Haley*, 549 U.S. 225, 229-230 (2007).

## BACKGROUND

According to the complaint, on April 3, 2025, Plaintiff, a citizen of Afghanistan, was placed in removal proceedings when ICE closed his asylum application and issued him a Notice to Appear. Compl. Count I ¶ 9. On May 9, 2025, Plaintiff attended a scheduled hearing with U.S. Immigration Judge Ted Dootlittle at the Abraham A. Ribicoff Federal Building and United States Courthouse in Hartford, Connecticut. *Id.* ¶ 12. Judge Doolittle continued the matter for a future date, and as Plaintiff was exiting the courtroom, he encountered Officer Uccello along with six unidentified ICE officers. *Id.* ¶¶ 12-13. In response, Plaintiff ran back toward the courtroom—yelling for Judge Doolittle—when Officer Uccello instructed him to "stop." *Id.* ¶ 18. Officer Uccello then fired his taser, which contacted Plaintiff, who fell and lost consciousness. *Id.* ¶¶ 19-21. Plaintiff was then arrested and detained in a cell in the courthouse. *Id.* ¶¶ 22, 24. Later that day, after complaining about numbness and a racing heart, Plaintiff was transported to Hartford Hospital, and was discharged that night. *Id.* ¶ 24. Upon discharge, Plaintiff returned to ICE custody and was released on May 30, 2025, pursuant to the order of a U.S. Immigration Judge. *Id.* ¶¶ 24-25. Plaintiff has since been granted asylum by the United States. *Id.* ¶ 26.

## ARGUMENT

### I. Plaintiff's FTCA Claims Should Be Dismissed for Failure to Exhaust.

Under 28 U.S.C. § 2675(a), a claimant cannot pursue a FTCA claim unless their claim has first been presented and denied by the appropriate federal agency in writing—with "[t]he failure of an agency to make final disposition of a claim within six months . . . be[ing] deemed a final denial of the claim. . . ." Therefore, claimants can only file a FTCA claim in federal court "after the agency denies a tort claim or denial is presumed from the passage of six months from presentment without a final agency disposition." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Crucially, this exhaustion requirement is "jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Because exhaustion is a jurisdictional requirement, claimants bear the burden of showing that they have exhausted their administrative remedies before filing suit. *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019); *see also Scillia v. Am. Educ. Servs.*, No. 3:22-cv-01257, 2025 U.S. Dist. LEXIS 78942, at *9-10 (D. Conn. Apr. 25, 2025) (dismissing FTCA suit after holding that plaintiff failed to plead and prove compliance with statutory requirements of FTCA); *Shuckra v. United States*, No. 3:19-cv-1923, 2020 U.S. Dist. LEXIS 176563, at *8 (D. Conn. Sept. 25, 2020) (dismissing FTCA because plaintiff's complaint failed to plead any facts concerning potentially filed administrative claims or respond to evidence demonstrating as much). In the present case, Plaintiff's Complaint is entirely silent on whether he has satisfied 28 U.S.C. § 2675(a)'s jurisdictional exhaustion requirement. *See generally* Compl. On this basis, Plaintiff has failed to

satisfy his burden of proving and pleading exhaustion, and his claims should be dismissed for lack of jurisdiction as a result.

## **CONCLUSION**

For the reasons stated above, Plaintiff's claims should be dismissed for lack of exhaustion.

Dated: August 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

*Counsel for Defendant United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, the foregoing **United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support Thereof** was filed electronically and served upon all counsel of record through ECF/CM. A copy was also mailed to the following:

Alexander T. Taubes, Esq.
470 James Street, Suite 007
New Haven, Connecticut 06513

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*Counsel for Defendant United States*