**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS J. UCCELLO, *et al.*,<br><br>Defendants. | Civil Action No.: 3:26-cv-01365<br><br>Judge: Hon. Vernon D. Oliver<br><br>Magistrate Judge: |

**MOTION FOR LEAVE TO FILE EXCESS PAGES**
**IN REPLY IN FURTHER SUPPORT OF SUBSTITUTION**

Defendant United States of America hereby respectfully moves this Court, on consent, for leave to file excess pages in its reply in further support of its notice of substitution, ECF No. 2. Counsel for the United States has conferred with Plaintiff's counsel, who consents to the relief requested in this motion.

1. On August 25, 2026, the United States filed, among other things, a notice of substitution under the Westfall Act, notifying this Court that, pursuant to the Attorney General's designee's certification of scope of employment, the United States has been substituted for former defendant Nicholas J. Uccello under the Act. *See* ECF No. 2; 28 U.S.C. §§ 2679(b)(1); 2679(d)(1). Because this district has the practice to consider such notices a "motion to substitute" under the Westfall Act, this Court considered the United States' notice of substitution as a "motion to substitute party" and directed Plaintiff to file an opposition to the "motion" by September 14. ECF No. 14, Minute Order.

2. The United States was previously unaware that its notice would be treated as a motion, because the Westfall Act does not require a substitution motion. Instead, substitution is

automatic upon the filing of a scope-of-employment certification. *See* 28 U.S.C. § 2679(d)(1) ("[U]pon certification," the United States "shall be substituted as the party defendant"); *Osborn v. Haley*, 549 U.S. 225, 252 (2007) ("*[U]pon certification*, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment.") (quoting 28 U.S.C. § 2679(d)(1)-(3)) (emphasis added). Consequently, substitution occurs by operation of law once the certification is filed. The United States remains the defendant unless and until the plaintiff both files and prevails on a motion challenging the certification, and the case remains in federal court in all events. *See Osborn*, 549 U.S. at 231 ("[H]old[ing] that the Attorney General's certification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court."). In light of the United States' understanding of the effect of its notice, it did not file any memorandum in support of the filing or otherwise significantly brief issues that might be raised in a challenge to the substitution.

3. On September 14, 2026, Plaintiff submitted a 24-page opposition to the United States' filing, asserting that his claims against Uccello were not subject to the substitution and exclusive remedy provisions of the Westfall Act. *See generally* ECF No. 16. Because the United States did not brief these issues prior to receipt of Plaintiff's opposition, it did not address Plaintiff's theory or offer substantial briefing on the operation of the Act's substitution provisions. As a result, the United States intends to address the issues raised in Plaintiff's opposition for the first time in a reply memorandum, which will be filed on or before September 28, 2026, in accordance with the Court's rules.

4. The United States has worked diligently to prepare a concise draft reply to Plaintiff's opposition and made extensive good faith efforts to bring it within the standard 10-page limit prescribed by this Court's rules. Given that the United States was previously unaware of the need to address the issues raised in Plaintiff's opposition at any significant length or detail, there is good cause to grant the United States a modest five-page departure from the standard page limits and permit it to file a reply of up to 15 pages.

5. Accordingly, the United States respectfully requests, on consent, that the Court enter an order granting it leave to file a memorandum of up to 15 pages in reply to Plaintiff's opposition and in further support of its substitution filing.

Dated: September 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station

Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

*Counsel for Defendant United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, a copy of foregoing Motion for Leave to File Excess Pages in Reply in Further Support of Substitution was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing Parties may access this filing through the Court's CM/ECF System.

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*Counsel for Defendant United States*