**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SAIFULLAH KHAN,
Plaintiff,

v.

NICHOLAS J. UCCELLO, and SIX UNKNOWN NAMED AGENTS OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (DOES 1–6), each in an individual capacity,
Defendants.

No. 3:26-cv-01365 (VDO)

September 24, 2026

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

## TABLE OF CONTENTS


**PRELIMINARY STATEMENT** .......... 1

**BACKGROUND** .......... 3

**LEGAL STANDARD** .......... 7

**ARGUMENT** .......... 8

**I. SECTION 2679(d)(2), THE ONLY GROUND THE GOVERNMENT INVOKED, DOES NOT REACH THIS ACTION.** .......... 8

**II. NO ONE WITH A RIGHT TO REMOVE THIS ACTION DID SO IN TIME.** .......... 19

**III. REMAND IS REQUIRED UNDER § 1447(c) WHETHER THE DEFECT IS JURISDICTIONAL OR NOT.** .......... 26

**IV. ONCE SUBSTITUTION IS DENIED, THE COURT SHOULD REMAND UNDER *COHILL* IN ANY EVENT.** .......... 27

**V. THE GOVERNMENT'S OTHER OBJECTIONS DO NOT CHANGE THE RESULT.** .......... 36

**VI. THE COURT SHOULD DECIDE THIS MOTION TOGETHER WITH THE MOTION TO SUBSTITUTE.** .......... 37

**CONCLUSION** .......... 37


**ORAL ARGUMENT REQUESTED**

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbo-Bradley v. City of Niagara Falls*,
73 F.4th 143 (2d Cir. 2023) ........ 25

*Adams v. Adminastar Def. Servs., Inc.*,
901 F. Supp. 78 (D. Conn. 1995) ........ 19

*Agyin v. Razmzan*,
986 F.3d 168 (2d Cir. 2021) ........ 20, 21

*Am. Well Works Co. v. Layne & Bowler Co.*,
241 U.S. 257 (1916) ........ 30

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ........ 35

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
556 U.S. 635 (2009) ........ 8, 28, 29

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) ........ passim

*Carver v. Nassau Cnty. Interim Fin. Auth.*,
730 F.3d 150 (2d Cir. 2013) ........ 35

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ........ 26, 32

*Catzin v. Thank You & Good Luck Corp.*,
899 F.3d 77 (2d Cir. 2018) ........ 33

*CBS Inc. v. Snyder*,
762 F. Supp. 71 (S.D.N.Y. 1991) ........ 24

*City of Chicago v. Int'l Coll. of Surgeons*,
522 U.S. 156 (1997) ........ 33

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006) ........ 30, 33

*Enbridge Energy, LP v. Nessel*,
608 U.S. 67 (2026) ........ 20, 34

*FDIC v. Meyer*,
510 U.S. 471 (1994) ........ 10

*Glendora v. Pinkerton Sec. & Detective Servs.*,
25 F. Supp. 2d 447 (S.D.N.Y. 1998) ........ 12

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ........ 30, 31, 33

*Graham v. Connor*,
490 U.S. 386 (1989) ........ 31

*Great N. Ry. Co. v. Alexander*,
246 U.S. 276 (1918)........................................................................................................ 7

*Gunn v. Minton*,
568 U.S. 251 (2013)................................................................................................. 30, 33

*Gutierrez de Martinez v. Lamagno*,
515 U.S. 417 (1995)........................................................................................... 14, 16, 20

*Hamilton v. Aetna Life & Cas. Co.*,
5 F.3d 642 (2d Cir. 1993) (per curiam)......................................................................... 27

*Haywood v. Drown*,
556 U.S. 729 (2009)...................................................................................................... 31

*Home Depot U.S.A., Inc. v. Jackson*,
587 U.S. 435 (2019)................................................................................................ 19, 25

*Howlett v. Rose*,
496 U.S. 356 (1990)...................................................................................................... 34

*Hui v. Castaneda*,
559 U.S. 799 (2010)...................................................................................................... 17

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
488 F.3d 112 (2d Cir. 2007).......................................................................................... 24

*Jefferson Cnty. v. Acker*,
527 U.S. 423 (1999)................................................................................................ 18, 32

*Kelly v. Shipley*,
No. 22-1880, 2022 U.S. Dist. LEXIS 162669 (E.D. La. Sept. 9, 2022)............................... 29

*Kentucky v. Graham*,
473 U.S. 159 (1985)...................................................................................................... 22

*Kircher v. Putnam Funds Trust*,
547 U.S. 633 (2006)............................................................................................... passim

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)...................................................................................................... 26

*Kolari v. N.Y.-Presbyterian Hosp.*,
455 F.3d 118 (2d Cir. 2006)............................................................................. 33, 34, 35

*Link Motion Inc. v. DLA Piper LLP*,
103 F.4th 905 (2d Cir. 2024) ........................................................................................ 31

*Lupo v. Hum. Affs. Int'l, Inc.*,
28 F.3d 269 (2d Cir. 1994)........................................................................... 7, 13, 24, 26

*Mesa v. California*,
489 U.S. 121 (1989)...................................................................................................... 32

*Mignogna v. Sair Aviation, Inc.*,
679 F. Supp. 184 (N.D.N.Y. 1988) ............................................................................... 21

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)...................................................................................................... 20

*NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*,
770 F.3d 1010 (2d Cir. 2014)....................................................................................... 31

*New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*,
824 F.3d 308 (2d Cir. 2016)......................................................................................... 31

*Newman-Green, Inc. v. Alfonzo-Larrain*,
490 U.S. 826 (1989)..................................................................................................... 24

*Osborn v. Haley*,
549 U.S. 225 (2007)............................................................................................... passim

*Pierpoint v. Barnes*,
94 F.3d 813 (2d Cir. 1996)................................................................................. 7, 26, 27

*Rivera v. United States*,
928 F.2d 592 (2d Cir. 1991)......................................................................................... 10

*Robinson v. Overseas Military Sales Corp.*,
21 F.3d 502 (2d Cir. 1994)........................................................................................... 22

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025)....................................................................................................... 28

*Seabrook v. Jacobson*,
153 F.3d 70 (2d Cir. 1998)...................................................................................... 34, 35

*Stark v. Tryon*,
171 F. Supp. 3d 35 (D. Conn. 2016).......................................................................... 25, 30

*Steele v. Meyer*,
964 F. Supp. 2d 9 (D.D.C. 2013)................................................................................. 29

*Sterling v. United States*,
85 F.3d 1225 (7th Cir. 1996)................................................................................... 10, 14

*Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*,
116 F.4th 106 (2d Cir. 2024)........................................................................................ 31

*Syngenta Crop Prot., Inc. v. Henson*,
537 U.S. 28 (2002)..................................................................................................... 7, 21

*Tafflin v. Levitt*,
493 U.S. 455 (1990)..................................................................................................... 34

*Taite v. Morin*,
521 F. Supp. 2d 141 (D.N.H. 2007)............................................................................. 29

*Tantaros v. Fox News Network, LLC*,
12 F.4th 135 (2d Cir. 2021).......................................................................................... 31

*United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*,
30 F.3d 298 (2d Cir. 1994)................................................................................. 7, 13, 18

*United Mine Workers v. Gibbs*,
383 U.S. 715 (1966)................................................................................... 7, 28, 35

*United States v. Smith*,
499 U.S. 160 (1991)..................................................................................................... 10

*Valencia ex rel. Franco v. Lee*,
316 F.3d 299 (2d Cir. 2003) ........ 35, 36

*Velez-Diaz v. Vega-Irizarry*,
421 F.3d 71 (1st Cir. 2005) ........ 12, 17

*Verlinden B.V. v. Cent. Bank of Nigeria*,
461 U.S. 480 (1983) ........ 26

*Wyant v. Nat'l R.R. Passenger Corp.*,
881 F. Supp. 919 (S.D.N.Y. 1995) ........ 24

**Statutes and Session Laws**

28 U.S.C. § 1257 ........ 34

28 U.S.C. § 1331 ........ passim

28 U.S.C. § 1346 ........ 8, 9, 10, 32

28 U.S.C. § 1367 ........ 8, 27

28 U.S.C. § 1441 ........ passim

28 U.S.C. § 1442 ........ passim

28 U.S.C. § 1446 ........ passim

28 U.S.C. § 1447 ........ passim

28 U.S.C. § 1653 ........ 24

28 U.S.C. § 2679 ........ passim

42 U.S.C. § 1983 ........ 31, 35

Act of Sept. 21, 1961, Pub. L. No. 87-258, 75 Stat. 539 ........ 16

Conn. Gen. Stat. § 42-110b ........ 30

Conn. Gen. Stat. § 52-57 ........ 3

Conn. Pub. Act No. 26-14, § 1 (2026) ........ 3, 13, 30, 34

Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 ........ 19

Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No.
100-694, 102 Stat. 4563 ........ 10, 17

