**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br>Plaintiff, | |
| v. | No. 3:26-cv-01365 (VDO) |
| NICHOLAS J. UCCELLO, and SIX UNKNOWN NAMED AGENTS OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (DOES 1–6), each in an individual capacity,<br>Defendants. | October 1, 2026 |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO THE MOTION TO SUBSTITUTE PARTY (ECF NO. 2)**

The government's reply rests on authorities it had to edit. The Westfall Act excepts an action "brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Congress wrote "Constitution." The government reads "*Bivens*." The statute does not say that. The Supreme Court has not said it. The Justice Department did not say it when it testified on the bill. So the reply says it for them. The reply says the Supreme Court "has read § 2679(b)(2)(A) to except only *Bivens* claims." *Id.* at 3 (citing *United States v. Smith*, 499 U.S. 160, 166–67 (1991)). "Only" is the government's word, not the Court's. *Smith* construed subparagraph (B), not (A), and described the (A) category as "a *Bivens* action, seeking damages for a constitutional violation by a Government employee." 499 U.S. at 166–67. And it alters a sentence from *Hui v. Castaneda*—one word deleted, two added, no brackets, no ellipsis—and omits the two sentences before it, where the Court called the provision "an exception for constitutional violations." 559 U.S. 799, 807 (2010).

**I. THE REPLY LEAVES OUT WHAT ITS AUTHORITIES SAY.**

The reply quotes *Hui* for "[t]he Westfall Act's exception for *Bivens* claims." ECF No. 20 at 7 (quoting 559 U.S. 799, 807 (2010)). It omits the two sentences before it, in which the Court

described the provision as "an exception for constitutional violations" and quoted its text: an action "brought for a violation of the Constitution of the United States." 559 U.S. at 807. It also alters the sentence it does quote, deleting "explicit" and inserting "language of," without brackets or ellipses. *Compare* ECF No. 20 at 7, *with* 559 U.S. at 807.

The reply treats the legislative history the same way. Its text reports that the sponsors said the Act "would have no effect on *Bivens* claims." ECF No. 20 at 7. The statement its footnote quotes says more: Senator Grassley said the bill "does not have any effect on the so-called *Bivens* cases or constitutional tort claims," which "can continue to be brought against individual Government officials." *Id.* at 7 n.2 (quoting 134 Cong. Rec. 29,414 (Oct. 7, 1988)). The footnote then quotes the Justice Department's testimony that the bill "is not intended to apply to, cases that allege violations of constitutional rights, or what commonly are known as *Bivens* cases," and replaces the next sentence with an ellipsis. *Id.* That sentence reads: "Persons alleging constitutional torts will, under [the Liability Reform Act], remain free to pursue a remedy against the individual employee if they so choose." *Smith*, 499 U.S. at 182 (Stevens, J., dissenting) (quoting the same testimony). That sentence describes Mr. Khan. He alleges constitutional torts. He has chosen to pursue a remedy against the individual employees. The Justice Department told Congress he would remain free to do so. To tell this Court he is not, it had to take the sentence out.[1]

The reply cites *Black Lives Matter D.C. v. Trump* first for the proposition that the exception does not apply to claims under "a state statute which requires proof of a constitutional violation." ECF No. 20 at 8. The court held the reverse about the District's statute: claims under it fell outside

[1] *Tanzin v. Tanvir* relied on the Act's having "left open claims for constitutional violations" to conclude that damages against federal officials "remain an appropriate form of relief today." 592 U.S. 43, 49 (2020). The reply dismisses that description as "passing dictum," noting that *Tanzin* did not involve "state statutory claims," ECF No. 20 at 12, but neither did *Smith*, 499 U.S. at 166–67, or *Hui*, 559 U.S. at 807, 809–10, on whose descriptions of the exception the reply relies; if *Tanzin*'s description is dictum on that question, so are theirs. (The reply cites *Tanzin* as "592 U.S. 23" and "549 U.S. at 45"; it is reported at 592 U.S. 43.)

the exception because they "do not require [the plaintiff] to plead a constitutional violation as an element," the statute being "broader than the First Amendment in important ways." No. 1:20-cv-01469 (DLF), slip op. at 17–18 (D.D.C. July 4, 2024), ECF No. 234. Its rule—that an action within subparagraph (A) "must require a plaintiff to plead a constitutional violation either as a *Bivens* claim or as part of his cause of action," *id.* at 17—is one every Section 1 claim satisfies. And it left open the question the reply cites it for: the exception "may also apply to statutory or common-law claims that require proof of a constitutional violation as an element." *Id.* at 15; *see id.* at 9.[2]

Its first narrower reading asks whether "a constitutional violation is part of the plaintiff's cause of action." *Id.* at 8 (quoting *Buchanan v. Barr*, 71 F.4th 1003, 1016 (D.C. Cir. 2023) (Walker, J., concurring)). "Although less literal," the court added, "this reading tracks how lawyers ordinarily use the phrase 'action brought for a violation.'" *Id.* Its illustration: a lawyer who "brought" an action against a prison doctor for "violating" her client's Eighth Amendment rights would be expected to have sued under the Eighth Amendment "or perhaps under a statute that creates a private right of action for Eighth Amendment violations," such as § 1983. *Id.* Section 1 is such a statute, P.A. 26-14, § 1(a), and each count of the Complaint is captioned "Deprivation of Rights Secured by the" Fourth or First Amendment, ECF No. 1-3 at 2, 10, 11.

