**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br>Plaintiff,<br>v.<br>NICHOLAS J. UCCELLO, *et al.*,<br>Defendants. | Civil Action No.: 3:26-cv-01365<br>Judge: Hon. Vernon D. Oliver<br>Magistrate Judge: |

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

Defendant United States of America ("United States") respectfully submits this memorandum in opposition to Plaintiff's Motion to Remand, ECF No. 18. Contrary to Plaintiff's assertions, the United States properly and timely removed Plaintiff's state-law claims to federal court under the Westfall Act by filing a scope of employment certification and a notice of removal. The Westfall Act's removal provision explicitly states that certification "conclusively" establishes scope of employment "for purposes of removal," 28 U.S.C. § 2679(d)(2). Moreover, the Supreme Court holds that certification "categorically precludes a remand to the state court." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). In the face of this decisive language, Plaintiff asks this Court to divine an exception to § 2679(d)(2)'s categorical bar against remanding cases back to state court under the novel theory that state-law claims that are purportedly brought for a violation of the Constitution are somehow excepted from § 2679(d)(2)'s prohibition against remand. No court has recognized this exception. It is foreclosed by the statutory text and the Supreme Court's unambiguous pronouncements prohibiting remand. This Court should decline to be the first to adopt such an exception. It should rely on the Westfall Act and binding precedent to deny the remand motion.

## ARGUMENT

### I. The Attorney General's Scope of Employment Certification Is Conclusive for Purposes of Removal.

The Westfall Act's removal provision states, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place

in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2). Once such certification is made, it "shall conclusively establish scope of office or employment for purposes of removal." *Id*. In other words, once the Attorney General or his designee files the certification, the sole condition for removal jurisdiction under the Act is satisfied, and the certification remains conclusive as to the only jurisdictional requirement—scope of employment.

For that reason, the Supreme Court has interpreted the Westfall Act's removal provision in unequivocal terms: "Once the Attorney General certifies scope of employment, triggering removal of the case to a federal forum, § 2679(d)(2) renders the federal court *exclusively competent* and *categorically precludes a remand to the state court*." *Osborn*, 549 U.S. at 229 (emphasis added). The Second Circuit has followed suit. *See Carroll v. Trump*, 148 F.4th 110, 113 (2d Cir. 2025) ("Certification is conclusive for purposes of the removal to federal court, but the question of substitution is subject to judicial review."). In addition to the statutory text, these courts' binding interpretation of § 2679(d)(2) finds support in the purpose of § 2679(d)(2), which was "to 'foreclose needless shuttling of a case from one court to another.'" *Osborn*, 549 U.S. at 242 (quoting *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 433 n.10 (1995)).

Here, there is no dispute that Plaintiff's case was initially filed in Connecticut state court, a Director of the Department of Justice's (DOJ) Torts Branch[1] certified that Officer Uccello was acting in the scope of his employment, and the case was removed to federal district court. Consequently, removal was proper. Plaintiff's bid for remand, which would needlessly (and without authority) shuttle the case back to state court, is contrary to the statutory text and should be rejected.

[1] Under 28 C.F.R. § 15.4, "any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."

**A. The Statutory Text Refutes Plaintiff's Arguments for Remand.**

Plaintiff contends that remand is barred only for challenges to scope of employment, not for challenges based on the theory that substitution is legally unavailable on certain types of claims, including claims falling under § 2679(b)(2). *See* ECF No. 18-1, Mem. in Support of Mot. to Remand ("Rem. Mot.") at 8-18. But again, § 2679(d)(2) specifies that the Attorney General's certification that the employee was acting in the scope of his employment is the sole prerequisite for removal. It does not authorize remand based on arguments about the applicability of § 2679(b)(2)—or any post-certification remand for that matter. Consequently, § 2679(d)(2) does not, as Plaintiff supposes, set any additional conditions on removal, such as a showing that the Act's exclusivity provision is applicable or that § 2679(b)(2) is inapplicable. Indeed, the certification need not conclusively establish that § 2679(b)(2) is inapplicable. That the certification does not conclusively establish § 2679(b)(2)'s inapplicability simply has no effect on the federal court's exclusive and mandatory jurisdiction under the Act.

