**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br>Plaintiff,<br>v.<br>NICHOLAS J. UCCELLO, *et al.*,<br>Defendants. | Civil Action No.: 3:26-cv-01365<br>Judge: Hon. Vernon D. Oliver<br>Magistrate Judge: |

**DEFENDANT UNITED STATES OF AMERICA'S**
**MOTION TO STAY DISCOVERY AND DEADLINES**

Defendant United States of America hereby respectfully moves this Court for a stay of discovery and of all deadlines in this case, except for existing briefing deadlines, pending a decision on the United States' substitution filings, Plaintiff Saifullah Khan's remand motion, and, in the event the substitution is upheld, the United States' planned motion to dismiss. Counsel for the United States has conferred with Plaintiff's counsel, who opposes this motion.

1. Upon removing the case to this Court on August 25, 2026, the United States filed a motion to dismiss the complaint for lack of jurisdiction, based on exhaustion grounds, and the Court struck the motion for inadvertent non-compliance with the requirement of a request for a pre-motion conference. *See* ECF No. 14. In addition, as a result of further proceedings, currently pending before the Court are the parties' submissions related to the United States' notice of substitution and Plaintiff's motion to remand, which raise the issues of whether the United States has properly substituted itself for former defendant Nicholas J. Uccello and whether this Court has removal jurisdiction over this case. *See* ECF Nos. 1, 2, 16, 18, 20, 23, 25. Thus, the United States has previously challenged this Court's jurisdiction over Plaintiff's claims, and Plaintiff currently

challenges the Court's jurisdiction. In the event its substitution for Uccello is upheld, the United States intends to file a motion to dismiss that, potentially in addition to other grounds, will raise lack of exhaustion as a basis to dismiss for sovereign immunity and lack of subject matter jurisdiction.[1]

2. On August 25, the Court set preliminary deadlines for amended pleadings by October 26, 2026, discovery by February 27, 2027, and dispositive motions by March 31, 2027. That day, the Court also set an October 8, 2026, deadline for the parties to submit a joint report under Federal Rule of Civil Procedure 26(f) and the local rules. The parties did not submit a report by that deadline, and the Court graciously *sua sponte* extended the deadline to October 29, 2026. The United States deeply appreciates the Court's courtesy in granting that extension.

3. The United States respectfully requests that discovery and all deadlines in this case— including the deadline for the Rule 26(f) report and excluding previously ordered briefing deadlines—be stayed pending the resolution of the current and anticipated jurisdictional questions before the Court. As will be explained, where, as here, the government proposes to raise immunity from suit as a defense, a stay is appropriate to prevent prejudice to that defense and to avoid unnecessarily burdensome and inefficient proceedings.

4. A court has broad discretion to manage the cases before it upon a showing of good cause, including by issuing a stay of pretrial activities and deadlines. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001); *Am. Commerce Ins. Co. v. Bronko Constr. LLC & Total Chimney Care LLC*, 2022 U.S. Dist. LEXIS 18637, at *6-7 (D. Conn. Feb. 2, 2022); *see also* Fed. R. Civ. P. 26(c)(1). The party seeking a stay pending a dismissal motion may obtain a stay by showing that a balance of factors favors a stay, including the strength

---

[1] Prior to filing the motion to dismiss, the United States will, per the Court's order, submit a pre-filing letter following a decision on substitution.

of the motion to dismiss, the extent of the burden in responding to discovery, and the risk of unfair prejudice to the opposing party. *See Palladino v. JPMorgan Chase & Co*., 730 F. Supp. 3d 4, 10 (E.D.N.Y. 2024). The same factors may justify a stay of discovery. *See id*.

5. While a stay of discovery pending a motion to dismiss is generally rare under this Court's pre-filing preferences, a different approach is warranted where the defendant asserts sovereign immunity rather than more routine grounds often raised on a dismissal motion. *See League of Women Voters of La. v. Landry*, 2026 U.S. Dist. LEXIS 92470, at *5-6 (M.D. La. Apr. 27, 2026) (staying discovery prior to filing of an anticipated motion to dismiss because, "while discretionary stays of discovery are very rare in the context of a Rule 12(b)(6) motion to dismiss, that analysis is different when a party asserts a plausible defense of sovereign immunity," as a "stay of discovery may be merited where the defendant raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of the action") (internal quotation marks and citations omitted). A stay of discovery is appropriate prior to the resolution of the government's sovereign immunity defense because sovereign immunity is immunity from the entire suit, including the burdens of discovery. *See Rivera v. Heyman*, 1997 U.S. Dist. LEXIS 2003, at *3-4 (S.D.N.Y. Feb. 27, 1997) (even in case where only partial dismissal was sought on sovereign immunity grounds, the court still granted stay of discovery because resolution of immunity would narrow issues in case, there was a substantial basis for immunity argument, and delay was not unreasonable); *see generally Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 116 (2d Cir. 2016) (noting that "sovereign immunity is conceptualized as immunity from suit, and not just immunity from liability . . ."); *Liverman v. Comm. on the Judiciary, U.S. House of Representatives*, 51 F. App'x 825, 827-28 (10th Cir. 2002) ("The Supreme Court has recognized where a defense of qualified immunity has been raised, until the threshold

immunity question is resolved, discovery should not be allowed. Finding no logical reason why this rule should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law, we conclude that the district court did not abuse its discretion in staying discovery pending resolution of the Committee's motion to dismiss.") (internal quotation marks, punctuation, and citation omitted).

