**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br>Plaintiff,<br>v.<br>NICHOLAS J. UCCELLO, and SIX UNKNOWN NAMED AGENTS OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (DOES 1–6), each in an individual capacity,<br>Defendants. | No. 3:26-cv-01365 (VDO)<br><br>October 29, 2026 |

## JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** July 10, 2026, in the Superior Court for the Judicial District of Hartford (No. HHD-CV26-6228240-S); removed August 25, 2026 (ECF No. 1).

**Date Complaint Served:** Plaintiff states the complaint was served on July 10, 2026, on Defendant Nicholas J. Uccello (ECF No. 1-4). Does 1–6 have not been identified or served. The United States takes no position on whether there has been proper service of any individual.

**Date of Defendant's Appearance:** The United States filed the notice of removal on August 25, 2026 (ECF No. 1), and its counsel appeared on August 26, 2026 (ECF Nos. 11, 12). No appearance has been filed for Uccello in his individual capacity or for Does 1–6.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 27, 2026, by telephone. The participants were:

| | |
|---|---|
| Alexander T. Taubes | for plaintiff Saifullah Khan |
| John B. F. Martin and Matthew M. Brotz | for the United States of America |

Counsel for the United States state that they do not represent Uccello in his individual capacity. ECF No. 11 at 1 n.1; ECF No. 12 at 1 n.1; ECF No. 25 at 18. No counsel has appeared for Does 1–6.

## I. CERTIFICATION

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Plaintiff's position. The Court lacks subject-matter jurisdiction, and the action should be remanded to the Superior Court under 28 U.S.C. § 1447(c). ECF No. 18. The United States removed the action solely under 28 U.S.C. § 2679(d)(2). ECF No. 1 ¶¶ 4, 8; ECF No. 25 at 15. That provision reaches only a "civil action or proceeding commenced upon such claim," and the Westfall Act's exclusive-remedy provision "does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A), (d)(2). This is such an action: each count is brought for a violation of the Constitution. The Motion to Remand is pending, and Plaintiff's reply is due November 2, 2026. ECF No. 14.

The United States' position. The Court has removal jurisdiction of this case under 28 U.S.C. § 2679(d)(2), as the United States has explained in its filings in support of its notice of removal and in opposition to remand. As will be explained in the United States' motion to dismiss, upon removal, the case should be dismissed for lack of subject matter jurisdiction based on the Plaintiff's failure to satisfy the Federal Tort Claims Act's exhaustion requirement under 28 U.S.C. § 2675(a).

### B. Personal Jurisdiction

Plaintiff's position. Personal jurisdiction is not in question. Defendant Uccello was served at his usual place of abode in Meriden, Connecticut. ECF No. 1-4 at 2. Does 1–6 have not yet been identified or served.

The United States' position. The United States does not dispute that there is personal jurisdiction over the United States, to the extent the concept of personal jurisdiction is applicable. The United States does not take a position on whether there is personal jurisdiction over former Defendant Uccello.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

On May 9, 2025, Saifullah Khan appeared, as directed, for a hearing in his removal case before Immigration Judge Ted Doolittle at the Abraham A. Ribicoff Federal Building and United States Courthouse in Hartford. Compl. ¶ 12. Officers of U.S. Immigration and Customs Enforcement ("ICE") in plain clothes waited for the hearing to end. *Id.* ¶ 13. When Mr. Khan walked out of the courtroom, they closed on him without identifying themselves, and he ran back toward the courtroom, calling for the judge. *Id.* ¶¶ 17–18. Defendant Uccello fired a Taser into his back. In all, the officers discharged Tasers into Mr. Khan seven times, without warning. *Id.* ¶¶ 19–20. He fell, struck his head, and lost consciousness. *Id.* ¶ 21. He was unarmed and had cleared federal security screening, he had no criminal record, and no judge had issued a warrant for his arrest. *Id.* ¶¶ 3, 14, 20. ICE held him for three weeks before releasing him on bond. *Id.* ¶ 25. The arrest came at his first hearing in a removal case the government opened thirteen days after he sued

the Secretary of Homeland Security to compel a decision on his asylum application, an application filed in 2016 that the United States has since granted. *Id.* ¶¶ 3, 9, 26; *id.* Count Three ¶ 33.

