**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SAIFULLAH KHAN,
Plaintiff,
v.
NICHOLAS J. UCCELLO, and SIX UNKNOWN NAMED AGENTS OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (DOES 1–6), each in an individual capacity,
Defendants.

No. 3:26-cv-01365 (VDO)

October 29, 2026

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO STAY DISCOVERY AND DEADLINES (ECF NO. 26)**

The government asks the Court to stop this case—discovery and every deadline other than existing briefing deadlines—until it decides the pending substitution and remand motions and, if substitution is upheld, a motion to dismiss the government has not filed. ECF No. 26 ¶¶ 1, 3, 8, 10 & n.1. The proposed order has no end date. If the Court upholds substitution and denies remand, the stay "will automatically remain in effect" until a decision on the government's "forthcoming motion to dismiss" or, if it files no such motion by the deadline, until its deadline to respond to the complaint, "whichever is later." ECF No. 26-1 at 1–2.[1] The parties' joint Rule 26(f) report shows what that would mean: the government proposes no actual dates, offers a schedule only for a case in which it is the sole remaining defendant, and opposes even an order identifying the officers who fired the Tasers. ECF No. 27 at 5, 8.

This District's rule runs the other way, and the Order on Pretrial Deadlines entered in this case repeats it: "[t]he filing of a motion to dismiss shall not result in a stay of discovery." ECF

[1] "Compl." is the Complaint, ECF No. 1-3. Pin cites to docket entries are to the page numbers assigned by CM/ECF, except that paragraph cites to the motion, ECF No. 26, are to its numbered paragraphs.

**ORAL ARGUMENT NOT REQUESTED**

No. 5 ¶ (b); Standing Order on Scheduling in Civil Cases ¶ 2(b). This Court adds that a motion to dismiss will not stay discovery "absent extraordinary circumstances." Hon. Vernon D. Oliver, Pretrial Preferences (Discovery), https://www.ctd.uscourts.gov/content/vernon-d-oliver ("Preferences"). The government concedes that a stay pending a motion to dismiss "is generally rare" here, ECF No. 26 ¶ 5, and offers one extraordinary circumstance: sovereign immunity. But the United States is a defendant on these claims only if the Court upholds a substitution the Westfall Act does not authorize. ECF Nos. 16, 23. Its certificate does not cover the six agents, whose identities its own records should show. And the defense it describes—failure to exhaust—would yield at most a dismissal without prejudice, after which Mr. Khan could sue on the administrative claim ICE has had since February 2. There is no motion to weigh, no burden shown, and real prejudice in delay. The motion should be denied.

## BACKGROUND

On May 9, 2025, inside the Ribicoff Federal Building in Hartford, ICE officers in plain clothes fired Tasers into Saifullah Khan's back—seven discharges in all—as he ran toward the courtroom he had just left, calling out for the judge. Compl. ¶ 1. He sued Officer Uccello and six agents whose names he does not know, "among them, on information and belief, one or more agents who discharged Tasers into the plaintiff, and the officers who held and shackled him afterward," each in an individual capacity, under Section 1 of Public Act 26-14 ("Section 1"). *Id.* ¶¶ 2, 4–5. He "will amend to state their true names when discovery reveals them." *Id.* ¶ 5. On January 8, 2026, he requested ICE's records of the incident under the Freedom of Information Act, "including any use-of-force review and any video." "ICE has produced nothing." *Id.* ¶ 28.

The government removed on August 25, 2026, on a certificate covering Officer Uccello alone. ECF Nos. 1, 1-1. It has not certified or sought substitution for the six agents. It says it has

not substituted for them "because Plaintiff has not identified them," calls them "fictitious parties against whom no claims can proceed," and says substitution would not "be appropriate." ECF No. 20 at 3 n.1. Under the Order on Pretrial Deadlines, as docketed, amended pleadings were due October 26, 2026, discovery closes February 24, 2027, and dispositive motions are due March 31, 2027. ECF No. 5 (docket text).[2] On August 26, the Court struck the government's motion to dismiss for want of a pre-filing conference request, set the substitution and remand briefing, and said it would set pre-filing deadlines "after the motion to remand, if any, is resolved." ECF No. 14. The Rule 26(f) report was due October 8. ECF No. 24. When the parties had not filed it, the Court, on October 16 and with the remand motion pending, extended the deadline to October 29 "[a]s a one-time courtesy." *Id.* Five days later, the government filed this motion.[3] The parties conferred on October 27 and filed their joint Rule 26(f) report on October 29. ECF No. 27 at 1.