**Rules and Regulations**

28 C.F.R. § 15.4 ........ 18

D. Conn. L. Civ. R. 7 ........ 18

Fed. R. Civ. P. 6 ........ 20

Fed. R. Civ. P. 7 ........ 18

Standing Order on Removed Cases (D. Conn. amended Dec. 19, 2022) ........ 5, 23

## PRELIMINARY STATEMENT

Who removed this case, and for whom? The government's answer depends on which court it is addressing. On August 25, the United States Attorney appeared in the Superior Court for "All Defendants" — Officer Uccello and the six unnamed agents — and the government told that court that the United States "has been substituted as the defendant in this matter." Ex. A at 2–3; Ex. B at 2. The same day, Justice Department lawyers removed the case to this Court in the name of "The United States," a party the Complaint does not name and no one served. ECF No. 1 at 1. The next day those lawyers told this Court that they do "not represent defendant Uccello in his individual capacity" — the only capacity in which he is sued. ECF No. 11 at 1 n.1; ECF No. 12 at 1 n.1. No lawyer has appeared here for him in that capacity; the docket nonetheless lists one of them as his counsel. He is the only defendant served, and his thirty days to remove ran out on August 10.

The government's answer to every question this removal raises is a one-page certificate. ECF No. 1-1 at 2. On its account, the certificate removed the action, substituted the United States, made Officer Uccello a "former defendant," and keeps the case here "in all events." ECF No. 1 ¶ 8; ECF No. 17 ¶¶ 1–2. The government filed no motion to substitute and no memorandum, because "substitution is automatic." ECF No. 17 ¶ 2. And it has not yet addressed the provision that decides both pending motions; it will do so, it says, "for the first time in a reply memorandum." *Id.* ¶ 3.

The certificate cannot bear that weight. It "conclusively establish[es] scope of office or employment for purposes of removal," 28 U.S.C. § 2679(d)(2) — one fact, for one purpose. The removal power it triggers reaches only "any civil action or proceeding commenced upon such claim," *id.*, the claim for which § 2679(b)(1) makes the remedy against the United States

exclusive. In the same subsection, Congress provided that paragraph (1) "does not extend or apply" to an action "brought for a violation of the Constitution of the United States." § 2679(b)(2)(A). This action is brought for nothing else. ECF No. 16 at 9–21. The government's notice quotes the removal sentence in two fragments and leaves out the words between them — the words that decide this motion. ECF No. 1 ¶ 6. *Osborn v. Haley* bars a remand grounded in "the court's disagreement with the Attorney General's scope-of-employment determination." 549 U.S. 225, 243 (2007). This motion rests on no such disagreement.

Without § 2679(d)(2), nothing is left. The United States could not remove an action to which it was a stranger. Officer Uccello could have removed under § 1442, and no one did — though the United States had described Mr. Khan's "already-pending case" to this Court on July 31, ten days before Officer Uccello's time ran out. ECF No. 53 at 8 (No. 3:26-cv-00758). A notice of removal cannot be rewritten now to add a ground, or a remover. The Court should remand under § 1447(c). If the certificate did carry this action here, as the government insists, the result should be the same once the Court holds that § 2679(b)(1) does not reach it. *Osborn* itself says that once the federal question that anchored a Westfall Act removal is resolved and only state-law claims remain, the district court "would have discretion, consistent with Article III, to retain jurisdiction," citing *Cohill* for the discretion "to retain jurisdiction, to remand, or to dismiss." 549 U.S. at 245. Every consideration that governs that discretion points to the Superior Court, where the statute was enacted and where, to counsel's knowledge, no court has yet construed it.

Both routes run through the question already before the Court on the Motion to Substitute Party, ECF No. 2: whether § 2679(b)(1) reaches this action. It does not, ECF No. 16 at 9–21, and the case should go back to the Superior Court.

## BACKGROUND

### A. The action and its service.

Mr. Khan sued Officer Nicholas J. Uccello and six unidentified ICE agents, each in an individual capacity, in the Superior Court for the Judicial District of Hartford. ECF No. 1-3 at 2; Compl. ¶¶ 4–5.[1] Each of the Complaint's three counts is brought under Section 1 of Connecticut Public Act No. 26-14 for the deprivation of rights secured by the United States Constitution: Fourth Amendment excessive force, Fourth Amendment unreasonable seizure, and First Amendment retaliation. *Id.* ¶¶ 2, 29; *id.* Count One ¶ 34; *id.* Count Two ¶ 35; *id.* Count Three ¶ 36. Section 1 makes liable "[e]very person, including a federal or state officer or employee," who under color of law deprives a person "of any rights, privileges or immunities secured by the United States Constitution," in "an action at law or other proper proceeding for redress." P.A. 26-14, § 1(a). On July 10, 2026, a state marshal served the summons and Complaint on Officer Uccello by leaving them at his usual place of abode in Meriden. ECF No. 1-4 at 2; *see* Conn. Gen. Stat. § 52-57(a). The return date was August 25, 2026. ECF No. 1-3 at 2.

### B. What the government told the Superior Court.

On the return date, the United States Attorney filed an appearance in the Superior Court for "All Defendants," listing "D-01 NICHOLAS J. UCCELLO" and "D-02 SIX UNKNOWN NAMED AGENTS OF US IMMIGRATION AND CUSTOMS EN[FORCEMENT]." Ex. A at 2–3. The government also told that court that "the United States of America, which has been substituted as the defendant in this matter under 28 U.S.C. § 2679(d)(1), filed a Notice of Removal" in this Court. Ex. B at 2. No court had ordered any substitution, and paragraph (d)(1)

[1] Citations to docket entries are to the page numbers assigned by CM/ECF. "Compl." refers to the Complaint, ECF No. 1-3. Exhibits A through C, filed with this memorandum, are the Superior Court papers cited below; pin cites to them are also to CM/ECF page numbers.

governs actions "commenced upon such claim in a United States district court." 28 U.S.C. § 2679(d)(1). The Superior Court's docket still lists the United States Attorney as counsel of record for Officer Uccello and the six agents; the United States is not a party there; and the docket records the case as "REMOVED TO FEDERAL DISTRICT COURT," "BY THE DEFENDANT." Ex. C at 2–3.

**C. What the government told this Court.**

The notice of removal begins: "The United States, by and through its undersigned attorneys, pursuant to 28 U.S.C. § 2679(d)(2), respectfully gives notice of the removal of the above-captioned action to this Court . . . ." ECF No. 1 at 1. It describes a complaint "against Nicholas J. Uccello," whom it calls "the named defendant," and refers to the six agents only as "et al." *Id.* at 1 & ¶¶ 1–2. It states one ground, § 2679(d)(2), *id.* ¶ 4, and concludes that, "pursuant to the scope certification, the United States has been substituted for Officer Uccello for all claims for which the FTCA provides the exclusive remedy," and that "[a]ccordingly, this case properly is removed by the United States pursuant to 28 U.S.C. § 2679(d)(2)," *id.* ¶ 8. It cites 28 U.S.C. § 1446 only for the mechanics of notice and the state-court record, *id.* ¶¶ 9–10, and does not cite § 1441, § 1331, or § 1442. Its text says nothing about when Officer Uccello was served or whether he consents. It is signed by "Counsel for Defendant United States of America." *Id.* at 3–4. The docket text attributes it to "Nicholas J. Uccello (USA)." ECF No. 1 (docket text).

The attached certificate, made "pursuant to the provisions of 28 U.S.C. § 2679(d)(1)," finds "that Nicholas J. Uccello was acting within the scope of federal office or employment at the time of the incident out of which the Plaintiff's claims arise." ECF No. 1-1 at 2. It addresses no other defendant. Its text identifies the signer as "Acting Director, Torts Branch"; its signature block, as "Deputy Assistant Attorney General." *Id.*

The government also filed a "Notice of Substitution," announcing that "the United States is hereby substituted for defendant Nicholas J. Uccello with respect to Plaintiff's state law claims" and that "[t]hese claims arise under Connecticut law." ECF No. 2 at 1 & ¶ 1. It tendered an order that would dismiss all three counts against Officer Uccello "pursuant to the provisions of 28 U.S.C. § 2679(b)(2) and § 2679(d)" and would amend the caption "to reflect the substitution of the United States as the defendant." ECF No. 2-2. It filed no memorandum of law. ECF No. 17 ¶ 2.