---

[2] *Rise v. Bagshaw*, also cited in the reply, ECF No. 20 at 8 n.3, held that common-law assault and battery fail both the *Bivens*-only and element readings because, "[i]n a prototypical assault and battery case—i.e., one not involving a government actor—a plaintiff will be able to maintain his cause of action without alleging that the defendant violated his constitutional rights." No. 1:24-cv-02388-RCL, slip op. at 28–29 (D.D.C. May 13, 2025), ECF No. 56. It reserved whether a state statute "could come within" the element reading "by implication." *Id.* at 29 n.11. Section 1 comes within it by its terms. *Henry v. Essex County* resolved the issue in a single paragraph applying *Smith*'s description of the exceptions, 499 U.S. at 166–67; the court noted that the plaintiff "offered no counterargument," and one member of the panel declined to join the paragraph. 113 F.4th 355, 364 & n.7 (3d Cir. 2024). *Quiñonez v. United States* likewise rested on *Smith*: "The language in *Smith* is clear to me; if it is not, that is for a higher court to decide." No. 3:22-cv-03195-WHO, slip op. at 5 (N.D. Cal. Aug. 30, 2023), ECF No. 91, *appeal docketed*, No. 25-3386 (9th Cir. May 28, 2025). The statutes in both cases also reach rights secured by state law. N.J. Stat. Ann. § 10:6-2(c); Cal. Civ. Code § 52.1(b)–(c).

*Ward v. Schaefer*, cited "(same for Massachusetts Civil Rights Act claims)," ECF No. 20 at 8, describes the exception the same way: the Westfall Act "does not apply to claims alleging constitutional violations." No. 16-12543-FDS, slip op. at 4 (D. Mass. July 10, 2017), ECF No. 50. The plaintiff there argued that the complaint also alleged a federal due process violation, not that the Massachusetts count fell within the exception. *Id.* The motion to dismiss and to substitute was denied as to "claims for violations of the United States Constitution." *Id.* at 6.

The reply misstates the opposition, too. It says Mr. Khan contends that *Tanzin* "adopted his interpretation," citing "Opp. at 1." ECF No. 20 at 12. Not so. That page quoted *Tanzin*'s one-sentence description of the Act. ECF No. 16 at 4. It says Mr. Khan admits that "his reading of § 2679(b)(2)(B) would defeat the Westfall Act's central purpose," citing "Opp. at 18." ECF No. 20 at 13. His reading concerns (A), and the page cited, ECF No. 16 at 21, says the opposite: that his reading would not "let state legislatures nullify the Westfall Act."

## II. SECTION 1 IS MODELED ON, AND READ LIKE, § 1983.

The reply's premise is that Section 1 claims are "brought for a violation of state law" because state law "create[s] both liability and a remedy," and that statutes like Section 1 "remain creatures of state law in all respects, despite their constitutional gloss." ECF No. 20 at 10–11. That premise fails for § 1983: Section 1 of the Civil Rights Act of 1871, now § 1983, "served only to ensure that an individual had a cause of action for violations of the Constitution," so "one cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). The same

is true of Connecticut's Section 1, whose construction is to be "guided by interpretations given by federal and state courts to 42 USC 1983." P.A. 26-14, § 1(c).[3]

Nor is a Section 1 claim "little different in practice from a state-law assault claim." ECF No. 20 at 13. Assault requires no constitutional violation, *Rise*, slip op. at 29; a Section 1 claim requires one, and force that does not violate the Constitution states no Section 1 claim at all. And a State cannot bring a tort within the exception by "creatively codifying" it, ECF No. 20 at 13: the element that distinguishes a Section 1 claim is defined by federal law, and defendants keep "any applicable immunities or defenses under federal or state law," P.A. 26-14, § 1(c). For such claims, Congress decided "not to substitute the Government as defendant in suits seeking damages for constitutional violations." *Ziglar v. Abbasi*, 582 U.S. 120, 134 (2017).[4]

## III. THE CLAIMS AGAINST DOES 1–6 ARE UNAFFECTED.

The reply now calls Does 1–6 "fictitious parties against whom no claims can proceed." ECF No. 20 at 3 n.1. It cites nothing for that proposition, and its own authority contradicts it: *Day v. Massachusetts Air National Guard* reinstated the state-law claims against "Does 1-8." 167 F.3d 678, 686–87 (1st Cir. 1999).[5] The Does include, on information and belief, the agents who fired Tasers into Mr. Khan and the officers who shackled him, each sued in an individual capacity. ECF No. 1-3 at 3 ¶ 5. The reply concedes that the government has not substituted itself for them and that doing so would not "be appropriate." ECF No. 20 at 3 n.1.

---

[3] The reply does not mention *Chapman*, on which the opposition relied, ECF No. 16 at 10–11, 14, or defend the words the Notice of Substitution added to its description of § 2679(d): "and arising under state law." ECF No. 2 ¶ 3; *see* ECF No. 16 at 22.

[4] The comparison also does not reach the Third Count: retaliation for suing the Secretary of Homeland Security is a wrong only because the First Amendment makes it one. ECF No. 1-3 at 11–12 ¶¶ 30–36.

[5] The reply says the government in *Day* "successfully substituted for individual defendants on all claims." ECF No. 20 at 8. The U.S. Attorney certified three of five named defendants, one without the § 1983 claim; the First Circuit reinstated state-law claims against the rest. 167 F.3d at 680–81 & n.1, 686–87.

Respectfully submitted,

/s/ Alexander T. Taubes

Alexander T. Taubes [Fed. Bar No. ct30100]
470 James Street, Suite 007
New Haven, CT 06513
Tel: (203) 909-0048
alextt@gmail.com
Counsel for Plaintiff Saifullah Khan