Relatedly, Plaintiff argues that, because § 2679(b)(2) takes his claims entirely outside the scope of the Westfall Act and the FTCA, it is a defect different, and more fundamental, than a simple improper substitution, thereby permitting remand. *See* Rem. Mot. at 8-13. But the same could be said of a finding that the employee acted outside the scope of employment, for which remand is indisputably unavailable. The absence of scope, too, would take a plaintiff's claim entirely outside the reach of the Westfall Act and the FTCA because a claim is actionable under the FTCA only if it arises from the conduct of a federal employee "while acting within the scope of his office or employment," 28 U.S.C. § 1346(b)(1), and the same limitation applies to the Westfall Act's exclusivity and substitution provisions, *see* 28 U.S.C. § 2679(b)(1); *id.* §§ 2679(d)(1)-(d)(2). Nonetheless, even where an erroneous scope certification leaves the relevant

claim entirely beyond the ambit of the FTCA and the Westfall Act (at least by Plaintiff's reasoning), remand is unavailable. *See* 28 U.S.C. § 2679(d)(2); *Osborn*, 549 U.S. at 231. It follows that remand is also unavailable where the plaintiff's claim allegedly falls beyond the ambit of those statutes for other reasons, such as the applicability of § 2679(b)(2).

Indeed, under § 2679(d)(2), courts have exercised mandatory jurisdiction based on the certification even after rejecting substitution on grounds other than whether the individual's conduct fell within the scope of his or her employment. *See Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891-97 (7th Cir. 2007) (in case involving HHS certification under 42 U.S.C. § 233 and jurisdiction under 28 U.S.C. § 2679(d)(2) based on Attorney General's certification, retaining jurisdiction even though it was undisputed that defendant was discovered to not be a federal employee subject to those statutes); *Carroll v. Trump*, 498 F. Supp. 3d 422, 427 (S.D.N.Y. 2020) (rejecting substitution, in a ruling later overturned on appeal, on ground that President was not an "employee" of the government within meaning of Westfall Act and fell outside the reach of the Act, but retaining jurisdiction because "[f]or reasons that will appear, that certificate [of scope of employment filed by the Attorney General] — whether it is right or wrong — conclusively authorized the removal of the case, and no one claims otherwise"), *rev'd on other grounds*, 49 F.4th 759 (2d Cir. 2022).[2]

[2]Plaintiff notes that, in an unpublished decision from an out-of-circuit district court, the case was remanded after the United States' unchallenged certification was accepted and the claims against the government and the federal employees were dismissed, so that only non-federal parties and claims remained. *See* Rem. Mot. at 29 (citing *Kelly v. Shipley*, 2022 U.S. Dist. LEXIS 162669, at *6 (E.D. La. Sept. 9, 2022)). Not only is that situation not presented here, but, as Plaintiff acknowledges, other district courts, including one within the Second Circuit, have held that *Osborn* requires retention of jurisdiction post certification even in that circumstance. *See White-Manning v. Brewer*, 2022 U.S. Dist. LEXIS 81214, at *3-8 (W.D.N.Y. May 3, 2022); *Kebaish v. Inova Health Care Servs.*, 731 F. Supp. 2d 483, 485-88 (E.D. Va. 2010).