6. Here, this Court should stay discovery pending resolution of the United States' immunity from Plaintiff's claim. By asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit, the United States raised in its stricken dismissal motion, and intends to raise again in a new dismissal motion, its sovereign immunity from this suit. *See Balman v. United States*, 825 F. Supp. 3d 73, 99 (N.D.N.Y. 2026) ("Importantly, however, the FTCA's waiver of federal sovereign immunity is subject to a number of conditions, including administrative exhaustion."); *see also Sandoval v. HHS*, 2018 U.S. Dist. LEXIS 168808, at *6-7 (E.D.N.Y. Sept. 30, 2018); *see generally Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived."). Since allowing discovery to proceed prior to a decision on the United States' sovereign immunity defense would undermine the value of the United States' asserted immunity from such discovery—indeed from the entire suit—the Court should grant a stay of discovery until it rules on the United States' forthcoming motion to dismiss. That is especially so because the lack of exhaustion is also a jurisdictional defect, *see Am. United Transp., Inc. v. W. Reg'l Union*, 569 F. Supp. 3d 151, 156 (E.D.N.Y. 2021), and "[ce]rtainly, if the Court lacks subject matter jurisdiction, Plaintiff is not entitled to conduct discovery on the merits of her claim." *Davis v. United States*, 196 F. Supp. 3d 106, 120 n. 8 (D.D.C. 2016).

7. Even under the factors applicable to a stay motion in non-immunity cases, good cause exists. First, the United States has a strong argument that the entire action should be dismissed because, even if Plaintiff's claim against it were otherwise cognizable, he has not demonstrated that he exhausted his administrative remedies prior to filing suit—a matter about which the complaint is silent—and therefore the claim is barred by sovereign immunity. Notably, the six-month exhaustion process must be completed before the suit is filed. Exhaustion after the filing of the complaint requires dismissal. *See Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011). Second, although Plaintiff has not submitted any discovery demands, the burdens of discovery would likely be substantial because Plaintiff seeks to press a novel claim under a Connecticut statute based on allegations about the conduct of seven individuals, which could potentially involve demands for a significant number of depositions and for documentary and physical evidence. *See generally* ECF No. 1-3, Complaint. Third, given that discovery has not yet commenced and limited preliminary deadlines were set prior to the substantial changes in the posture of this case from motions practice, a stay would not undermine Plaintiff's expectations or otherwise significantly prejudice him. The above presents good cause to stay discovery.

8. In addition, with the exception of the existing briefing deadlines, the Court should stay all deadlines and related obligations until it decides on substitution, the remand motion, and (in the event substitution is upheld) the dismissal motion. The same factors above, which support a stay of discovery, also support the stay of the deadlines. In addition, a stay should be granted because the unresolved jurisdictional issues would make the establishment of, and compliance with, further deadlines burdensome and inefficient pending the resolution of the substitution, the remand motion, and the government's sovereign immunity.

9. At this juncture, any schedule for further proceedings in this Court, aside from litigation on the issues of substitution, remand, and dismissal, would be premature because the unresolved jurisdictional issues pending before the Court prevent any reasonable estimation or proposal with respect to future deadlines. In that regard, based on the disputes over substitution, removal jurisdiction, and exhaustion, it is unsettled as to whether this Court has jurisdiction to hear the case, whether immunity and limits on subject matter jurisdiction bar the claims in this case, and whether the government or certain individuals will be parties to this case. Those open questions prevent any realistic plan for future proceedings in this Court because, depending on the answers, no further proceedings may be necessary. At a minimum, the scope of any further proceedings will vary substantially depending on the resolution of the jurisdictional and other disputes, which will determine the proper parties and the need for any additional proceedings.

10. Accordingly, the United States respectfully requests that the Court enter an order staying discovery and all deadlines in this matter, save for existing briefing deadlines on the substitution, remand, and dismissal issues, until a decision on substitution, the remand motion and, if substitution is upheld, the United States' forthcoming motion to dismiss.

Dated: October 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*<u>/s/ John B. F. Martin</u>*
JOHN B. F. MARTIN
Senior Trial Attorney

United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

*Counsel for Defendant United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, a copy of foregoing **Defendant United States of America's Motion to Stay Discovery and Deadlines** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing Parties may access this filing through the Court's CM/ECF System.

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*Counsel for Defendant United States of America*