Each count is brought under Section 1 of Public Act No. 26-14 for the deprivation of rights secured by the United States Constitution: excessive force (First Count) and unreasonable seizure (Second Count), in violation of the Fourth Amendment, and retaliation for petitioning a federal court (Third Count), in violation of the First Amendment. Plaintiff seeks compensatory and punitive damages, attorney's fees and expenses under P.A. 26-14, § 1(b), interest, and costs, and he has demanded a jury. ECF No. 1-3 at 12. He asserts no claim under the Federal Tort Claims Act in this action.

**B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants**

Based on the ongoing litigation on whether the United States will remain the defendant and whether the Court has jurisdiction, the United States has moved for a stay of discovery and all deadlines. *See* ECF No. 26. The United States intends to move to dismiss the complaint on grounds of sovereign immunity and lack of subject matter jurisdiction based on Plaintiff's failure to exhaust administrative remedies. Because the United States maintains there should be a stay in this matter, it reserves its right to raise all available defenses following the expiration of the requested stay. The United States has asserted that former Defendant Uccello is immune from this suit under the Westfall Act, but no counsel has appeared for Uccello in his individual capacity or asserted any defense on his behalf.

**C. Defenses and Claims of Third Party Defendants**

None.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. However, because the United States has moved for a stay and maintains that any response to the factual allegations in the complaint must await the expiration of any stay and the deadline for the United States' response to the complaint, the parties were unable to reach an agreement on whether any material facts are undisputed.

## V. CASE MANAGEMENT PLAN

The United States has moved to stay discovery and deadlines, ECF No. 26, and it maintains that no scheduling order should be entered prior to a ruling on the pending motions and its forthcoming dismissal motion. As will be explained below, if the Court disagrees, the United States offers a schedule contingent on its being the sole remaining defendant in this matter and measured from a final resolution of its planned dismissal motion; any schedule based on any other scenario cannot be reasonably estimated and is not provided here. Unless otherwise noted, the dates below are Plaintiff's. Plaintiff asks that they replace the presumptive deadlines in the Order on Pretrial Deadlines, which set October 26, 2026 for amended pleadings, February 24, 2027 for the close of discovery, and March 31, 2027 for dispositive motions. ECF No. 5. The parties' positions on the stay are in Part V.F.2.

### A. Initial Disclosures

Initial disclosures will be served by November 10, 2026, 14 days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). The United States' position is that because it has moved for a stay of discovery and all discovery deadlines, including the deadline for initial disclosures, no deadline should be set at this time. In the event that the United States remains the

sole defendant and the case remains in this Court, it proposes that initial disclosures be served 30 days after the final resolution of its motion to dismiss, should any claims remain.

**B. Scheduling Conference**

1. Plaintiff does not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Plaintiff requests a scheduling conference to resolve the United States' Motion to Stay (ECF No. 26; Part V.F.2) and to set a schedule. The United States has moved for a stay of all deadlines until resolution of the substitution, remand, jurisdictional, and immunity issues. Therefore, the United States maintains there should not be a scheduling conference or scheduling order until the expiration of the proposed stay. The United States will respond further, if needed, after a decision on its dismissal motion.

2. Plaintiff prefers that a scheduling conference, if held, be conducted by telephone. Because the United States has moved for a stay and will move for dismissal on the pleadings, the United States maintains that there should be no scheduling conference until the expiration of the proposed stay. The United States will respond further, if needed, after a decision on its dismissal motion.

**C. Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Plaintiff believes settlement may be facilitated by an early settlement conference with a Magistrate Judge. Plaintiff made a written settlement demand on October 6, 2026. The United States prefers to proceed with litigation at this juncture rather than settlement.

2. The parties do not request an early settlement conference.

3. The parties do not request an early settlement conference.

4. Plaintiff does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 and 28 U.S.C. § 651. The United States does not request a referral for alternative dispute resolution.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached no agreement. The United States plans to move to dismiss the complaint for lack of subject matter jurisdiction because Plaintiff has not satisfied the FTCA's exhaustion requirement. The United States reserves the right to raise additional defects in the complaint via its dismissal motion. Plaintiff knows of no defect in the Complaint. Exhaustion under 28 U.S.C. § 2675(a) is a precondition to an action "upon a claim against the United States," so it matters only if the Court upholds substitution. *See* Part II.A. The Court will set deadlines for pre-filing letters on any dispositive motion after it resolves the Motion to Remand. ECF No. 14.