## ARGUMENT

### I. THIS COURT'S RULES FORECLOSE A STAY PENDING A MOTION THAT DOES NOT EXIST.

The party seeking a stay of discovery "bears the burden of showing good cause." *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66–67 (D. Conn. 2010); *see* Fed. R. Civ. P. 26(c)(1). "The proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997), and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The pendency of a dispositive motion is

---

[2] The motion gives the close of discovery as February 27, 2027. ECF No. 26 ¶ 2. The docket text of the Order sets February 24, 2027. ECF No. 5.

[3] The motion invokes Rule 26(c)(1), ECF No. 26 ¶ 4, and recites that counsel "conferred," *id.* at 1, but it includes no affidavit of conference, which Local Rule 37(a) requires "as a part of the motion papers" when counsel's conference has not resolved the issues the motion raises. D. Conn. L. Civ. R. 37(a).

not, in itself, an automatic ground for a stay." *Morien*, 270 F.R.D. at 67. In this District the filing of such a motion stays nothing: it "shall not result in a stay of discovery or extend the time for completing discovery." Standing Order on Scheduling in Civil Cases ¶ 2(b); ECF No. 5 ¶ (b). And this Court will depart from that rule only on "extraordinary circumstances and the filing and approval of a motion to stay discovery." Preferences (Discovery). The government concedes that such a stay "is generally rare under this Court's pre-filing preferences." ECF No. 26 ¶ 5.[4]

This motion asks for more than a stay pending a motion to dismiss. There is no motion to dismiss. The Court struck the one the government filed; it will set pre-filing deadlines only after remand is resolved, ECF No. 14; and the government will file a new motion only "[i]n the event its substitution for Uccello is upheld," ECF No. 26 ¶ 1. The Court cannot weigh a motion no one has written, on a schedule no one has set. A stay requires "substantial arguments for dismissal," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)), and the government offers a preview, not an argument. Every decision it cites that stayed discovery pending a dispositive motion involved a motion that had been filed or was on a short, fixed briefing schedule. *See, e.g.*, *Chavous*, 201 F.R.D. at 2 (motions filed and set for argument); *Liverman v. Comm. on the Judiciary, U.S. House of Representatives*, 51 F. App'x 825, 827–28 (10th Cir. 2002) (stay "pending resolution of the Committee's motion to dismiss"); *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (stay

[4] Neither case the government cites for the Court's "broad discretion," ECF No. 26 ¶ 4, helps it. *Bronko* paused deadlines, on the court's own initiative, while the plaintiff filed an affidavit establishing the defendants' citizenship. *Am. Com. Ins. Co. v. Bronko Constr. LLC*, No. 3:21-cv-01640 (CSH), slip op. at 5–6 (D. Conn. Feb. 2, 2022), ECF No. 22. *Chavous* stayed discovery pending argument on motions that the plaintiffs and the Control Board agreed would, if granted, be "thoroughly dispositive." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2–3 (D.D.C. 2001).

"pending determination of a dispositive motion"), *quoted in Spencer Trask*, 206 F.R.D. at 368; *see also* ECF No. 26 ¶ 5 (describing *Rivera* as a case in which "partial dismissal was sought").

The Rule 26(f) report does not change this. The government now proposes to request a pre-filing conference within 21 days after the Court rules on remand and substitution. ECF No. 27 at 8. That is a date for a letter, measured from rulings that have not issued; the conference, the briefing, and the decision would all come later. And the government still will not commit to its grounds: it "reserves its right to raise all available defenses following the expiration of the requested stay." *Id.* at 4. It wants the stay first and its defenses after.