On August 26, both Justice Department lawyers appeared "for Defendant United States of America," each with the same footnote: "Undersigned counsel does not represent defendant Uccello in his individual capacity. Rather, undersigned counsel represents the United States and, by extension, defendant Uccello in his official capacity only." ECF No. 11 at 1 & n.1; ECF No. 12 at 1 & n.1. Officer Uccello is sued only in his individual capacity. Compl. ¶ 4. The docket lists Mr. Martin, but not Mr. Brotz, as his lead counsel; it lists the United States as a separate defendant represented by both; and it does not list the six agents at all. No lawyer has appeared here for the six agents.

With its notice to counsel, the Clerk served the District's Standing Order on Removed Cases, ECF No. 10-1; *see* ECF No. 15, which requires a party removing under § 1441 to state, within seven days, when each defendant received and was served with the complaint, the reasons for any removal more than thirty days later, which served defendants did not join the notice, and who represents each party. ECF No. 10-1 at 1–2. The United States declined to file the statement because, it said, this case "was removed under 28 U.S.C. § 2679(d)(2)." ECF No. 13 at 1.

**D. The Court's order and the briefing.**

On August 26, the docket entry for the Notice of Substitution was modified "to change event from Notice to a Motion." ECF No. 2 (docket text). The Court struck the government's motion to dismiss, set a schedule on the "Motion to Substitute Party," and directed Mr. Khan to file by September 28, 2026 either a motion to remand or a notice that he would not seek remand. ECF No. 14. Mr. Khan opposed substitution on September 14, showing that this is "a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States," § 2679(b)(2)(A), to which § 2679(b)(1) does not extend. ECF No. 16 at 9–21. He assumed scope of employment arguendo, without conceding it, *id.* at 8, 25, and asked leave to contest the certification before any order of substitution enters, *id.* at 25, 28. On September 23, the government sought leave, on consent, to file a reply of up to fifteen pages. ECF No. 17. No discovery has been taken.

**E. The related action.**

In *United States v. Connecticut*, No. 3:26-cv-00758 (VDO), the United States challenges Sections 3 through 6 of the same Act. It has not challenged Section 1, while "reserv[ing] the right to bring additional challenges in the future." ECF No. 58 at 1 & n.2 (No. 3:26-cv-00758) (quoting ECF No. 1 at 2 n.1 (No. 3:26-cv-00758)). Opposing Mr. Khan's motion to intervene there on July 31, 2026, the United States referred to his "already-pending case" in "a state court in Connecticut," ECF No. 53 at 8 (No. 3:26-cv-00758), and relied on the premise that "the issue as to statutory scope must be decided by another court," *id.* at 9. On August 27, 2026, the Court denied intervention. ECF No. 58 at 7 (No. 3:26-cv-00758). Mr. Khan has appealed. ECF No. 72 (No. 3:26-cv-00758).

**LEGAL STANDARD**

"The right of removal is entirely a creature of statute," and a suit commenced in state court "must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). "[S]tatutory procedures for removal are to be strictly construed." *Id.* "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court . . . ." *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Section 1447(c) provides two routes to remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). And "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* In this Circuit, a removal "not authorized by law" is such a defect, and a remand on a timely motion raising it falls within § 1447(c). *Pierpoint v. Barnes*, 94 F.3d 813, 818–19 (2d Cir. 1996) (construing the predecessor "defect in removal procedure" language). The notice of removal was filed on August 25, 2026. This motion, filed on the thirtieth day after it, is timely under the statute and under the Court's order. ECF No. 14.

A different body of law governs Part IV. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

When the federal character of a removed case drops out, the court weighs "the values of judicial economy, convenience, fairness, and comity," and it may "remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 357 (1988); *see* 28 U.S.C. § 1367(c). Such a remand "is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)"; the choice is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 641 (2009).

## ARGUMENT

### I. SECTION 2679(d)(2), THE ONLY GROUND THE GOVERNMENT INVOKED, DOES NOT REACH THIS ACTION.

The Westfall Act gives the Attorney General a removal power no ordinary litigant has, and it defines that power by reference to the claims the Act governs. An action that § 2679(b)(2)(A) places outside § 2679(b)(1) is outside that grant of power.

#### A. The Attorney General may remove only an action "commenced upon such claim," and "such claim" is the claim § 2679(b)(1) governs.

Section 2679 proceeds in sequence. Paragraph (b)(1) makes "[t]he remedy against the United States provided by sections 1346(b) and 2672" exclusive "of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." Paragraph (b)(2) provides that "[p]aragraph (1) does not extend or apply to a civil action against an employee of the Government — (A) which is brought for a violation of the Constitution of the United States, . . . ." Subsection (c) directs the Attorney General to defend actions against employees "for any such damage or injury." And paragraph (d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon

> such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2).

Subsection (d) never defines "the claim." It need not. Paragraph (1) has already described it: the claim "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," for which §§ 1346(b) and 2672 provide "[t]he remedy against the United States," and which paragraph (1) itself calls "the claim." § 2679(b)(1). Subsection (c) refers back to it as "such damage or injury," and subsection (d) as "such claim." The certification tracks it too, attesting to the one element of the paragraph (1) claim that concerns the employee: that he was "acting within the scope of his office or employment." *Compare* § 2679(b)(1), *with* § 2679(d)(2). And paragraph (2)(A) provides that paragraph (1) "does not extend or apply" to an action brought for a violation of the Constitution. "Extend" speaks to reach. Congress did not make paragraph (1) subject to an exception for such an action; it said paragraph (1) does not reach it. An action to which paragraph (1) does not extend is not an action on paragraph (1)'s claim, and so it is not an action "commenced upon such claim."

The second sentence of paragraph (d)(2) confirms the reading. It deems every "such action or proceeding" to be one "brought against the United States" and substitutes the United States "as the party defendant." If "such claim" reached an action brought for a violation of the Constitution, that sentence would substitute the United States in the very actions paragraph (2)(A) withholds from paragraph (1). The removal sentence and the deeming sentence share one object — "any civil action or proceeding commenced upon such claim" — and they reach the

same actions. The rest of subsection (d) is FTCA machinery built for such claims. A certified action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions." § 2679(d)(4). That is how a claim within paragraph (1) may be foreclosed even when an FTCA exception bars recovery. *United States v. Smith*, 499 U.S. 160, 166 (1991).

An action brought for a violation of the Constitution is not such a claim: "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *see* ECF No. 16 at 22–25. Congress stated the Act's purpose in the Act itself: to "protect Federal employees from personal liability for common law torts committed within the scope of their employment." Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, § 2(b), 102 Stat. 4563, 4564. The Second Circuit reads the Act the same way: § 2679(b)(1) "does not apply to suits for violation of federal constitutional or statutory rights, see id. § 2679(b)(2), but provides government employees with immunity against claims of common-law tort." *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991); *see also Sterling v. United States*, 85 F.3d 1225, 1228 (7th Cir. 1996) ("[T]he statute forbids substitution when the employee is alleged to have violated the Constitution, . . . ."). Subsection (d) is not a freestanding grant of power to remove any action in which a federal employee is named.

The government has never engaged this text. Its notice rests on the premise that "the United States has been substituted for Officer Uccello for all claims for which the FTCA provides the exclusive remedy." ECF No. 1 ¶ 8. This action contains no such claim. When the notice paraphrases § 2679(d)(2), it stitches together two fragments — "the entire 'civil action' 'shall be removed without bond at any time before trial'" — and skips what lies between them in

the statute: "or proceeding commenced upon such claim in a State court." *Id.* ¶ 6; § 2679(d)(2). The certificate invokes § 2679(d)(1), ECF No. 1-1 at 2, which governs actions "commenced upon such claim in a United States district court," and the government told the Superior Court that the United States had been substituted under that paragraph, too. Ex. B at 2. The notice of removal leaves words out of § 2679(d); the Notice of Substitution adds its own. The statute deems "any civil action or proceeding commenced upon such claim" an action against the United States. § 2679(d)(1); see § 2679(d)(2). Citing those paragraphs, the Notice tells the Court that the statute deems "any civil action or proceeding commenced upon such a claim *and arising under state law*" an action against the United States. ECF No. 2 ¶ 3 (emphasis added). The words "arising under state law" appear nowhere in § 2679. They do the work the statute will not: with state law as the test, calling the counts "state law claims" is all the government has to do. ECF No. 2 at 1–2; *see* ECF No. 16 at 22. And the tendered order would dismiss the constitutional counts "pursuant to the provisions of" § 2679(b)(2) — the paragraph that withholds the exclusive-remedy rule from them — and § 2679(d). ECF No. 2-2. No paper the government has filed in this action, in either court, discusses § 2679(b)(2)(A).