### B. The Statute's Structure and Purpose Refute Plaintiff's Theories.

The structure of the Westfall Act provides further reason to reject Plaintiff's novel legal theory. Under § 2679(d)(3), "[i]n the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." In such cases, "[i]f . . . the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." *Id*. The language of § 2679(d)(3) reinforces the fact that Congress intended federal court to be the exclusive forum for claims in which the Attorney General has certified scope of employment. If it intended otherwise, Congress would have used similar language in § 2679(d)(2) to expressly provide that a court's rejection of the Attorney General's certification, like its rejection of the individual's petition, would result in remand. However, Congress made the policy choice to keep claims in which the Attorney General had issued a scope of employment certification in federal court. *See Osborn*, 549 U.S. at 240-42 (explaining that the contrast between subsections (d)(2) and (d)(3) demonstrates that post-certification remand is unavailable under subsection (d)(2)). Given this policy choice, the statutory text, and precedent, it is unsurprising that Plaintiff fails to cite a single case holding that the alleged application of § 2679(b)(2) to a claim exempts it from § 2679(d)(2)'s prohibition against remand.

The statute's purpose, like its text, also weighs against Plaintiff's proposed remand. As noted, the statute precludes post-certification remand because it is an anti-shuttling provision designed to avoid jurisdictional litigation and to prevent needless or wasteful transfers back and forth between federal and state court. *See Lamagno*, 515 U.S. at 433 n.10. Like a scope challenge, Plaintiff's proposed remand based on the alleged application of § 2679(b)(2) yields exactly what

the statute is designed to prevent—litigation over whether removal jurisdiction exists and transfers back and forth between federal and state court. For that reason, Plaintiff's vision of § 2679(b)(2) as an anti-shuttling provision that nonetheless allows for selective shuttling runs contrary to logic and to Congress's intent.[3]

**C. Plaintiff's Bid for Remand Is Contrary to Precedent.**

Moreover, Supreme Court precedent rejects one of the necessary premises of Plaintiff's argument. Under Plaintiff's baseless theory, a claim must both fall *within* the scope of employment and *outside* the scope of § 2679(b)(2) to preclude remand, and any unauthorized substitution—whether because of a lack of scope or the application of an exception—invariably invalidates removal. But the Supreme Court has rejected this principle outright and, with it, the essential premise of Plaintiff's theory. The Court has explained that, because removal, as opposed to substitution, requires only that the Attorney General file a scope certification, the case remains in federal court even after the certification is stricken based on a finding that the defendant employee did not, in fact, act within the scope of employment. *See Osborn*, 549 U.S. at 241-42. Thus, *Osborn* refutes Plaintiff's theory that a fatal defect in substitution authorizes remand.

Plaintiff's suggestion that *Osborn* itself authorizes remand for substitution defects unrelated to the issue of scope of employment, Rem. Mot. at 2 (quoting *Osborn*, 549 U.S. at 245), lacks merit. The Supreme Court never said that district courts retain discretion to remand § 2679(d)(2) cases based on substitution defects unrelated to scope. To the contrary, the Court broadly "h[e]ld that the Attorney General's certification is conclusive for purposes of removal,

[3] The legislative history, like the statutory text, confirms that Congress made certification the sole prerequisite for removal under § 2679(d)(2) and hence intended to prevent any shuttling after certification. As the House Judiciary Committee report explained, substitution would occur "whenever the Attorney General determines that the act or omission alleged to have caused the claimant's injuries was within the scope of the employee's office or employment," and "[o]nce made, *this determination* also would *require* that any case filed in State court be removed to a Federal district court." H.R. Rep. No. 100-700, at 9 (1988) (emphases added).

i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Id*. at 231.

In the dicta Plaintiff miscites, the *Osborn* Court addressed a question left open by *Lamagno*: "whether Article III permits treating the Attorney General's certification as conclusive for purposes of removal but not for purposes of substitution." *Id*. at 244 (internal quotation marks, punctuation, and citation omitted). The Court observed that, "[b]ecause a significant federal question (whether Haley has Westfall Act immunity) would have been raised at the outset, the case would 'aris[e] under' federal law, as that term is used in Article III." *Id*. at 245. As a matter of the constitutionality of the statute—not, as Plaintiff here claims, the scope of jurisdiction under the statute—the Court noted that, "[e]ven if only state-law claims remained after resolution of the federal question, the District Court would have discretion, *consistent with Article III*, to retain jurisdiction," citing a variety of cases which dealt with pendent jurisdiction for Article III purposes rather than jurisdiction under § 2679(d)(2). *Id*. (emphasis added). The Court reiterated, however, that this constitutionally legitimate form of statutory jurisdiction was mandatory rather than discretionary under § 2679(d)(2), saying, "Thus, under the precedent that guides us, the Westfall Act's *command* that a district court *retain jurisdiction* over a case removed pursuant to § 2679(d)(2) does not run afoul of Article III." *Id*. (emphases added).[4]