1. Plaintiff proposes that he should be allowed until March 31, 2027 to file motions to join additional parties and until March 31, 2027 to file motions to amend the pleadings. Plaintiff states that these dates give Plaintiff time to learn the identities of Does 1–6 in discovery and to amend the Complaint to name them. Compl. ¶ 5. The October 26, 2026 deadline for amended pleadings in the Order on Pretrial Deadlines (ECF No. 5) passed the day before the parties' Rule 26(f) conference, before formal discovery could begin. D. Conn. Standing Order on Scheduling in Civil Cases ¶ 2(c); Fed. R. Civ. P. 26(d)(1). However diligent, Plaintiff states he could not have named Does 1–6 by then, so good cause exists to replace that deadline with these dates. *See* Standing Order ¶ 3; Fed. R. Civ. P. 16(b)(4). Because, Plaintiff maintains, the government knows who the officers were and Plaintiff does not, Plaintiff further proposes that by December 4, 2026, the United States identify each federal officer or agent who was present for or took part in

Plaintiff's arrest, each who discharged a Taser, and each who planned or approved the arrest. The United States has moved for a stay of discovery and all deadlines. Therefore, it is the United States' position that no discovery, early or otherwise, should occur. Furthermore, because the United States maintains that the Westfall Act substitution was proper as to Uccello and the Doe defendants are not properly served and identified parties, the Court should grant the United States' forthcoming motion to dismiss rather than order any early discovery, as the Doe defendants are fictitious individuals in lieu of a real person, whose naming in the complaint cannot save it from dismissal once the United States' substitution is upheld and the claims against it dismissed for lack of exhaustion. In the event that the United States remains the sole defendant and the case remains in this Court, it proposes that any motion by Plaintiff to add additional parties and amend the complaint be due within 30 days after the final resolution of its motion to dismiss.

2. Plaintiff proposes that Defendants be allowed until April 30, 2027 to file motions to join additional parties. The Court will set the schedule for pre-filing letters, and thus for any response to the Complaint, after it resolves the Motion to Remand. ECF No. 14. Plaintiff proposes that any defendant remaining in this Court answer or request a pre-filing conference within 21 days after that ruling. The United States' position is that, prior to the resolution of the jurisdictional and immunity issues raised in the pending motions, it cannot reasonably anticipate when and whether it, or any other party, will seek to add more parties. In the event that the United States remains the sole defendant and the case remains in this Court, it proposes that defendants be allowed 45 days from the final resolution of its dismissal motion. The United States proposes to request a pre-filing conference on its dismissal motion within 21 days of a ruling on the remand and substitution issues. In the event that the United States does not request a pre-filing conference

within 21 days of the ruling on the remand and substitution issues, the United States will so notify the Court and propose a deadline to respond to the complaint.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's position. This case concerns the use of force inside a federal courthouse, an arrest made without judicial process, and retaliation for petitioning a federal court. Plaintiff claims serious physical and psychological injuries and seeks punitive damages and fees. The evidence that will decide the case—video, Taser data, use-of-force reports, operational plans, communications, and the identities of the officers involved—is almost entirely in the government's hands. Plaintiff asked ICE for its records of the incident, including any video and use-of-force review, under the Freedom of Information Act on January 8, 2026; when the Complaint was filed six months later, ICE had produced nothing. Compl. ¶ 28. More than seventeen months have passed since the arrest. Discovery proportional to these needs should begin now.

The United States' position. Because the United States has moved for a stay of discovery and all deadlines, and cannot reasonably anticipate the needs of discovery based on the unresolved jurisdictional and immunity issues, the United States cannot specify the needs of the case at this time. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

b. The parties anticipate that discovery will be needed on the following subjects:

Plaintiff:

(1) The arrest: the identity, role, and conduct of each officer present; each Taser discharge, by device, officer, and time; any warning or identification given; and the officers' exchange with Immigration Judge Doolittle and their statements to and about Plaintiff and the judge.

(2) Planning and authorization: the May 5, 2025 referral of Plaintiff's case from Homeland Security Investigations to ICE Enforcement and Removal Operations in Hartford; operational plans, briefings, and approvals; the decision to arrest Plaintiff at the courthouse; and the Form I-200 administrative warrant and the Form I-213 record of the arrest.