The government also misdescribes its lead immunity case. *League of Women Voters* did not stay discovery "prior to filing of an anticipated motion to dismiss." ECF No. 26 ¶ 5. The defendants there filed their motions on February 27, 2026, and the court stayed discovery two months later because "the motion to dismiss squarely puts that defense before the Court." *League of Women Voters of La. v. Landry*, No. 25-413-JWD-SDJ, slip op. at 1, 4 (M.D. La. Apr. 27, 2026), ECF No. 104. It did so because Fifth Circuit precedent made the stay "mandatory" once the motions put a state official's sovereign immunity before it—a rule that binds no court here. *Id.* at 3–4 (citing *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022)). The same order recites that "the mere existence of a dispositive motion does not constitute good cause." *Id.* at 2. And five months later, the court rejected the immunity defense on which the stay rested. *League of Women Voters of La. v. Landry*, No. 25-413-JWD-SDJ, slip op. at 13 (M.D. La. Oct. 1, 2026), ECF No. 118.

This Court has already set the order of proceedings. When it struck the government's motion, it scheduled the substitution and remand briefing and deferred pre-filing letters until remand is resolved. ECF No. 14. It stayed nothing. Seven weeks later, with that briefing under

way, it extended the Rule 26(f) deadline once, sua sponte, rather than excuse the report. ECF No. 24. The government asks the Court to suspend what those orders left in place.

## II. "SOVEREIGN IMMUNITY" IS NOT AN EXTRAORDINARY CIRCUMSTANCE HERE.

### A. No sovereign is a defendant on these claims.

Mr. Khan sued individual officers, each in an individual capacity. Compl. ¶¶ 4–5. Officers sued that way "come to court as individuals," and sovereign immunity "does not erect a barrier against suits to impose individual and personal liability." *Lewis v. Clarke*, 581 U.S. 155, 162–63 (2017) (internal quotation marks omitted) (quoting *Hafer v. Melo*, 502 U.S. 21, 27, 30–31 (1991)). The United States would stand in Officer Uccello's place only if the Court upheld the substitution Mr. Khan has opposed. ECF Nos. 16, 23. Until then, the government asks the Court to halt a case against individuals on the strength of an immunity that belongs to someone else. No individual defendant has asked for anything. Officer Uccello has not appeared in his individual capacity, and the government's lawyers "have never claimed to represent Uccello in his individual capacity." ECF No. 25 at 18. The government says as much in the Rule 26(f) report. It "takes no position" on whether any individual was properly served and does "not take a position" on personal jurisdiction over Officer Uccello, ECF No. 27 at 1, 3, and it joined a report stating that no counsel has appeared for him in his individual capacity "or asserted any defense on his behalf," *id.* at 4.

### B. The government's theory does not reach the six unnamed agents.

The certificate covers Officer Uccello alone. ECF No. 1-1. The government has not certified or sought substitution for the six agents and says substitution for them would not "be appropriate." ECF No. 20 at 3 n.1. Whatever immunity the United States may claim cannot shield the claims against them, or the discovery that would name them. Yet the government asks the Court to bar that discovery while dismissing the agents as "fictitious parties" whom Mr. Khan "has

not identified." *Id.* The government cannot invoke the agents' anonymity to defeat the claims against them and then ask the Court to preserve it. The agents are federal officers, and the government's own records of the operation should identify them. Mr. Khan has sought ICE's records since January, Compl. ¶ 28, and the Complaint says he will amend "when discovery reveals them," *id.* ¶ 5.

The report goes further. The government opposes any order identifying the officers—"no discovery, early or otherwise, should occur"—and calls the agents "fictitious individuals in lieu of a real person" whose "naming in the complaint cannot save it from dismissal." ECF No. 27 at 8. They are not fictitious. Real officers discharged Tasers into Mr. Khan seven times. Compl. ¶ 19. Their names are in the government's records, not his. A stay would let the government defeat the claims against them by withholding the names.