*Kircher v. Putnam Funds Trust* shows what follows when a removal provision is tethered to another provision in this way. 547 U.S. 633 (2006). The Securities Litigation Uniform Standards Act made "[a]ny covered class action" removable "as set forth in subsection (b)," its preclusion provision. *Id.* at 636 n.2, 637. The defendants read "any" to mean any. The Court disagreed: "we do not read statutes in little bites." *Id.* at 643. It read removal as "confined to cases 'set forth in subsection (b),'" and held that "removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." *Id.* at 642–43. It followed that "a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional

issue," and that if the action is not precluded, "the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." *Id.* at 644. So too here: "any civil action or proceeding commenced upon such claim" reaches no further than "such claim."

*Kircher* contrasted the federal-officer removal statute, which reflects a "policy of having particular suits tried in a federal court" and under which "[a]n officer's federal defense need be only colorable." *Id.* at 644 n.12. That describes § 1442 — the statute the United States did not invoke, which belonged to Officer Uccello and expired on August 10. *See* Part II.B, *infra*. Section 2679(d)(2) has no colorable-defense standard. Its grant runs to actions "commenced upon such claim," and the one fact it makes conclusive is "scope of office or employment." Reading § 2679(d)(2) as written leaves no officer without a federal forum: an officer sued for a constitutional violation who has a colorable federal defense may remove under § 1442 within thirty days of service.

The decisions fit this reading. In *Glendora v. Pinkerton Security & Detective Services*, the complaint pleaded "claims founded in common law tort and the Constitution." 25 F. Supp. 2d 447, 450 (S.D.N.Y. 1998). The court upheld a § 2679(d)(2) removal because "[t]he complaint pleaded claims in common law tort against a federal employee who was acting within the scope of his employment," and "[s]uch a claim is against the United States under the FTCA, and thus, this action was properly removed." *Id.* at 451. The contention that the complaint stated "solely a state civil rights claim" failed because a common-law tort had in fact been pleaded. *Id.* When a complaint pleads such a claim alongside constitutional claims, substitution proceeds claim by claim: the United States replaces the employee on the tort claims, and the constitutional claims proceed against the employee. *See Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 76 (1st Cir. 2005)

(substitution "with respect to the state law claims" in a case raising "both state law and federal constitutional damage claims"). This action has no paragraph (1) claim at all. Mr. Khan has found no decision that considered the reading set out here and rejected it.

**B. This action is outside § 2679(b)(1).**

Mr. Khan has shown in opposing the Motion to Substitute that § 2679(b)(1) "does not extend or apply" to this action, and he does not repeat that showing here. ECF No. 16 at 9–21. In short, each count is brought under Section 1 of Public Act 26-14, which supplies a remedy and no substantive right of its own; each pleads, as the wrong sued upon, "the deprivation of rights secured by the United States Constitution," Compl. ¶ 29; and each closes by pleading injury "in violation of Section 1 of the Act and the Fourth [or First] Amendment," *id.* Count One ¶ 34; *id.* Count Two ¶ 35; *id.* Count Three ¶ 36. The Complaint pleads no negligence or other common-law claim. The action is therefore "a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." § 2679(b)(2)(A). Because the United States invoked § 2679(d)(2) as its only ground for removal, it bears the burden of showing that the action falls within that paragraph, *see CenterMark*, 30 F.3d at 301, and doubts are resolved against removal, *Lupo*, 28 F.3d at 274.

Nothing in that conclusion is in tension with Mr. Khan's observations that § 2679(b)(2)(A) "allocates nothing between court systems" and that "the question is exclusivity, not jurisdiction." ECF No. 16 at 14. Paragraph (2)(A) asks only whether paragraph (1)'s exclusive remedy reaches this action, and it asks that question the same way in any court. The allocation between court systems is made by § 2679(d)(2), which makes the Attorney General's removal power depend on the answer — as SLUSA's removal clause depended on its preclusion provision in *Kircher*.

**C. The certificate settles one fact for one purpose, and *Osborn* does not make it settle more.**

The government treats the certificate as the answer to everything. In its view, "substitution is automatic upon the filing of a scope-of-employment certification," the United States "remains the defendant unless and until the plaintiff both files and prevails on a motion challenging the certification," and "the case remains in federal court in all events." ECF No. 17 ¶ 2. That is not the law. A certificate "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). Even the passage of *Osborn* on which the government relies, ECF No. 17 ¶ 2, leaves the last word with the Court: the action is deemed one against the United States "unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." 549 U.S. at 252. And scope is not the only ground on which substitution fails. When the action is brought for a violation of the Constitution, "the statute forbids substitution." *Sterling*, 85 F.3d at 1228; *see* § 2679(b)(2)(A). The one thing Congress made the certificate settle conclusively is "scope of office or employment for purposes of removal." § 2679(d)(2). *Osborn*'s rule against remand rests on that sentence and nothing more.

*Osborn*'s language is broad. Once "certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." 549 U.S. at 231. The Court framed the question as "whether the Westfall Act's rule against remanding actions removed pursuant to § 2679(d)(2) applies when the federal court determines that the United States should not be substituted as defendant in place of the federal employee." *Id.* at 239. It held that § 2679(d)(2) "categorically precludes a remand to the

state court," *id.* at 243, and called that paragraph "a forum-selecting rule Congress made 'conclusive,' beyond the ken of district courts to revise," *id.* at 244.

But each of those statements rests on what the certificate conclusively establishes, and the statute says what that is: "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." § 2679(d)(2). Scope was the only ground for non-substitution before the Court in *Osborn*, a state-law tort suit in which the district court rejected the certification, denied substitution, and remanded. 549 U.S. at 230–31, 234–35. The Court called the conclusive-scope sentence "[o]f prime importance to our decision." *Id.* at 241. It held that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.* It reasoned that "[w]ere it open to a district court to remand a removed action on the ground that the Attorney General's certification was erroneous, the final instruction in § 2679(d)(2) would be weightless." *Id.* at 242. And it stated the rule in those terms: "By declaring the Attorney General's certification 'conclusive' as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." *Id.* at 243.

The certificate attests that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(2). Challenges to those facts are foreclosed for purposes of removal. The certificate says nothing about whether the action is one "commenced upon such claim." *Osborn*'s statement that "the Attorney General's certificate forecloses any jurisdictional inquiry," 549 U.S. at 243, contrasts the "threshold inquiry" in an ordinary removed case — whether "complete diversity exists or whether the complaint raises a federal question" — with a certified Westfall Act case, in which

the certificate supplies the fact that settles the forum. *Id.* It presupposes a case within § 2679(d)(2), as does each of the Court's statements about "actions removed pursuant to § 2679(d)(2)," *id.* at 239. Whether this action is one is the question this motion presents, and *Osborn* did not decide it. *Osborn* in fact left open whether "removal and substitution under § 2679(d)(2) are limited by a nexus requirement similar to the one that limits removal under § 1442," noting that "the district judge might be called upon to determine" that question. *Id.* at 250 n.14.

*Lamagno* explains why. The Court held the certification reviewable for purposes of substitution, 515 U.S. at 434, on the construction, urged by the petitioners and the Attorney General, that Congress "spoke in discrete sentences in § 2679(d)(2) first of removal, then of substitution," and "made the Attorney General's certificate conclusive solely for purposes of removal, and notably not for purposes of substitution," *id.* at 432. What is conclusive is the certification, and the certification is a finding about scope.

The government will cite *Lamagno*'s explanation that Congress "likely omitted" the remand clause of the Westfall Act's predecessor, the Federal Drivers Act, "because it had decided to foreclose needless shuttling of a case from one court to another . . . ." *Id.* at 433 n.10. That clause required remand if a remedy by suit "is not available against the United States." *Lamagno*, 515 U.S. at 433 n.10 (quoting Act of Sept. 21, 1961, Pub. L. No. 87-258, 75 Stat. 539). *Lamagno* linked the omission to the new Act's making the certificate conclusive for purposes of removal. *Id.* That is the shuttling the certificate forecloses. The omission did not enlarge the class of removable actions, and the same enactment added paragraph (2)(A), placing actions brought for a violation of the Constitution outside paragraph (1) altogether. Pub. L. No.