Similarly, Plaintiff's assertion that the *Osborn* Court did not mean what it said about the general unavailability of remand because the particular remand motion there did not address § 2679(b)(2) is of no moment. *See* Rem. Mot. at 14-15. The Supreme Court did not frame the

[4] Plaintiff tries to explain away this and other statements in *Osborn* by suggesting that they are limited to circumstances described in other cases cited in the *Osborn* opinion, including the cases cited or quoted to support the proposition that mandatory § 2679(d)(2) jurisdiction is constitutionally permissible for the same reasons as discretionary pendent jurisdiction. *See* Rem. Mot. at 17, 27-29. But *Osborn* simply does not say that. Nor is there any logical reason to think that, by citing certain case law, the Supreme Court intended to announce some limitation on its holding that it did not express. *Osborn* means what it says: the certification "categorically precludes a remand to the state court." *Osborn*, 549 U.S. at 229.

question before it as arising solely from scope-related challenges to substitution, instead broadly stating the question as "whether the Westfall Act's rule against remanding actions removed pursuant to § 2679(d)(2) applies when the federal court *determines that the United States should not be substituted* as defendant in place of the federal employee." *Osborn*, 549 U.S. at 239 (emphasis added). The Court answered that question in the affirmative, concluding, without qualification, that "[f]or purposes of establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." *Osborn*, 549. U.S. at 242. Declining to limit its analysis to scope defects, the Court grounded its analysis in the principle that also controls here: certification is the sole prerequisite for removal jurisdiction under § 2679(d)(2), and no remand can occur after certification, regardless of the validity of the substitution.

The Court underscored the certification's role as the sole and conclusive jurisdictional requirement, observing that "the Attorney General's certificate forecloses *any* jurisdictional inquiry." *Id*. at 243 (emphasis added). Thus, the Court unequivocally stated, "Section 2679(d)(2) is operative when the Attorney General certifies scope of employment . . . [and] renders the federal court *exclusively* competent and *categorically* precludes a remand to the state court." *Id*. at 243 (emphases added). Emphasizing the breadth of its analysis, the Court indicated that its ruling applied whenever the certification was generally "erroneous," *id*. at 242 or "unwarranted," *id*. at 241, not just when the certification was inaccurate as to scope. Given the Supreme Court's repeated, broad, and emphatic pronouncements that post-certification remand is prohibited, regardless of the asserted grounds for remand, Plaintiff's claim that *Osborn* was a one-off case confined to its facts is baseless.[5]

[5] In addition, while Plaintiff suggests *Osborn*'s facts indicate its holding applies only where the Attorney General issues a scope certification for conduct which assertedly fell outside the scope of the employee's employment, *Osborn* did not deal with such a limited or conventional challenge to substitution. In *Osborn*, the district court found that certification was invalid, not because the employee was acting outside the scope of employment at the time the