(3) Taser evidence: device assignments, firing and download logs, cartridges, and probes.

(4) Recordings and communications: surveillance video of the building; any body-worn camera footage; immigration court recordings; and radio, telephone, text, email, and other communications of the arrest team and its supervisors.

(5) Post-arrest events: use-of-force reports and reviews, and Plaintiff's detention, medical evaluation, conditions of confinement, and transfers.

(6) Retaliatory motive: communications within and among components of the Department of Homeland Security about Plaintiff and his lawsuit, *Khan v. Noem*, No. 3:25-cv-471 (D. Conn.); the April 3, 2025 closure of his asylum case and issuance of a Notice to Appear; the decision to arrest him; and the treatment of similarly situated persons.

(7) Training, policies, and practices on the use of force, conducted energy weapons, officer identification, and courthouse arrests, and the complaint and disciplinary histories of the officers involved.

(8) Damages: Plaintiff's physical and psychological injuries, treatment, and expenses.

(9) Any defense asserted by any defendant, and, if the Court permits Plaintiff to contest the scope certification (Part V.F.3), scope of employment.

Much of this information is held by federal agencies, including ICE and other components of the Department of Homeland Security, the U.S. Marshals Service, and the Executive Office for Immigration Review. To the extent the United States is not a party, Plaintiff will seek it by subpoena under the agencies' regulations. *See* 6 C.F.R. §§ 5.41–5.49; 28 C.F.R. §§ 16.21–16.29. The schedule below allows time for those procedures.

The United States: Because the United States has moved for a stay of discovery and all deadlines, and intends to move to dismiss, the uncertainty surrounding which claims and parties will remain prevents the United States from reasonably identifying particular subjects of discovery at this time, nor can it agree to any of the subjects listed by Plaintiff. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

c. Plaintiff proposes that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 13, 2026 and completed (not propounded) by September 30, 2027. The United States's position is that because it has moved for a stay of discovery and all deadlines, and intends to move to dismiss, the uncertainty surrounding which claims and parties will remain prevents the United States from reasonably anticipating or setting discovery deadlines. In the event that the United States remains the sole

defendant and the case remains in this Court, it preliminarily anticipates that all discovery could be completed approximately 280 days after the final resolution of its motion to dismiss.

d. Plaintiff's position is that discovery will not be conducted in phases. The United States's position is that because it has moved for a stay of discovery and all deadlines, and intends to move to dismiss, the uncertainty surrounding which claims and parties will remain prevents the United States from reasonably anticipating whether phased discovery is appropriate. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

e. Plaintiff's position is that phased discovery is not applicable. The United States' position is that because it has moved for a stay of discovery and all deadlines, and intends to move to dismiss, the uncertainty surrounding which claims and parties will remain prevents the United States from reasonably anticipating whether phased discovery is appropriate. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

f. Plaintiff anticipates that the plaintiff will require a total of 15 depositions of fact witnesses. Plaintiff proposes that depositions will commence by January 15, 2027 and be completed by June 30, 2027. Plaintiff will seek a stipulation or leave of Court to take more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). The United States' position is that because it has moved for a stay of discovery and all deadlines, and intends to move to dismiss, the uncertainty surrounding which claims and parties will remain prevents the United States from reasonably anticipating the scope of discovery, including whether and how many depositions would be needed. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

g. Plaintiff will not request permission to serve more than 25 interrogatories. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty,

it is not in a position to determine whether it will request permission to serve more than 25 interrogatories. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

h. Plaintiff intends to call expert witnesses at trial. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine whether it will call expert witnesses at trial. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

i. Plaintiff proposes that the parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by June 30, 2027. Plaintiff further proposes that depositions of any such experts will be completed by July 30, 2027. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine whether it will call expert witnesses at trial or determine appropriate deadlines for expert disclosures. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

j. Plaintiff proposes that the parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by August 30, 2027. Plaintiff further proposes that depositions of such experts will be completed by September 30, 2027. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine whether it will call expert witnesses at trial, determine whether and when depositions would be appropriate, or determine appropriate deadlines for expert disclosures. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 29, 2027. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine whether or when a damages analysis should be provided. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Plaintiff proposes the following procedures for the preservation, disclosure and management of electronically stored information.