**C. The defense the government describes is not an immunity from discovery.**

Even if the United States were substituted, the defense it describes would not end this case. The motion it previews rests on the Complaint's silence about exhaustion. ECF No. 26 ¶ 7. But Mr. Khan presented an administrative claim to ICE on February 2, 2026, and more than six months have passed without a final disposition. ECF No. 27 at 18. He may therefore deem the claim denied and sue the United States now. 28 U.S.C. § 2675(a). A dismissal for failure to exhaust is without prejudice. *See, e.g.*, *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 & n.4 (S.D.N.Y. 2011) (dismissing prematurely filed FTCA claims "without prejudice"; plaintiffs "permitted to re-file"). The government's motion would end one action on the events of May 9, 2025, and another would begin on the same events, with the same discovery. Congress provided a cure even for a claimant who had presented nothing: when an action in which the United States has been substituted is dismissed for failure to present a claim, a claim presented to the agency within sixty days is deemed timely if it would have been timely when the action began. 28 U.S.C. § 2679(d)(5); *Celestine v.*

*Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 83–84 (2d Cir. 2005). At best, the government's motion would be a detour, not a reason to stop discovery needed in any forum.

The government's immunity cases involve something else: immunities from suit itself, asserted in motions to dismiss. *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 116 (2d Cir. 2016), arose under the Foreign Sovereign Immunities Act; the sentence the government quotes explains why the denial of a foreign sovereign's immunity is "an immediately appealable collateral order." The opinion never mentions discovery, and it held the defendant not immune. *Id.* at 117. *League of Women Voters* applied a Fifth Circuit rule to a state official's immunity. *Liverman*, an unpublished order, upheld a stay pending a congressional committee's motion to dismiss on immunity grounds "primarily one of law." 51 F. App'x at 827–28. And *Davis*, which the government quotes for the proposition that a plaintiff may not take merits discovery without jurisdiction, ECF No. 26 ¶ 6, permitted limited jurisdictional discovery on the FTCA's discretionary-function exception, noting that the D.C. Circuit's "standard for permitting jurisdictional discovery is quite liberal," while deferring merits discovery. *Davis v. United States*, 196 F. Supp. 3d 106, 120–22 (D.D.C. 2016) (quoting *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003)). None of these decisions holds that the FTCA's presentment requirement shields the government from discovery, much less discovery about individual officers it does not represent.

**D. The government cannot have it both ways on jurisdiction.**

Two days before it filed this motion, the government told the Court that the certificate "forecloses any jurisdictional inquiry," ECF No. 25 at 10 (quoting *Osborn v. Haley*, 549 U.S. 225, 243 (2007)), and that this Court's jurisdiction is "exclusive and mandatory," *id.* at 5. Its motion now says "it is unsettled as to whether this Court has jurisdiction to hear the case." ECF No. 26 ¶ 9. Neither position supports a stay. If the government is right, the case belongs here and should

proceed on this Court's schedule. If Mr. Khan is right, it belongs in the Superior Court, where the same claims against the same officers will proceed. In either forum the facts are the same, and so is the discovery.

## III. THE ORDINARY FACTORS CONFIRM THAT NO STAY IS WARRANTED.

Courts weigh the strength of the dispositive motion, the breadth of discovery and the burden of responding to it, and the risk of unfair prejudice to the party opposing the stay. *Morien*, 270 F.R.D. at 67; *see* ECF No. 26 ¶ 4. Each factor favors Mr. Khan.

### A. There is no motion, and the one previewed would not end the case.

The government offers no motion to assess. What it describes is doubly contingent: it arises only if the Court upholds substitution, and only after a pre-filing letter the Court has not yet scheduled. ECF No. 26 ¶ 1 & n.1; ECF No. 14. It would not reach the claims against the six agents, whom the certificate does not cover. The government now says otherwise, ECF No. 27 at 8, but does not explain how a motion by the United States, on the United States' immunity, could dispose of claims against individuals it neither represents nor certified. And the only ground it identifies—lack of exhaustion—would yield at most a dismissal without prejudice, followed by a suit on the claim Mr. Khan has already presented. *See* Part II.C, *supra*. The government's own authority answers the point: a stay "is rarely appropriate when the pending motion will not dispose of the entire case." *Chavous*, 201 F.R.D. at 3 (quoting *Keystone Coke Co. v. Pasquale*, No. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999)).