100-694, §§ 5–6, 102 Stat. at 4564–65. An action outside the removal grant needs no special remand clause; § 1447(c) supplies the vehicle for remand.

The government may cite *Velez-Diaz* for the proposition that the constitutional exception "applies only to paragraph (1) . . . and not to the provision for substitution of the United States '[u]pon certification by the Attorney General,' which appears in § 2679(d)." 421 F.3d at 76; *see Hui v. Castaneda*, 559 U.S. 799, 809 (2010) (§ 2679(b)(2)(A) "by its terms applies only to the specific immunity set forth in '[p]aragraph (1)'"). Mr. Khan agrees that paragraph (2)(A) speaks to paragraph (1). That is the point. Subsection (d) reaches only an action "commenced upon such claim," and paragraph (2)(A) provides that paragraph (1) "does not extend or apply" to this action. In *Velez-Diaz* the complaint pleaded state-law claims, so § 2679(d) applied, and the court held only that pleading constitutional claims alongside them did not bar substitution "with respect to the state law claims." 421 F.3d at 76. The government's contrary reading — that "such claim" means whatever claim a plaintiff pleads about the certified incident — would make § 2679(d)(2) a removal grant for any suit against a federal employee arising from a certified incident. Congress did not write that.

The government may also invoke *Osborn*'s statement that the Attorney General's ability to remove, like a federal officer's under § 1442, should not "be controlled by the plaintiff's allegations." 549 U.S. at 249. That passage concerns the facts bearing on scope — whether the employee "may have been on a frolic of his own," *id.* at 251 — which the certification establishes conclusively for removal. It does not concern the legal character of the action, which § 2679(b)(2)(A) makes turn on what the action "is brought for." Even § 1442 requires "a nexus . . . between the charged conduct and asserted official authority." *Id.* at 250 n.14 (internal

quotation marks omitted) (quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999)). Neither statute authorizes removal of every action in which a federal employee is named.

Even the certificate is careless with the statute. It is made "pursuant to the provisions of 28 U.S.C. § 2679(d)(1)," the paragraph for actions commenced in federal court. ECF No. 1-1 at 2. Its text calls the signer "Acting Director, Torts Branch"; its signature block, "Deputy Assistant Attorney General." *Id.* The certifying power has been delegated to "[t]he United States Attorney for the district where the civil action or proceeding is brought, or any Director of the Torts Branch." 28 C.F.R. § 15.4(a). The certificate invokes "the authority vested in me by 28 C.F.R. § 15.4," *id.*, but describes its signer two different ways; the government should state in which capacity he signed. Mr. Khan raises both points within thirty days of removal so that neither is forfeited. 28 U.S.C. § 1447(c).

**D. The government has not tried to carry its burden.**

The party invoking removal must show that the case belongs here. *CenterMark*, 30 F.3d at 301. The government has not tried. It did not move to substitute; it announced that "the United States is hereby substituted." ECF No. 2 at 1. It filed no memorandum, "[i]n light of" its understanding that "substitution is automatic upon the filing of a scope-of-employment certification." ECF No. 17 ¶ 2. But "[a] request for a court order must be made by motion" that "state[s] with particularity the grounds for seeking the order," Fed. R. Civ. P. 7(b)(1), and in this District a motion involving disputed issues of law "shall be accompanied by a memorandum of law," D. Conn. L. Civ. R. 7(a)1. The government asked for an order dismissing every count against Officer Uccello, ECF No. 2-2, rested it on the certificate, ECF No. 2 ¶¶ 3–4, and did not discuss the provision that decides the question, § 2679(b)(2)(A). It will address that provision, it

says, "for the first time in a reply memorandum," ECF No. 17 ¶ 3 — a month after a removal that provision defeats.

## II. NO ONE WITH A RIGHT TO REMOVE THIS ACTION DID SO IN TIME.

Because § 2679(d)(2) does not reach this action, the removal must rest on another statute, invoked by someone entitled to invoke it, within the time allowed. Nothing in this record meets any of those conditions.

### A. The United States removed an action to which it was a stranger.

Removal belongs to defendants. "It is axiomatic that in the usual case removal can be achieved only by a defendant, who is by implication a party to the state-court action." *Adams v. Adminastar Def. Servs., Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995) (addressing removal under § 1442(a)(1) by the Department of Defense, "a non-party to this action," which sought to substitute the United States), *superseded in part on other grounds by* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 206(a), 110 Stat. 3847, 3850. The removal procedure is written for "[a] defendant or defendants desiring to remove." 28 U.S.C. § 1446(a). Section 1441(a) permits removal "by the defendant or the defendants," and in that provision "the term 'defendant' refers only to the party sued by the original plaintiff, . . . ." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019). Section 1442(a) permits removal of an action against a federal officer "by them." The exceptions are statutes that name the remover. Section 2679(d)(2) is one — removal "by the Attorney General" — but only of an action "commenced upon such claim."

The United States was not a defendant in the action it removed. The Complaint does not name it. No one served it. The Superior Court's docket does not list it; it lists Officer Uccello and the six agents, with the United States Attorney as their counsel. Ex. C at 2. The United States

claims to be a defendant only because, it says, the certificate substituted it automatically. ECF No. 1 ¶ 8; ECF No. 17 ¶ 2. But the certificate does not establish substitution, *Lamagno*, 515 U.S. at 434, and no court has ordered it. Any § 1441 or § 1442 theory resting on the government's claimed status turns on the same question as § 2679(d)(2): if paragraph (1) reaches this action, the removal stands or falls under § 2679(d)(2) and nothing more is needed; if it does not, the United States never became a defendant with a removal right of any kind.

**B. Officer Uccello's time ran out on August 10, and no one used it.**

The § 1442 removal right belonged to the officers sued, and the only one served was Officer Uccello. He did not exercise it, and he no longer can. A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," 28 U.S.C. § 1446(b)(1), and "[e]ach defendant shall have 30 days after receipt by or service on that defendant" to remove, § 1446(b)(2)(B). When the summons and complaint are served together, "the 30-day period for removal runs at once." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

The Second Circuit has confirmed that "a case may be removed pursuant to § 1442 only 'within 30 days' of receipt of the initial pleading," and that "an untimely removal under § 1442 remains subject to objection" from the other parties. *Agyin v. Razmzan*, 986 F.3d 168, 179–80 (2d Cir. 2021). Officer Uccello was served on July 10, 2026. ECF No. 1-4 at 2. His thirtieth day fell on Sunday, August 9, so his time ran through Monday, August 10. Fed. R. Civ. P. 6(a)(1)(C). The notice was filed on August 25 — forty-six days after service. Section 1446(b)(1)'s "30-day deadline cannot be equitably tolled." *Enbridge Energy, LP v. Nessel*, 608 U.S. 67, 84 (2026). And the objection is preserved because this motion raises it within thirty days of the notice: "if an opposing party does not object to an untimely notice of removal by timely filing a motion to

remand, the objection is waived." *Agyin*, 986 F.3d at 182. The six Doe defendants have not been identified or served. Section 2679(d)(2) permits removal "at any time before trial," but only of an action "commenced upon such claim," and this action is not one. *See* Part I, *supra*. No other statute could have authorized a removal by the United States or by Officer Uccello on August 25.

The government cannot plead surprise. On July 31 — with ten days left on Officer Uccello's clock — the United States referred this Court to Mr. Khan's "already-pending case" in "a state court in Connecticut." ECF No. 53 at 8 (No. 3:26-cv-00758). Mr. Khan had said on July 23 that the case would be litigated "through removal under 28 U.S.C. § 1442(a)(1)," ECF No. 42-1 at 18 (No. 3:26-cv-00758), and said again on August 7 that "because a Section 1 suit against federal officers is removable under 28 U.S.C. § 1442(a)(1), *Khan v. Uccello* will be litigated in this courthouse," ECF No. 55 at 6 (No. 3:26-cv-00758). The premise was right: such a suit is removable under § 1442(a)(1) — by the officer, within thirty days of service. *See* 28 U.S.C. §§ 1442(a)(1), 1446(b). No one did it. A description of what a removal statute permits cannot supply a removal that no one timely made. *See Syngenta*, 537 U.S. at 32.