**D. 28 U.S.C. § 1447(c) Does Not Authorize Remand in a Westfall Act Case.**

Unable to find support for remand in the Westfall Act, Plaintiff invokes a separate statutory provision, 28 U.S.C. § 1447(c), to attempt to justify remand. *See* Rem. Mot. at 17. But § 1447(c) is limited to cases in which a notice of removal was filed "under [28 U.S.C.] section 1446(a)," not, as here, where the notice was filed under 28 U.S.C. § 2679(d). *See Thomas v. Global Vision Prods*., 2009 U.S. Dist. LEXIS 27486, at *2 (N.D. Cal. Mar. 20, 2009) ("By its terms, 28 U.S.C. § 1447(c) applies only to removals made pursuant to §1446(a)."). Even if § 1447(c) were not so limited, the more specific statute applicable to Attorney General certified cases, 28 U.S.C. § 2679(d)(2), would apply and bar post-certification remand. *Cf. Osborn*, 549 U.S. at 244 (rejecting the claimed applicability of 28 U.S.C. § 1447(d) to appellate review of remand and applying § 2679(d)(2) because, "of the two antishuttling commands, § 1447(d) and § 2679(d)(2), only one can prevail," and "§ 2679(d)(2) controls" insofar as it is "[t]ailor-made for Westfall Act cases," as "§ 2679(d)(2) is a forum-selecting rule Congress made conclusive, beyond the ken of district courts to revise") (internal quotation marks and citation omitted).

**E. Plaintiff's Meritless Challenge to Substitution Cannot Justify Remand.**

Plaintiff devotes much of his remand motion to repeating his argument that because his claims are "brought for a violation of the Constitution," they exist outside the Westfall Act's scope. *See* Rem. Mot. at 13-18. This argument is misguided for several reasons. First, as the United States

---

relevant events occurred, but rather because the employee and the government denied the events happened altogether. *See Osborn*. 549 U.S. at 235-36. In that court's view, much like Plaintiff's here, there was a categorical impediment to substitution aside from the issue of out-of-scope conduct; while the certification and substitution would have been proper if the government had asserted that the conduct as pled by the plaintiff fell within the scope of employment, the substitution was supposedly improper when the United States denied the existence of the events central to the claim, regardless of whether the individual defendant acted in the scope of employment. *See Osborn*, 549 U.S. at 236. *Osborn*, then, addressed an alleged defect in the substitution based not only on the issue of scope, *per se*, but rather on a supposed additional prerequisite to removal, i.e., that the certification must rest on acceptance of the facts pled in the complaint. Yet, even though the alleged defect in substitution and removal was not strictly based on scope of employment, the Supreme Court held that remand was unavailable. *See id*. at 231, 241-43. The result should be the same here.

explains in its Reply Memorandum in Further Support of Its Notice of Substitution, *see* ECF No. 20, Plaintiff's lawsuit is not brought for a violation of the Constitution as the term is used in § 2679(b)(2)(A). Rather, it is predicated on state law—Connecticut's Substitute Senate Bill No. 397, Public Act No. 26-14 ("SB 397"). Unlike claims brought "for a violation of the Constitution," *i.e.*, *Bivens* claims, SB 397 relies on state law to create both liability and a remedy against individual officers because the state legislature crafted it, as a matter of state policy, to borrow federal constitutional standards and add federal and state color-of-law requirements, thereby defining a violation of state law.

Such state-law claims fall precisely within the scope of the Westfall Act. Passed in response to the Supreme Court's holding in *Westfall v. Erwin*, 484 U.S. 292 (1988), the Westfall Act made filing suit against the United States under the Federal Tort Claims Act (FTCA) the sole remedy for injuries caused by the negligence or wrongdoing of any federal employee "while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Despite this expansive mandate, Congress adopted § 2679(b)(2)(A) to carve out an exception for claims brought for a "violation of the Constitution." However, in the 38 years since the Westfall Act's enactment, federal courts have uniformly read the exception in § 2679(b)(2)(A) to apply to *Bivens* claims only. *See Hui v. Castaneda*, 559 U.S. 799, 806-07 (2010); *United States v. Smith*, 499 U.S. 160, 166-67 (1991). Thus, only *Bivens* claims can be brought against a federal employee "for a violation of the Constitution," 28 U.S.C. § 2679(b)(2)(A), and since Plaintiff's claim is not a *Bivens* claim—indeed, it is a transparent attempt to circumvent the confines of *Bivens*—it does not fall within the Westfall Act's exception for constitutional violations.