(1) <u>Preservation.</u> Each party will preserve relevant electronically stored information and tangible evidence, including surveillance video of the Ribicoff Federal Building from May 9, 2025; any body-worn camera footage; Taser device, firing, and download data, cartridges, and probes; the Forms I-200 and I-213 and other records about Plaintiff in ICE's enforcement and detention systems; operational plans; use-of-force reports and reviews; and email, text, chat, and ephemeral messages of the officers involved and their supervisors about Plaintiff from March 1, 2025, to the present. On October 20, 2026, Plaintiff asked the United States to

confirm that it had preserved the building's video from May 9, 2025, the Taser download data, and the arrest team's communications. The United States responded on October 21 that "the government is aware of and complying with its preservation obligations," but that "[a]ny inquiry on whether a particular piece of evidence exists, whether it is in the government's possession, and whether it should be disclosed must await discovery." Plaintiff asks that the scheduling order, whether or not the Court grants a stay, require the United States to state within 14 days whether each item listed above exists and has been preserved, including any held by agencies other than ICE. *See* Fed. R. Civ. P. 16(b)(3)(B)(iii), (vii).

(2) Form of production. Documents will be produced as text-searchable PDF or TIFF images with load files and standard metadata. Video, audio, spreadsheets, and device data will be produced in native format.

(3) Search. Before running searches, the parties will confer on custodians, date ranges, and search terms.

(4) Costs. Each party will bear its own costs of preserving and producing its information, subject to Fed. R. Civ. P. 26(c).

As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine the appropriate scope and form of the preservation and disclosure of electronic information, nor can it agree to Plaintiff's proposed procedures. The United States is aware of and complying with its preservation obligations. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of

information stored in paper or other non-electronic forms. Plaintiff proposes that each party preserve relevant paper records, including holding-cell, transport, detention, and medical records, and produce them as text-searchable images. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine the appropriate appropriateness, scope, and form of any production of non-electronic documents in electronic form. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including the method and timing of the production of a privilege log and the procedures for asserting privilege claims after production. Specifically, Plaintiff proposes that, if a producing party withholds production of any records on the basis of privilege, within 30 days of production, the producing party shall provide a privilege log that complies with D. Conn. L. Civ. R. 26(e). Plaintiff proposes that the parties submit, by November 20, 2026, a stipulated order under Fed. R. Evid. 502(d) providing that the production of privileged or protected material does not waive the privilege or protection and governing its return. The Standing Protective Order (ECF No. 7) governs confidential information, including Plaintiff's medical and psychological records. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine the appropriate scope and form of any privilege log or objections. In the event that the United States remains the sole defendant and the case remains in this Court, it proposes that any Rule 502(d) order or other necessary protective order be submitted to the Court within 21 days after the final resolution of its motion to dismiss. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

**F. Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case:

1. Pending motions. The Motion to Substitute (ECF No. 2) is fully briefed. ECF Nos. 16, 20, 23. Plaintiff has requested oral argument. ECF No. 16 at 28. Plaintiff's reply in support of the Motion to Remand (ECF No. 18) is due November 2, 2026. ECF No. 14. The United States moved to stay discovery and deadlines on October 21, 2026, and Plaintiff's opposition is due November 12, 2026. ECF No. 26.

2. The United States' Motion to Stay. The United States has moved to stay all deadlines and discovery, except for the briefing deadlines previously set by the Court, pending a ruling on the substitution notice and remand motion. In the event the substitution is upheld and remand denied, the stay would extend to a decision on the United States' planned motion to dismiss. The United States maintains the stay is appropriate for the reasons stated in the motion.

Plaintiff's position. Plaintiff opposes the stay and will respond to the motion by November 12, 2026. The United States' position that no deadlines should be set cannot be squared with this Court's requirement that Rule 26(f) reports "include actual deadline dates, even if such deadlines are tied to earlier events in a case." Pretrial Preferences, 26(f) Reports, https://www.ctd.uscourts.gov/content/vernon-d-oliver. The dates in this report are the only proposed schedule before the Court, and Plaintiff asks the Court to enter them.