### B. The claimed burden is speculation.

The government predicts that the burdens of discovery "would likely be substantial" because the case "could potentially involve demands for a significant number of depositions." ECF No. 26 ¶ 7. Good cause requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16

(1981) (citation and internal quotation marks omitted). Even *Chavous* recognizes that a "bald assertion" that "discovery would be burdensome" is "generally insufficient." 201 F.R.D. at 3 n.4 (internal quotation marks omitted). The government's own report confirms that it has no such showing to make: it "cannot reasonably anticipate the needs of discovery" and "cannot specify the needs of the case at this time." ECF No. 27 at 9. A party that cannot describe the discovery cannot show that it would be unduly burdensome. That Mr. Khan "has not submitted any discovery demands," ECF No. 26 ¶ 7, proves nothing: formal discovery could not begin until the parties conferred under Rule 26(f), Fed. R. Civ. P. 26(d)(1); Standing Order on Scheduling in Civil Cases ¶ 2(c), which they did on October 27, ECF No. 27 at 1. Nor does a "novel claim," ECF No. 26 ¶ 7, multiply the facts. This case arises from one arrest, on one afternoon, in one federal building. Compl. ¶¶ 1, 12–24. The retaliation count adds a question of motive, but it turns on decisions the government itself made: the Notice to Appear and the referral that preceded the arrest. *Id.* ¶¶ 9–10, 13. The records that matter—the referral, the arrest record, any use-of-force review, any video, and the agents' names—are the government's own.

Plaintiff's discovery plan does not help the government. Fifteen fact depositions, ECF No. 27 at 12, is an ordinary number in a case about seven officers and the supervisors who planned the arrest. And the first things the proposed schedule asks of the government are narrow: initial disclosures, the officers' names, and a statement whether the video, Taser data, and other listed evidence exist and have been preserved. *Id.* at 5, 7–8, 15. If a later request overreaches, Rules 26(b)(1) and 26(c) answer it, request by request. Overbreadth no one has seen is no reason to stop discovery that will happen in any forum.

**C. Delay prejudices Mr. Khan.**

More than seventeen months after May 9, 2025, Mr. Khan still does not know the names of the agents who, he alleges on information and belief, joined in firing Tasers into his back, or of

the officers who shackled him. Compl. ¶¶ 5, 22, 24. He asked ICE for its records in January; it has produced nothing. *Id.* ¶ 28. On October 20, Mr. Khan asked the government to confirm that it had preserved the courthouse video, the Taser download data, and the arrest team's communications. It would say only that it is "aware of and complying with its preservation obligations," and that whether "a particular piece of evidence exists" must "await discovery." ECF No. 27 at 14–15. Delay "increase[s] the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts." *Clinton*, 520 U.S. at 707–08. It also threatens the claims themselves. Section 1 sets no limitations period. If the three-year period that governs § 1983 claims in Connecticut applies, *see* P.A. 26-14, § 1(c); *Lounsbury v. Jeffries*, 25 F.3d 131, 133–34 (2d Cir. 1994), the agents must be named by May 9, 2028, and an amendment after that date may not relate back, because "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (construing Rule 15(c)(1)(C)).

The government says a stay would not prejudice Mr. Khan because the deadlines "were set prior to the substantial changes in the posture of this case." ECF No. 26 ¶ 7. The government's removal and substitution filings came the same day as the deadlines, ECF Nos. 1, 2, 5, and the Court extended the Rule 26(f) deadline on October 16 with the substitution and remand briefing before it, ECF No. 24. Meanwhile, the stay the government proposes has no fixed end date. It would run through rulings on two motions, then "automatically" through a third that has not been filed, or, if none is filed by the deadline, "until the deadline for the United States to respond to the complaint, whichever is later." ECF No. 26-1 at 1–2. Discretion is "abused by a stay of indefinite duration in the absence of a pressing need," *Landis*, 299 U.S. at 255, and a "lengthy and categorical

stay" that "takes no account whatever of the [plaintiff's] interest in bringing the case to trial" is an abuse of discretion, *Clinton*, 520 U.S. at 707.