**C. Whom the government represents depends on which court it is in.**

The government may argue that its notice alleged enough to invoke § 1442, ECF No. 1 ¶ 3, and that a failure "to make reference to an applicable removal provision in [a] removal petition is not fatal . . . but instead is merely a technical defect." *Agyin*, 986 F.3d at 181 n.14 (quoting *Mignogna v. Sair Aviation, Inc.*, 679 F. Supp. 184, 187 (N.D.N.Y. 1988)). That rule forgives a mislabel by a party that holds the removal right. It does not turn a stranger's notice under one statute into a defendant's notice under another. And it does not cure untimeliness, which "remains subject to objection" by a timely motion. *Id.* at 179–80. A notice filed for Officer Uccello on August 25 would have been fifteen days late.

Nor was this notice filed for Officer Uccello. Ask the government whom it represents, and the answer depends on the court and the office. In the Superior Court, the United States Attorney appeared for "All Defendants" — Officer Uccello and the six agents — and is still listed as their counsel of record; that court records the case as removed "BY THE DEFENDANT." Ex. A at 2–3; Ex. C at 2–3. In this Court, the Torts Branch lawyers who signed the notice appeared "for Defendant United States of America" and disclaimed him: "Undersigned counsel does not represent defendant Uccello in his individual capacity. Rather, undersigned counsel represents the United States and, by extension, defendant Uccello in his official capacity only." ECF No. 11 at 1 n.1; ECF No. 12 at 1 n.1. Their appearances say nothing about the six agents. The notice itself was given by "The United States," ECF No. 1 at 1, over the signature of "Counsel for Defendant United States of America," *id.* at 3–4 — the same title those lawyers used in the Superior Court, where the United States is not a party at all. Ex. B at 3. The docket text's attribution to "Nicholas J. Uccello (USA)" does not make it his.

The "official capacity" in which counsel claim to represent Officer Uccello does not exist in this case. He is sued only in his individual capacity. Compl. ¶ 4. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of . . . law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A suit against "federal officers in their official capacities is essentially a suit against the United States, . . . ." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). To represent Officer Uccello "in his official capacity only" is to represent the United States by another name. The docket lists Mr. Martin as Officer Uccello's lead counsel, but Mr. Martin's appearance is as "counsel for Defendant United States of America" and disclaims him in the only capacity in which he is sued.

ECF No. 11 at 1 & n.1. No lawyer has appeared in this Court to represent the defendant who was actually sued and served in the capacity in which he was sued.

Yet the government asks the Court to dispose of the claims against him. Its tendered order would dismiss Counts I–III "with respect to defendant Nicholas J. Uccello," ECF No. 2-2 — individual-capacity claims its lawyers say they do not defend — and it now calls him a "former defendant," ECF No. 17 ¶ 1. The government appears for the officers in one court, disclaims Officer Uccello in another, and asks this Court for relief on his behalf.

The Standing Order on Removed Cases asks the questions this record answers badly: when each defendant received and was served with the complaint; "the reasons why" a removal came more than thirty days later; which served defendant did not join the notice, and why; and, "[f]or each party, list the name and firm name of all counsel of record for that party or state that the party is self-represented." ECF No. 10-1 at 1–2 (¶¶ 1–2, 4–6). The government declined to answer, on the ground that this case "was removed under 28 U.S.C. § 2679(d)(2)." ECF No. 13 at 1. It cited "paragraph 6 of the standing order" only to report on pending motions. *Id.* Paragraph 6 asks who represents each party. The record answers what the government did not: Officer Uccello was served on July 10; the removal came forty-six days later; he did not join it; and the only counsel the docket lists for him has disclaimed representing him in his individual capacity. ECF No. 11 at 1 n.1. If the government now defends the removal under § 1441, it will do so without the statement the Standing Order required within seven days. ECF No. 10-1 at 1.

The United States knows how to invoke § 1442 when it wishes to. In *Osborn* it removed under § 2679(d)(2) "as well as the federal officer removal statute, § 1442." 549 U.S. at 234; *see id.* at 249 n.13 ("The notice of removal in this case invoked § 1442 as well as § 2679."). It did

not do so here, and its lawyers disclaim representing, in his individual capacity, the one officer who could have.

**D. The notice stands or falls on the one ground it states.**

A notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The United States stated one ground, § 2679(d)(2). ECF No. 1 ¶¶ 4, 8; *see* ECF No. 13 at 1. "In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). In *Lupo*, where the only ground stated in the notice failed, the Second Circuit declined "to permit [the removing defendant] to amend its notice of removal at this juncture (well beyond thirty days after [it] first received [the] complaint, see 28 U.S.C. § 1446(b)) and then remand for a factual hearing," explaining that "[r]emoval procedures seek a rapid determination of the proper forum for adjudicating an action." 28 F.3d at 274. Section 1653 permits amendment of "[d]efective allegations of jurisdiction," 28 U.S.C. § 1653, not the addition of grounds never alleged, *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989) (§ 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves"). "A defendant may not amend its notice of removal after this thirty-day period to remedy a substantive defect in the petition." *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995). *Wyant* refused to let Amtrak add federal-question jurisdiction after the removal period because its notice "asserted only diversity jurisdiction." *Id.* at 924–25; *accord CBS Inc. v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) (a "wholly missing allegation . . . cannot be supplied by amendment after the 30-day period has run"). A notice that names the wrong remover is in no better position than one that names the wrong statute.

Nor does § 1446(b)(3) help. It applies only "if the case stated by the initial pleading is not removable," and the Complaint stated from the first day every fact on which a § 1442 removal could rest: a suit against a named federal officer for acts under color of his office. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148–51 (2d Cir. 2023) (removal untimely where "any basis for federal jurisdiction in Plaintiffs' amended complaint also existed in their original complaint").

Judge Bryant applied these rules to a removal that rested in part on § 2679(d)(2). In *Stark v. Tryon*, 171 F. Supp. 3d 35 (D. Conn. 2016), a federal employee removed a car-accident suit under §§ 1441(a), 1442, and 2679(d)(2). After the FTCA claim fell away, the court declined "to embark on a self-guided quest" for a basis of jurisdiction no party had asserted in the removal period, and it remanded. *Id.* at 36, 40–42. It explained that "delay resulting from new rounds of jurisdictional intrigue would circumvent Congressional intent to resolve forum disputes sooner rather than later." *Id.* at 41.

**E. Section 1441 is unavailable.**

Section 1441(a) permits removal only "by the defendant or the defendants," and the United States is a defendant, if at all, only through the substitution that § 2679(b)(2)(A) forecloses. *See Home Depot*, 587 U.S. at 437. The United States itself has told the Court that this case "was removed under 28 U.S.C. § 2679(d)(2)," not § 1441. ECF No. 13 at 1. A § 1441 removal by Officer Uccello would have been due by August 10, 2026. 28 U.S.C. § 1446(b)(1), (b)(2)(B). None was filed. A removal "solely under section 1441(a)" also requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Officer Uccello, the one defendant served, did neither. And a federal defense, including the Westfall Act defense itself, could not have supported removal

under § 1441: a case "may not be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

## III. REMAND IS REQUIRED UNDER § 1447(c) WHETHER THE DEFECT IS JURISDICTIONAL OR NOT.

The Court need not decide how to classify the defect, because the result is the same either way, and Mr. Khan asks that any order of remand rest on both grounds.

Because § 2679(d)(2) does not reach this action and no other statute supports its removal, "it appears that the district court lacks subject matter jurisdiction," and "the case shall be remanded." 28 U.S.C. § 1447(c). That is *Kircher*'s holding for a removal provision tethered to another provision: when the action falls outside it, "the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it." 547 U.S. at 644. It accords with *Lupo*, where the only ground stated in the notice failed and no other was timely alleged: "we lack subject matter jurisdiction over the present case." 28 F.3d at 274. The Westfall Act question supplies no independent footing. It may make a case one "arising under" federal law in the Article III sense, but "Art. III 'arising under' jurisdiction is broader than federal-question jurisdiction under § 1331," *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 495 (1983). Federal-question jurisdiction exists only through statute. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

If the Court instead viewed the problem as a removal "not authorized by law" in a case over which some source of jurisdiction existed, the result would not change. In *Pierpoint*, the district court "remanded the case based on a timely remand motion because it determined that cases brought under DOHSA are not removable, and thus, that the removal was not authorized by law," and the Second Circuit held that such a remand "falls within the 'defect in removal

procedure' language of § 1447(c)." 94 F.3d at 819. The Circuit treats removal by one with no statutory right to remove — the defect here, *see* Part II.A, *supra* — the same way. In *Hamilton v. Aetna Life & Casualty Co.*, removal by a plaintiff was a defect that "was waived by the failure of Aetna, or the court sua sponte, to raise the matter within 30 days of removal." 5 F.3d 642, 644 (2d Cir. 1993) (per curiam). That is why this motion raises every ground within thirty days of removal, notwithstanding the Court-set deadline of September 28. Congress made the limit strict "to prevent the delay, inefficiency, and unfairness resulting from late-stage, forum-shopping remand motions." *Pierpoint*, 94 F.3d at 817. This motion is none of those things. It is filed on the thirtieth day after the notice of removal, on the schedule the Court set, before any ruling on the merits.