In his remand motion, Plaintiff contends that the United States has failed to engage with the supposed textual basis of his argument. *See* Rem. Mot. at 10-11. But the United States has

already explained that, in the context of the surrounding text and the history of the Act, the phrase "a civil action . . . brought for a violation of the Constitution of the United States" in § 2679(b)(2)(A) means the claim must be a federal constitutional claim in all respects, including the source of liability and remedy, because the Constitution itself is the only legal authority identified in this provision. In other words, it must be a *Bivens* claim directly under the U.S. Constitution, just as the Supreme Court has understood it to be. *See* ECF No. 20 at 3-4, 7-8; *Smith*, 499 U.S. at 166-67.

Indeed, it is Plaintiff who fails to grapple with the text by refusing to properly construe § 2679(b)(2)(A) as part of the broader text of the Act. The entire point of the Westfall Act is to exclude state-law causes of action, like Plaintiff's, against federal employees. That is why 28 U.S.C. § 2679 as a whole—exceptions and all—is entitled "Exclusiveness of remedy," and its principal provision specifies that non-FTCA claims for personal-injury and property-damage claims are generally precluded because the FTCA remedy is "*exclusive* of *any* other civil action or proceeding for money damages by reason of the same subject matter" and "*[a]ny other civil action* or proceeding" for damages against a federal employee acting in the scope of employment "is precluded . . ." 28 U.S.C. § 2679(b)(1) (emphases added).[6] Since the leading operative provision of the Act establishes federal employees' absolute immunity from state-law personal injury suits for in-scope conduct, it does not empower states or individuals to pursue statutory converse-1983 claims under state law directly against federal employees or permit those claims to override Congress's choice to grant immunity.

[6] The contrast between the exclusive remedy provision's broad application to "*any* other civil action or proceeding," 28 U.S.C. § 2679(b)(1) (emphasis added), and the exceptions' narrower application to "*a* civil action," 28 U.S.C. § 2679(b)(2) (emphasis added), confirms that § 2679(b)(2)(A) applies narrowly to a certain type of civil action "brought for a violation of the Constitution," i.e., a *Bivens* action, not broadly to "any" type of civil action borrowing certain constitutional standards, like state-law converse-1983 actions.

Given this categorical exclusion, an express and unambiguous exception for state statutory claims allegedly vindicating constitutional rights is needed to allow converse-1983 claims to proceed against individual federal employees. None exists. The exception in § 2679(b)(2)(A) makes no mention of state statutory claims like Plaintiff's, in contrast to the adjacent exception in § 2679(b)(2)(B), which expressly specifies that federal statutory claims are exempted from substitution. *See* 28 U.S.C. § 2679(b)(2)(B).[7] And Plaintiff offers no compelling reason why § 2679(b)(2)(A) should be read to exempt anything other than federal-law causes of action. Thus, this Court should reject Plaintiff's selective textual argument and his other theories—as every court to consider them thus far has—and deny the remand motion. *See Henry v. Essex County*, 113 F.4th 355, 364 (3d Cir. 2024); *Perez v. Merendino*, 2025 U.S. Dist. LEXIS 268153, at *47 (D.N.J. Dec. 31, 2025); *Quinonez v. United States*, 2023 WL 5663156 at *2-3 (N.D. Cal. Aug. 30, 2023); *Estate of Mejia v. United States*, 2022 U.S. Dist. LEXIS 240035 at *7-9 (S.D. Cal. Dec. 2, 2022); *Ward v. Schaefer*, 2017 U.S. Dist. LEXIS 105750 at *6-8 (D. Mass. July 10, 2017); *see also Day v. Massachusetts Air Nat'l Guard*, 167 F.3d 678, 680-681 (1st Cir. 1999).[8]

At bottom, Plaintiff's novel theory—that there are certain cases in a which a plaintiff's claim may be remanded to state court notwithstanding the Attorney General's issuance of a scope

---

[7] While Plaintiff complains that § 2679(b)(2)(A) does not use the word *Biven*s, it does not need to, because it expressly refers to a purely federal cause of action, and only *Bivens* matches that description.