"The filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery." D. Conn. Standing Order on Scheduling in Civil Cases ¶ 2(b). Once the parties have conferred, they "may commence formal discovery immediately thereafter without awaiting entry of a scheduling order." *Id.* ¶ 2(c). This Court's Pretrial Preferences add that a stay requires "extraordinary circumstances and the filing and approval of a motion to stay discovery."

Pretrial Preferences, Discovery. No motion to dismiss is even pending. The Court struck the one the United States filed and will set a schedule for pre-filing letters after it resolves the Motion to Remand. ECF No. 14. The stay the United States seeks therefore has no end date. It would last until the Court decides a motion that has not been filed and that awaits a pre-filing schedule the Court has not yet set.

Nor would a stay save anyone work. However the pending motions are decided, discovery on the events of May 9, 2025 will go forward: in the Superior Court if the action is remanded; here if substitution is denied; and in an action under the Federal Tort Claims Act if substitution is upheld, because Plaintiff presented an administrative claim to ICE on February 2, 2026, and more than six months have passed without a final disposition. *See* 28 U.S.C. § 2675(a). A stay would only postpone that discovery while the evidence ages. The United States will not even say whether the courthouse video or the Taser data exists. *See* Part V.E.l(1). And the United States has not substituted itself for Does 1–6. ECF No. 20 at 3 n.1. Their identities are in the government's records, Plaintiff cannot name them without discovery, and the limitations period on claims against them continues to run.

If the Court stays any deadline, Plaintiff asks that the parties' preservation obligations, the preservation statement proposed in Part V.E.l(1), and the identification proposed in Part V.D.1 go forward, and that each deadline in this report be extended by the length of the stay.

3. Scope of employment. If the Court concludes that 28 U.S.C. § 2679(b)(2)(A) does not reach this action, Plaintiff has asked for leave to contest the scope certification before any order of substitution enters, with such limited discovery as the Court permits and, if material facts are disputed, an evidentiary hearing. ECF No. 16 at 25, 28. Plaintiff proposes that the parties file a joint proposed schedule for that proceeding within 14 days after the Court's ruling. The United

States' position is that substitution has occurred by operation of law and, if Plaintiff's current challenge to substitution is denied, the Court need not and should not permit a second challenge or any related discovery. In any event, the United States' position is that, due to the pending motions and surrounding uncertainty, scheduling of any proposed second challenge to substitution should await a ruling on the substitution notice and remand motion.

**G. Summary Judgment Motions**

Plaintiff proposes that requests for a pre-filing conference, as the Court's Pretrial Preferences require, will be filed by October 15, 2027. Plaintiff further proposes that summary judgment motions, which must comply with Local Rule 56, will be filed on or before November 4, 2027, or such other date as the Court sets at the pre-filing conference. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine an appropriate schedule for any pretrial conference or the filing of any summary judgment motion. In the event that the United States remains the sole defendant and the case remains in this Court, it proposes that any summary judgment motions be filed 370 days after the final resolution of its motion to dismiss. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

**H. Joint Trial Memorandum**

Plaintiff proposes that the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by December 3, 2027, or, if a motion for summary judgment is filed, within 30 days after the Court rules on it. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine an appropriate schedule for any joint trial memorandum. In the event that the United States remains the sole defendant and the case remains in this Court, it proposes that any joint

pretrial memorandum be due 60 days after the resolution of any summary judgment motion. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

## VI. TRIAL READINESS

Plaintiff's position is that the case will be ready for trial by January 7, 2028. Plaintiff estimates that trial will take five to seven days. As stated above, the United States' position is that, due to the pending motions and surrounding uncertainty, it is not in a position to determine an appropriate schedule for any trial. In the event that the United States remains the sole defendant and the case remains in this Court, it preliminarily anticipates that the case could be trial ready 520 days after the final resolution of its motion to dismiss. The United States will respond further, if needed, following a ruling on its planned motion to dismiss.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF SAIFULLAH KHAN

By: /s/ Alexander T. Taubes
Alexander T. Taubes
Fed. Bar No. ct30100
470 James Street, Suite 007
New Haven, CT 06513
Tel: (203) 909-0048
alextt@gmail.com
Date: October 29, 2026

UNITED STATES OF AMERICA

By: /s/ John B. F. Martin
John B. F. Martin, Senior Trial Attorney
Matthew M. Brotz, Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
john.b.martin@usdoj.gov
Date: October 29, 2026