## IV. THE COURT SHOULD ENTER THE SCHEDULE IN THE RULE 26(f) REPORT.

The request to suspend the Rule 26(f) deadline is moot: the parties filed their report on October 29. ECF No. 27. What remains is the request to stay "all deadlines," ECF No. 26 ¶ 8, and the report shows what that would mean. This Court has said how a schedule must account for pending motions: "Rule 26(f) Reports must include actual deadline dates, even if such deadlines are tied to earlier events in a case." Preferences (26(f) Reports). Plaintiff's proposals do. The government's do not. Its only schedule is "contingent on its being the sole remaining defendant" and "measured from a final resolution of its planned dismissal motion"; for "any other scenario," it offers nothing. ECF No. 27 at 5. Even on its own terms, initial disclosures would wait until thirty days after that unknown date, and the case could be ready for trial 520 days after it. *Id.* at 6, 20. That is not a schedule. It is the stay, restated.

The Court's rule also answers the claim that any schedule "would be premature" while the jurisdictional rulings are pending. ECF No. 26 ¶ 9. Dates can run from those rulings. A request to suspend a court-ordered deadline is, in substance, a request to extend it, and this District requires "a particularized showing that the schedule established by this order cannot reasonably be met despite the diligence of the party seeking the extension." Standing Order on Scheduling in Civil Cases ¶ 3; *see* D. Conn. L. Civ. R. 7(b)(1); Fed. R. Civ. P. 16(b)(4); Preferences (Motions for Extension of Time) (requiring "particularized good cause"). The government makes no such showing. Beyond the factors it offers for a discovery stay, it says that deadlines would be "burdensome and inefficient," ECF No. 26 ¶ 8, which is true of every schedule. That "no further proceedings may be necessary" depending on the Court's rulings, *id.* ¶ 9, is true of every case with a pending motion, which is why a motion does not stay discovery in this District.

Two questions cannot wait in any event. The government objects to any deadline for initial disclosures, ECF No. 27 at 5–6, and when a party states such an objection in the discovery plan, the Court "must determine what disclosures, if any, are to be made and must set the time for disclosure." Fed. R. Civ. P. 26(a)(1)(C). And the October 26 deadline for amended pleadings passed the day before the parties conferred, before formal discovery could begin. ECF No. 27 at 7. Mr. Khan could not have named the agents by then, and the Complaint promises that amendment once discovery reveals them. Compl. ¶ 5. The report proposes March 31, 2027, as the deadline to join parties and amend, and asks that the government identify the officers by December 4, 2026. ECF No. 27 at 7–8. The Court should enter those dates with the rest of the schedule.

## V. ANY STAY SHOULD BE NARROW, CONDITIONED, AND TIME-LIMITED.

If the Court is inclined to pause any part of the case, Rule 26(c) allows it to set terms. Fed. R. Civ. P. 26(c)(1)(B). Any stay should (1) enter the schedule in the Rule 26(f) report, with each deadline extended by the length of the stay, ECF No. 27 at 18; (2) require the government, by December 4, 2026, or within fourteen days of the Court's order if later, to identify each federal officer or agent who was present for or took part in the arrest, each who discharged a Taser, and each who planned or approved the arrest, *id.* at 7–8; (3) require the government, within fourteen days, to state whether each item of evidence listed in the report exists and has been preserved, including any held by agencies other than ICE, *id.* at 14–15; and (4) end when the Court rules on remand, without automatic extension.

## CONCLUSION

The motion to stay should be denied, and the Court should enter the schedule proposed in the Rule 26(f) report, ECF No. 27. If the Court enters any stay, it should be limited as set out in Part V.

Respectfully submitted,

/s/ Alexander T. Taubes
Alexander T. Taubes
Fed. Bar No. ct30100
470 James Street, Suite 007
New Haven, CT 06513
Tel: (203) 909-0048
alextt@gmail.com
*Counsel for Plaintiff Saifullah Khan*