## IV. ONCE SUBSTITUTION IS DENIED, THE COURT SHOULD REMAND UNDER *COHILL* IN ANY EVENT.

The government says the case "remains in federal court in all events." ECF No. 17 ¶ 2. It need not. If the certification carried this action into federal court, a holding that § 2679(b)(2)(A) forecloses substitution resolves the Westfall Act question on which the removal rested, and only the Section 1 counts against the individual officers remain. Those counts rest on a cause of action Connecticut created. That is the only sense in which they would be "state-law claims" for purposes of *Osborn*'s Article III discussion and § 1367; it does not change what they are "brought for" under § 2679(b)(2)(A), because the two inquiries ask different questions. *See* ECF No. 16 at 13–14. In that event, the Court should exercise its discretion to remand.

### A. *Osborn*'s no-remand rule concerns the certification; what follows a ruling on the Act's coverage is discretion.

*Osborn*'s Article III analysis rested on that discretion:

> Because a significant federal question (whether Haley has Westfall Act immunity) would have been raised at the outset, the case would "aris[e] under" federal law, as that term is used in Article III. . . . Even if only state-

> law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–351 (1988) (when federal character of removed case is eliminated while the case is *sub judice*, court has discretion to retain jurisdiction, to remand, or to dismiss) . . . .

549 U.S. at 244–45 (citation omitted). *Carlsbad* confirmed what kind of discretion that is. Holding that a district court's decision whether to exercise supplemental jurisdiction "after dismissing every claim over which it had original jurisdiction is purely discretionary," the Court cited that sentence of *Osborn* as authority. 556 U.S. at 639–40. The discretion runs to remand as well as to dismissal. *Cohill*, 484 U.S. at 351. And the Court has since described the usual result: when only state-law claims remain, "federal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025).

The government will answer with the same paragraph of *Osborn*, which refers to "the Westfall Act's command that a district court retain jurisdiction over a case removed pursuant to § 2679(d)(2)." 549 U.S. at 245. But the Court gave a reason for retention: "'[c]onsiderations of judicial economy, convenience and fairness to litigants,' *Gibbs*, 383 U.S., at 726, make it reasonable and proper for a federal court to proceed to final judgment, once it has invested time and resources to resolve the pivotal scope-of-employment contest." *Id.* That is the language of *Gibbs* and *Cohill* — a weighing, not a rule — and its premise is a scope contest. The command the Court enforced came from the conclusive-scope clause, which bars remand "on the ground that the Attorney General's certification was unwarranted." *Id.* at 241. A ruling that § 2679(b)(1) does not reach this action is not such a ground; it leaves the certification conclusive as to scope and the removal where *Osborn* placed it. The Court itself confined its holding to "the extraordinary case in which Congress has ordered the intercourt shuttle to travel just one way —

from state to federal court . . . ." *Id.* at 244. And when a removing party argued in *Cohill* that the removal statute's silence barred remand of properly removed pendent claims, the Court answered: "We do not dispute that Congress could set a limitation of this kind on the federal courts' administration of the doctrine of pendent jurisdiction. But Congress has not done so, expressly or otherwise, in the removal statute." 484 U.S. at 354. The Westfall Act's one express limitation is the conclusive-scope clause, and a remand after a ruling honors it.

At least one court has read *Osborn* this way. In *Kelly v. Shipley*, the court reasoned that *Osborn*'s economy rationale "is inapplicable where, as here, the United States is dismissed before any litigation over the scope-of-employment question," and asked whether any independent basis of jurisdiction remained. *Kelly v. Shipley*, No. 22-1880, 2022 U.S. Dist. LEXIS 162669, at *6 (E.D. La. Sept. 9, 2022) (denying remand without prejudice pending a stipulation on the amount in controversy); *see id.*, ECF No. 12 (Oct. 24, 2022) (remanding after the stipulation). In candor, other courts have read *Osborn* to require retention when a scope certification is rejected. *See Taite v. Morin*, 521 F. Supp. 2d 141, 144 (D.N.H. 2007) (retaining a case in which "the merits of the state law claim ha[d] already been determined"); *Steele v. Meyer*, 964 F. Supp. 2d 9, 15–16 (D.D.C. 2013) (stating that "the Westfall Act commands that the district court retain jurisdiction over the removed case"). Those were scope cases, the posture *Osborn* addressed, and neither weighed the *Cohill* factors.

**B. No independent basis of original jurisdiction supports Counts I–III.**

This alternative presupposes that the Court's jurisdiction over the Section 1 counts would be supplemental; jurisdiction "which is not discretionary" cannot be declined. *Cohill*, 484 U.S. at 356; *see Carlsbad*, 556 U.S. at 640. No party invoked § 1331 in a timely notice of removal, and courts in this District decline to consider a basis of jurisdiction the removing party did not assert

in the removal period. *Stark*, 171 F. Supp. 3d at 40–42. Counts I–III do not arise under federal law in any event.

"A suit arises under the law that creates the cause of action." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Connecticut created this one, and the Complaint says so: "This action arises under Section 1 of Substitute Senate Bill No. 397, Public Act No. 26-14 . . . ." Compl. ¶ 2. The United States agrees; it calls the counts "state law claims" that "arise under Connecticut law." ECF No. 2 at 1–2 & ¶ 1. Section 1(c)'s instruction that courts construing the statute "shall be guided by interpretations given by federal and state courts to 42 USC 1983" does not make it federal. Connecticut's Unfair Trade Practices Act uses the same device, directing that courts "shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act," Conn. Gen. Stat. § 42-110b(b), and no one supposes that a CUTPA claim arises under federal law.

The only other route is the "special and small category" of state-law claims, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006), whose federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress," *Gunn*, 568 U.S. at 258; *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Assume the first two. The last two fail.

*Substantiality.* The inquiry "looks . . . to the importance of the issue to the federal system as a whole"; "it is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. A substantial issue is one whose resolution "would be controlling in numerous other cases," not one that is "fact-bound and situation-specific." *Empire*

*Healthchoice*, 547 U.S. at 700–01. The Second Circuit applies that line strictly: "a substantial federal issue typically exists only in those exceptional cases that go beyond the application of some federal law raised in connection with state-law claims and instead implicate broad consequences to the federal system or the nation as a whole." *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 115–16 (2d Cir. 2024); *see also Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 913 (2d Cir. 2024) ("most federal law questions raised in connection with state law claims will not be deemed substantial" (quoting *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1029 (2d Cir. 2014))).

The federal issues in Counts I–III are fact-bound by design. Whether force was reasonable "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989). So do whether a particular seizure was reasonable and whether particular officers retaliated against particular petitioning. No answer to those questions would govern other cases, and none calls into question the validity of any federal statute, regulation, or program. State courts apply the same standards every day in § 1983 actions against state and local officers, *see Haywood v. Drown*, 556 U.S. 729, 735 (2009), and the same analysis governs federal officers, *Graham*, 490 U.S. at 394 n.9.

*The federal-state balance.* The fourth requirement asks whether a federal forum can be provided "without disturbing any congressionally approved balance of federal and state judicial responsibilities," *Grable*, 545 U.S. at 314, considering "the nature of the claim, the traditional forum for such a claim, and the volume of cases that would be affected," *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 146 (2d Cir. 2021) (quoting *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 316 (2d Cir. 2016)). Congress has struck that balance for suits against federal officers through § 1442, not § 1331. "It is the general rule that an action may

be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit," and under that rule "an anticipated or actual federal defense generally does not qualify a case for removal." *Acker*, 527 U.S. at 430–31. "Suits against federal officers are exceptional in this regard. Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Id.* at 431. Section 1442 is "a pure jurisdictional statute" that "merely serves to overcome the 'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged." *Mesa v. California*, 489 U.S. 121, 136 (1989). It supplies a federal forum on two conditions: the officer must invoke it within thirty days, 28 U.S.C. § 1446(b), and he must aver a colorable federal defense, *Mesa*, 489 U.S. at 139. If every state-law claim that pleads a federal officer's constitutional violation arose under § 1331 of its own force, those conditions would mean nothing in the very class of cases in which the officer's interest in a federal forum is greatest. The Westfall Act points the same way. Congress gave the district courts "exclusive jurisdiction" of FTCA actions against the United States, 28 U.S.C. § 1346(b)(1), and required certified actions to proceed as such actions, § 2679(d)(4). For the actions it preserved against employees in § 2679(b)(2)(A), it said nothing about forum. Congress knew how to reserve a federal forum and did not.