[8] Plaintiff does not deny that *Ward* authorized substitution on claims under Massachusetts's converse-1983 statute, the Massachusetts Civil Rights Act (MCRA), but he previously argued those were non-constitutional claims and that the district court denied substitution on constitutional claims. *See* ECF No. 21-1 at 4. Plaintiff neglected to mention, however, that the non-substituted constitutional claims were *Bivens* claims, not state converse-1983 claims, such that *Ward* is consistent with the Supreme Court's understanding of § 2679(b)(2)(A) as a *Bivens*-only exception. *See Ward v. Schaefer*, Case No. 1:16-cv-12543 (D. Mass.), ECF No. 1-1, Complaint (listing counts I-III for state common law violations; count IV directly under federal constitution (which would be a *Bivens* claim) and state constitution; count V for violating MCRA based on interference with, among other things, "exercise and enjoyment of his due process rights secured by the United States Constitution . . ."; and count VI for civil conspiracy); *Ward*, 2017 U.S. Dist. LEXIS 105750, at *1, *8 (denying substitution as to the *Bivens* part of count IV, granting substitution as to the state constitutional part of count IV, and granting substitution as to counts I-III, V, and VI, including the MCRA violation allegedly based on the federal constitution in count VI).

of employment certificate—is contrary to the plain language of the Westfall Act and binding Supreme Court and Second Circuit precedent. The Supreme Court has spoken on this issue, and its position is clear and unequivocal: "Once the Attorney General certifies scope of employment . . . § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn*, 549 U.S. at 229. Because a delegee of the Attorney General has certified that Officer Uccello was acting within the scope of his employment, Plaintiff's Motion to Remand should be denied.

**II. The United States' Removal Was Timely.**

Plaintiff's additional contention that the United States' removal to federal court was untimely is of little force. *See* Rem. Mot. at 19-21. This argument incorrectly presumes that the Westfall Act is not applicable and then cites 28 U.S.C. §§ 1441 and 1442—removal mechanisms on which the United States does not rely at this juncture.

Pursuant to § 2679(d)(2), "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond *at any time before trial*. . . ." (emphasis added). "It is undisputed and indisputable that removal must be accomplished before trial. . . ." *Carroll*, 148 F.4th at 116. In the present case, the Attorney General removed Plaintiff's claims to federal court before trial. Removal was therefore timely.

Any argument by Plaintiff that the United States may not remove Plaintiff's claims under §§ 1441 or 1442, or that removal was untimely under 28 U.S.C. § 1446, is irrelevant at this stage. In its removal notice, the United States relies solely on the Westfall Act as the basis of removal, and since the Westfall Act permits removal "any time before trial," (1) removal was timely and (2) other statutes are irrelevant. 28 U.S.C. § 2679(d)(2).[9]

---

[9] Whether the United States or another party may properly invoke §§ 1441 and 1442 is not before the Court at this juncture, and so any ruling on that subject would be premature and should await further motion practice should that

## III. Plaintiff's Remaining Arguments Are Irrelevant or Are Predicated on Misunderstandings.

Plaintiff's remaining arguments are irrelevant or predicated on misunderstandings. First, Plaintiff takes issue with Jonathan Guynn signing the scope of employment certificate as "Deputy Assistant Attorney General," while the text of the certificate refers to him as "Acting Director, Torts Branch." *See* Rem. Mot. at 18. Plaintiff's commentary on the language of the certification reflects nothing more than his own confusion because Mr. Guynn is both the Acting Director of the Torts Branch and a Deputy Assistant Attorney General. Therefore, Mr. Guynn signing the certification as a Deputy Assistant Attorney General, with the text simultaneously identifying him as Acting Director of the Torts Branch, creates no deficiency.[10]

Similarly, contrary to Plaintiff's assertion that "[t]he government has not tried" to show that the case belongs in federal court because it failed to produce a memorandum of law along with its initial filings, *id.*, the Westfall Act places no such burden on the United States. Instead, § 2679(d)(2)[11] simply requires certification that confirms that the relevant federal employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." Thus, Plaintiff's reliance on *United Food & Commercial Workers Union, Local*

---

become necessary. Likewise, while Plaintiff asserts that a discretionary exercise of jurisdiction would be improper here, that argument is premature, and the United States reserves its rights to raise alternative grounds for jurisdiction via further motion practice or briefing in the event the Court determines that its exercise of jurisdiction is not mandatory under the Westfall Act.