Nor can the officers' federal defenses supply what the Complaint lacks. A case "may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. The one statute that lets a federal defense carry a case into federal court is § 1442, and no one invoked it.

*City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997), is not to the contrary. The actions there carried "federal constitutional claims, which turn exclusively on federal law," *id.* at 164, challenging the validity of municipal ordinances and administrative proceedings — questions of law with effects beyond the parties, decided before *Grable* and *Gunn* refined the substantiality requirement. Nothing in it places a fact-bound claim that particular officers used unreasonable force within the "special and small category," *Empire Healthchoice*, 547 U.S. at 699.

**C. Every *Cohill* consideration favors remand.**

In weighing "judicial economy, convenience, fairness, and comity," the Court "is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350 n.7). The Court must weigh the factors "meaningfully." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85–86 (2d Cir. 2018). Each points the same way.

*Economy.* The case is at its threshold. No discovery has been taken, no merits motion is pending, and no scope contest has occurred. The dispositive question is one of statutory construction, decided on the papers. *Cf. Kolari*, 455 F.3d at 123 (claims "eliminated on a motion to dismiss, prior to the investment of significant judicial resources"). "When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Cohill*, 484 U.S. at 351. The Court's one investment, its ruling on the Westfall Act, loses nothing on remand; the remand order can recite it.

*Convenience and fairness.* Mr. Khan chose the Superior Court and has changed nothing since; the Complaint stands as filed on July 10, 2026, so there has been no forum manipulation. *See Cohill*, 484 U.S. at 357. A plaintiff whose state-court suit was removed has the stronger fairness claim. *See Seabrook v. Jacobson*, 153 F.3d 70, 73 n.3 (2d Cir. 1998). The defendants had a federal path and let it lapse: § 1442 was open to Officer Uccello from July 10 to August 10. Once that deadline passes, "plaintiffs that sue in state court usually can be confident that . . . the forum question has been put to rest and the case will proceed in the chosen court." *Enbridge*, 608 U.S. at 79-80. No lawyer representing a defendant in the capacity in which he was sued has asked this Court for anything; the party seeking a federal forum is the United States, whose lawyers disclaim the officer in his individual capacity. The officers keep every defense federal law affords. P.A. 26-14, § 1(c). State courts "have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States," *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990); the Supremacy Clause binds them, *Howlett v. Rose*, 496 U.S. 356, 371 (1990); and a state judgment resolving a federal question is reviewable in the Supreme Court, 28 U.S.C. § 1257(a). Nor does a generalized interest in a federal forum for federal officers call for retention. *Kolari* held that a district court exceeded its discretion when it retained state-law claims on the strength of federal policy concerns "[i]n the absence of a clearly articulated federal interest and without any other consideration of the *Cohill* factors." 455 F.3d at 123. The federal interest here is an officer's interest in a federal forum, and the vehicle Congress built for it is § 1442, which went unused. Finally, the United States calls these counts "state law claims." ECF No. 2 at 1–2. If that is what they are once the Westfall Act is out of the case, they belong in a Connecticut court.

*Comity*. Here the balance is heaviest. Section 1 was enacted this year. To counsel's knowledge no Connecticut court has construed it, and this is the first action brought under it. Its application will present questions of Connecticut law of first impression: how Section 1(c)'s directive that "federal officers or employees shall be immune to the same degree as an equivalent state officer or employee" applies to a federal immigration officer; what Section 1(b)'s punitive-damages and fee provisions require; how far Section 1(c)'s instruction to be "guided by" § 1983 decisions extends; and whether Section 1 reaches conduct that preceded its enactment. Mr. Khan told this Court in July that "[w]hether and how Section 1 reaches his claims is a question for the Superior Court in the first instance." ECF No. 42-1 at 20 (No. 3:26-cv-00758). The United States, opposing his intervention, relied on the premise that "the issue as to statutory scope must be decided by another court." ECF No. 53 at 9 (No. 3:26-cv-00758). "Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Seabrook*, 153 F.3d at 72. The Second Circuit has "repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims." *Kolari*, 455 F.3d at 124; *see Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 154–56 (2d Cir. 2013) (district court should have declined a claim that required it to interpret a state statutory scheme "as a matter of first impression"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305–08 (2d Cir. 2003). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726; *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997) (a federal

court "risks friction-generating error when it endeavors to construe a novel state Act not yet reviewed by the State's highest court").

*Remand, not dismissal.* The discretion runs to remand, and remand is the better course. Dismissal would force the parties "to refile their papers in state court, at some expense of time and money," and the state court "to reprocess the case." *Cohill*, 484 U.S. at 353. "Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed." *Valencia*, 316 F.3d at 308.

## V. THE GOVERNMENT'S OTHER OBJECTIONS DO NOT CHANGE THE RESULT.

### A. The Court's statement in the related action.

In denying intervention, the Court observed that "[t]o the extent Mr. Khan seeks to defend his right to pursue the claims asserted in *Khan v. Uccello* under Section 1 of SB 397, the proper forum to do so is in that action, not this one." ECF No. 58 at 5–6 (No. 3:26-cv-00758). Remand is consistent with that. The Court identified an action, not a courthouse: *Khan v. Uccello*, which Mr. Khan commenced in the Superior Court and the United States removed two days before the Court wrote. Remand returns that action to the court in which it was filed.

### B. The Doe defendants.

No certificate addresses Defendants Does 1–6. ECF No. 1-1 at 2; ECF No. 16 at 27. The United States Attorney appeared for them in the Superior Court, Ex. A at 2–3, but the notice of removal refers to them only as "et al.," ECF No. 1 at 1, the docket does not list them as parties, and no lawyer has appeared for them here. The claims against them are individual-capacity claims under Connecticut law over which the Court has no original jurisdiction, and the reasons for remand apply to them in full.

## VI. THE COURT SHOULD DECIDE THIS MOTION TOGETHER WITH THE MOTION TO SUBSTITUTE.

This motion and the Motion to Substitute turn on the same question: whether this action is "brought for a violation of the Constitution of the United States," § 2679(b)(2)(A). The Court necessarily decides that question in deciding whether it may proceed; its "adjudicatory power is simply its authority to determine its own jurisdiction to deal further with the case." *Kircher*, 547 U.S. at 644. Deciding the motions together avoids piecemeal rulings and delay. *See* ECF No. 14 (deferring pre-filing letters until "after the motion to remand, if any, is resolved").

If the Court agrees with Mr. Khan on that question, it should deny substitution and remand. The government has told the Superior Court that the United States "has been substituted as the defendant in this matter." Ex. B at 2. The remand order should correct that record. It should state that the Motion to Substitute Party is denied because § 2679(b)(1) does not extend or apply to this action, that no substitution has occurred as to any defendant, and that the action is remanded with the Complaint as filed on July 10, 2026; and it should direct the Clerk to mail a certified copy to the clerk of the Superior Court. 28 U.S.C. § 1447(c). Mr. Khan does not seek costs or fees.

## CONCLUSION

The Court should hold that this action is "a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States," 28 U.S.C. § 2679(b)(2)(A), to which § 2679(b)(1) does not extend or apply; that § 2679(d)(2) therefore did not authorize its removal; that no other statute supports it, because the United States was a stranger to the action and Officer Uccello's time to remove expired on August 10, 2026; and that the United States has not been substituted as a party defendant. It should deny the Motion to Substitute Party, ECF No. 2, and remand this action to the Superior Court for the

Judicial District of Hartford, No. HHD-CV26-6228240-S. And if the Court holds that § 2679(d)(2) authorized the removal, it should still deny substitution and remand the action in the exercise of its discretion under *Cohill*. Mr. Khan respectfully requests oral argument.

Respectfully submitted,

/s/ Alexander T. Taubes
Alexander T. Taubes
Fed. Bar No. ct30100
470 James Street, Suite 007
New Haven, CT 06513
Tel: (203) 909-0048
alextt@gmail.com
Counsel for Plaintiff Saifullah Khan