[10] Moreover, as Deputy Assistant Attorney General, Mr. Guynn has the authority to certify scope of employment. Such authority has been delegated to the Deputy Assistant Attorney General by the Assistant Attorney General for the Civil Division under 28 C.F.R. § 15.4(c) and Civil Division Directive No. 1-15, found at the Appendix of Part 0, Subpart Y of 28 C.F.R.

[11] Plaintiff notes that the Scope of Employment Certificate cites § 2679(d)(1). *See* Pl.'s Mot. for Remand, at 18. Both § 2679(d)(1) and (d)(2) only require a certification that confirms scope, so the certification is valid regardless of the citation. However, if the Court determines that it is necessary, the United States will file an amended certificate that cites § 2679(d)(2) instead.

*919 v. Centermark Properties Meriden Square*, 30 F.3d 298 (2d Cir. 1994), a case that has nothing to do with the Westfall Act, is entirely misplaced.

Lastly, none of the attorneys representing the United States have conveyed that they represent Officer Uccello, or any of the "John Doe" defendants, individually. Any confusion on this matter is a product of government counsel's traditional representation of federal employees in their official capacities and the imperfect mechanics of e-filing. Specifically, because the United States was not a party or a listed filer for this case in state court, government counsel did not have the option to check a box to file on behalf of the United States in that court. This left counsel to file the government's notice of substitution on behalf of the defendants in their official capacities. Therefore, the fact that government counsel marked a checkbox in state court indicating the filing was on behalf of all defendants, where counsel represents the government and its employees in their official capacity, says nothing about the notice being filed on behalf of employees in their individual capacity. As the filed documents make clear, the notice of substitution and certification were filed on behalf of the United States. *See Khan v. Uccello*, Case No. HHD-CV26-6228240-S (Conn. Sup. Ct.), Docket Entry No. 103.00, Notice of Removal to Federal District Court.

Similarly, while the ECF docket text currently lists the filer for the notice of removal in this Court as "Nicholas J. Uccello (USA)," that is of no moment because: (1) counsel for the United States did not create that text; (2) the text's parenthetical reference to "USA" correctly identifies the United States as the filer; (3) the notice of removal itself expressly identified the removing party as the United States and the undersigned as counsel for the United States, *see* ECF No. 1; and (4) counsel for the United States identified the United States as the filing party when it first filed the notice in ECF by creating a new filer for the United States, though apparently the text of the entry on the ECF docket was changed, not by counsel, to identify the filer as "Nicholas J.

Uccello (USA)." As a result, the undersigned counsel have consistently explained that they represent the United States and have never claimed to represent Uccello in his individual capacity. The filed documents speak for themselves and Plaintiff's conspiratorial musings should not be credited by this Court.

## CONCLUSION

The United States respectfully asks this Court to deny Plaintiff's Motion to Remand. Binding Supreme Court and Second Circuit precedent makes it abundantly clear that once the Attorney General has issued a scope of employment certification, the case shall be removed to federal court and remain there, even if the certification is later stricken. Plaintiff's theory that the Westfall Act's remand provision does not apply when a plaintiff sues for a violation of the Constitution is entirely novel and blatantly contradicts established law. For these reasons, this Court should deny Plaintiff's motion.

Dated: October 19, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146

Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

*Counsel for Defendant United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, the foregoing **Defendant United States of America's Memorandum in Opposition to Plaintiff's Motion to Remand** was filed electronically and served upon all counsel of record through ECF/CM.

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*Counsel for Defendant United States of America*