**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SAIFULLAH KHAN,
Plaintiff,
v.
NICHOLAS J. UCCELLO, and SIX UNKNOWN NAMED AGENTS OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (DOES 1–6), each in an individual capacity,
Defendants.

No. 3:26-cv-01365 (VDO)

October 29, 2026

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND (ECF NO. 18)**

Congress "has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination." *Osborn v. Haley*, 549 U.S. 225, 243 (2007). This motion disagrees with nothing the certificate says. Mr. Khan has assumed scope for present purposes, without conceding it, ECF No. 16 at 8, 25,[1] and the motion succeeds even if every word of the certificate is true.

The government quotes the sentences that lead up to that one—§ 2679(d)(2) "categorically precludes a remand," and the certificate "forecloses any jurisdictional inquiry"—but not the one that says what they mean. Opp. 10.[2] That is *Osborn*'s rule: a certificate keeps a removed case in federal court even if a court later finds it wrong. 549 U.S. at 231, 241–43.

[1] "Opp." is the government's opposition, ECF No. 25; "Mem." is Mr. Khan's memorandum, ECF No. 18-1; "Compl." is ECF No. 1-3. Docket pin cites use CM/ECF page numbers.

[2] The government's lead quotation—"Once the Attorney General certifies scope of employment, . . . § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court"—is the Reporter's syllabus at page 227. Opp. 4 (emphasis omitted) (citing 549 U.S. at 229); *accord id.* at 15. The opinion's version, at 243, leads up to the sentence that opens this reply. Page 229, which the government cites four times, says something else: the Act "accords federal employees absolute immunity from common-law tort claims." 549 U.S. at 229.

The motion succeeds on words the government will not read. Section 2679(d)(2) reaches only an "action or proceeding commenced upon such claim," and an action "brought for a violation of the Constitution of the United States" is not one: paragraph (1) "does not extend or apply" to it. 28 U.S.C. § 2679(b)(2)(A), (d)(2); Mem. 13–23. The government quotes "commenced upon such claim" twice, Opp. 3, 15, and never says what the words mean. It concedes that the certificate "does not conclusively establish § 2679(b)(2)'s inapplicability," Opp. 5, and relies "solely on the Westfall Act," Opp. 15. If § 2679(d)(2) does not reach this action, nothing keeps it here.

## ARGUMENT

### I. *OSBORN* BARS REMANDS THAT REJECT THE CERTIFICATE. THIS MOTION ASSUMES IT IS TRUE.

#### A. *Osborn* ties the bar to the scope determination.

Every step of *Osborn*'s remand analysis runs through one sentence: the certificate "shall conclusively establish scope of office or employment for purposes of removal." § 2679(d)(2). The Court called that sentence "[o]f prime importance to our decision," and from it, and its contrast with subsection (d)(3), concluded that Congress gave district courts "no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." 549 U.S. at 241. A remand because the certification "was erroneous" would leave it "only a tentative basis for removal." *Id.* at 242. So the holding at page 231 that the certification is "conclusive for purposes of removal," Opp. 8–9, means conclusive as to what it certifies.

The government says "erroneous" and "unwarranted" mean wrong in any respect, "not just when the certification was inaccurate as to scope." Opp. 10. But a certificate certifies one thing: that "the defendant employee was acting within the scope of his office or employment." § 2679(d)(2). The government agrees; paragraphs (d)(1) and (d)(2) "only require a certification that confirms scope." Opp. 16 n.11. A certificate can be unwarranted only about what it attests,

and *Osborn* says so: otherwise the certificate "would not 'conclusively establish scope of office or employment.'" 549 U.S. at 242.[3]

The government's own account of *Osborn* confirms the point: the district court there found the "certification was invalid" because the government and the employee denied that the incident occurred, Opp. 10–11 n.5, "rejected the Attorney General's Westfall Act certification," and remanded, 549 U.S. at 231. Whatever the reason, a remand that rejects the certificate is the remand *Osborn* forbade. Mr. Khan seeks no such finding, and he reads *Osborn* as written, not as "a one-off case confined to its facts." Opp. 10.

**B. The government's other cases involved certificates found wrong.**

In *Alexander*, the government was "admittedly mistaken in its certification" that the doctor was a covered employee, and the Seventh Circuit read *Osborn* to permit retention of "a case that was removed with an erroneous certification." *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 895, 897 (7th Cir. 2007). In *Carroll*, the district court held that the President was not a covered employee, noting that the certificate, "whether it is right or wrong," conclusively authorized the removal, "and no one claims otherwise." *Carroll v. Trump*, 498 F. Supp. 3d 422, 426–27 (S.D.N.Y. 2020), *rev'd in part, vacated in part*, 49 F.4th 759 (2d Cir. 2022). A point no one disputed decided nothing. Nor has the Second Circuit "followed suit." Opp. 4. Its statement, in the same case, that "[c]ertification is conclusive for purposes of the removal to federal court" is procedural background citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). *Carroll v. Trump*, 148 F.4th 110, 113 (2d Cir. 2025) (per curiam), *petition for cert. filed sub nom. United States v.*

[3] The question presented, Opp. 10 (quoting 549 U.S. at 239), arose from a determination rejecting the certificate and concerned "actions removed pursuant to § 2679(d)(2)," which presupposes what this motion disputes. And the sentence the government calls unqualified, Opp. 10, follows one allowing resubstitution "if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." 549 U.S. at 242.

*Carroll*, No. 26-142 (U.S. July 28, 2026). *Alexander* and the *Carroll* district court, Opp. 6, applied the rule this motion accepts: a certificate fixes the forum even when it is wrong.[4]

### C. The scope analogy proves Mr. Khan's point.

The government's best argument is an analogy: a finding against scope also takes a claim outside the Act, yet remand is barred. Opp. 5. True, and the reason is the conclusive-scope sentence. Because the certificate establishes scope conclusively "for purposes of removal," a certified tort action is one "commenced upon such claim" for removal purposes, whatever a court later finds. Paragraph (2)(A) works differently. It withholds paragraph (1) from an action brought for a constitutional violation even when the employee acted within scope, and nothing the certificate attests can bring that action within "such claim." Mr. Khan does not argue that "any unauthorized substitution . . . invariably invalidates removal." Opp. 8. A scope defect does not. That is *Osborn*.

The same answer disposes of the structural and purposive arguments. Opp. 7–8. *Osborn* contrasted subsection (d)(3), which requires remand when a court finds against scope after the Attorney General refuses to certify, with (d)(2): two ways of deciding scope. 549 U.S. at 241–42. And the anti-shuttling rule is the conclusive-scope sentence, adopted "to 'foreclose needless shuttling of a case from one court to another.'" *Id.* at 242 (quoting *Lamagno*, 515 U.S. at 433 n.10); *see* Opp. 8 n.3 (House Report describing the same scope determination). Returning an action the statute never made removable is not needless shuttling; it is the remedy for a removal Congress did not authorize.

[4] The government faults Mr. Khan for citing no case holding that § 2679(b)(2)(A) defeats a removal and calls his reading "entirely novel." Opp. 7, 18. It cites none holding that § 2679(d)(2) reaches an action paragraph (2)(A) excludes. The question is new because Section 1 is new.

## II. THE GOVERNMENT NEVER CONSTRUES THE DECISIVE WORDS.

Mr. Khan does not ask the Court to "divine an exception." Opp. 3. He asks it to read the statute. The government calls certification "the sole prerequisite for removal," Opp. 5, 8 n.3, 10, and scope "the only jurisdictional requirement," Opp. 4. Section 2679(d)(2) names at least two: a certification, and an "action or proceeding commenced upon such claim." Treating the first as the only one reads the second out of the statute, a reading the government's own authority rejects. *Carroll*, 148 F.4th at 116–17 (refusing to "read the words 'at any time before trial' out of the statute"). The Supreme Court reads removal grants the same way: "we do not read statutes in little bites." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 643 (2006).[5]

"Such claim" is the claim paragraph (1) itself calls "the claim": the claim for which the FTCA is the remedy. § 2679(b)(1); Mem. 14. An action to which paragraph (1) "does not extend" is not commenced upon it. The government asserts that § 2679(d)(2) does not "set any additional conditions on removal," Opp. 5, but offers no other reading of "such claim." It ignores the deeming sentence, which—if "such claim" reached this action—would substitute the United States in the very actions paragraph (2)(A) withholds from paragraph (1). Mem. 14–15. And it ignores its own notice, which rested removal on substitution "for all claims for which the FTCA provides the exclusive remedy." ECF No. 1 ¶ 8. This action contains no such claim. A new certificate citing § 2679(d)(2), Opp. 16 n.11, would change nothing; it would attest the same facts.

Section 1447(c) supplies the remedy. The government says it applies only when a notice of removal is filed "under section 1446(a)." Opp. 11. Its own notice invoked that provision, attaching the state papers "[i]n accordance with 28 U.S.C. § 1446(a)." ECF No. 1 ¶ 10; *see id.* ¶ 9. And "under section 1446(a)" appears only in the sentence that limits motions raising defects "other

[5] Even *Osborn* reserved whether removal under § 2679(d)(2) is "limited by a nexus requirement." 549 U.S. at 250 n.14.

than lack of subject matter jurisdiction" to thirty days. The next sentence requires remand "at any time before final judgment" whenever "the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). *Kircher*, which the government ignores, explained that the § 1447(d) bar—limited to remands on § 1447(c) grounds—"applies equally to cases removed under the general removal statute, § 1441, and to those removed under other provisions," and treated as jurisdictional the remand of an action outside a securities statute's removal grant: it goes back "to the state court that can deal with it." 547 U.S. at 640–44. Its contrary authority is one out-of-circuit district court decision.[6]

## III. NOTHING BUT THE WESTFALL ACT SUPPORTS REMOVAL.

Mr. Khan agrees that § 2679(d)(2), where it applies, permits removal "at any time before trial." Opp. 15; Mem. 26. The government does not contest Mr. Khan's showing that, without it, no one entitled to remove this action did so in time. Mem. 24–31. It calls that showing "irrelevant at this stage" and the §§ 1441 and 1442 question "not before the Court at this juncture." Opp. 15 & n.9. It is: Mr. Khan raised it, and the opposition was the time to answer. The Second Circuit refused to let a defendant amend its notice to add a ground "well beyond thirty days" after it received the complaint. *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *see* Mem. 29–30.

Nor did any defendant remove. What the government calls "conspiratorial musings," Opp. 18, was the record, Mem. 8–11, and its explanations—a checkbox, "the imperfect mechanics

---

[6] Nor is § 2679(d)(2) the "more specific statute" for actions it does not reach. Opp. 11. *Osborn*'s choice between "two antishuttling commands" concerned appellate review of a remand order, 549 U.S. at 244, not what § 2679(d)(2) reaches. And the certificate does not relieve the government of its burden, Opp. 16–17: "the party asserting jurisdiction bears the burden of proving that the case is properly in federal court," *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994), and the government cites no exception.

of e-filing," a docket edit, Opp. 17–18—change nothing. Its lawyers represent the United States and its employees "in their official capacity," *id.* at 17—a capacity in which no one is sued, Compl. ¶¶ 4–5—and "have never claimed to represent Uccello in his individual capacity," Opp. 18. On the government's own account, then, no lawyer before this Court represents any defendant the Complaint names, and the one served defendant with a § 1442 right has not appeared in his individual capacity, much less removed.[7]

## IV. THIS ACTION IS BROUGHT FOR A VIOLATION OF THE CONSTITUTION.

The merits are fully briefed, ECF Nos. 16, 20, 23; the opposition's additions fail, Opp. 12–14. First, the government says Section 1 "relies on state law to create both liability and a remedy," "thereby defining a violation of state law." Opp. 12. Section 1 defines no violation of state law. It protects only "rights, privileges or immunities secured by the United States Constitution." P.A. 26-14, § 1(a). Section 2 of the same Act, by contrast, lets the Attorney General sue anyone who, under color of federal or state law, deprives others of rights "secured by the Constitution of the United States or the state Constitution." *Id.* § 2 (adding Conn. Gen. Stat. § 3-129g(c)(1)). Section 1, like § 1983, supplies a remedy, and "§ 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 617 (1979); *see* ECF No. 23 at 4–5. The only violation for which a Section 1 action can be brought is a violation of the Constitution. Calling the statute "a transparent attempt to circumvent the confines of *Bivens*," Opp. 12, changes nothing: *Bivens* confines what federal courts may imply, not what paragraph (2)(A) preserves.

Second, the government says subparagraph (A) requires "a federal constitutional claim in all respects, including the source of liability and remedy," because "the Constitution itself is the

[7] Mr. Khan noted the certificate's two descriptions of its signer to preserve the point, Mem. 23; the government calls that "confusion," Opp. 16 & n.10. This motion does not depend on it.

only legal authority identified in this provision." Opp. 13. "In all respects" is the government's phrase. Subparagraph (A) identifies the Constitution as the thing violated, not as the source of the action. It does not "expressly refer[] to a purely federal cause of action," Opp. 14 n.7; it refers to no cause of action at all, *Bivens* included. The only words in paragraph (2) about what authorizes an action—"under which such action against an individual is otherwise authorized"—appear in subparagraph (B). § 2679(b)(2)(B). Congress asked in (B) what authorizes the action, and in (A) only what it is brought for. No "express and unambiguous exception for state statutory claims" is needed, Opp. 14; the exception Congress wrote turns on the violation, whatever the remedy.

Third, the government says "[t]he entire point of the Westfall Act is to exclude state-law causes of action, like Plaintiff's, against federal employees." Opp. 13. The Act states its own purpose: to "protect Federal employees from personal liability for common law torts." Pub. L. No. 100-694, § 2(b), 102 Stat. 4563, 4564 (1988). Paragraph (1)'s breadth is beside the point, Opp. 13 & n.6; paragraph (2) says what paragraph (1) "does not extend or apply" to, and the title "Exclusiveness of remedy" covers both. Nor does Mr. Khan say the Act "empower[s]" anyone to sue. Opp. 13. Section 1 does; the Act does not bar it. And the claim that courts "uniformly" read subparagraph (A) to reach "*Bivens* claims only," Opp. 12, still rests on a word absent from the pages it cites, ECF No. 23 at 1–2, and ignores two circuit judges who have questioned that reading, ECF No. 16 at 10, 18. *Hui v. Castaneda* called the provision "an exception for constitutional violations" and, two sentences later, an "explicit exception for *Bivens* claims"; neither passage says "only." 559 U.S. 799, 807 (2010). In 2020 a unanimous Court said that the Act "foreclosed common-law claims for damages against federal officials" but "left open claims for constitutional violations and certain statutory violations." *Tanzin v. Tanvir*, 592 U.S. 43, 49 (2020).

Fourth, none of the government's decisions involved a statute like Section 1. Opp. 14. The state statutes in *Henry*, *Perez*, *Quinonez*, *Estate of Escobar Mejia*, *Ward*, and *Day* each reach rights secured by state law as well as federal law, so a claim under them need not plead a constitutional violation at all. N.J. Stat. Ann. § 10:6-2(c); Cal. Civ. Code § 52.1(b)–(c); Mass. Gen. Laws ch. 12, §§ 11H–11I. A Section 1 claim must, so it falls within subparagraph (A) even on the narrower reading that asks whether a constitutional violation is an element of the cause of action. ECF No. 23 at 2–3. *Henry* decided the point in one paragraph that restated the description of the exceptions in *United States v. Smith*, 499 U.S. 160, 166–67 (1991)—one for *Bivens* actions, one for federal statutes—without parsing subparagraph (A); the plaintiff "offered no counterargument," and one judge declined to join it, "not confident that the Westfall Act bars suits 'brought for a violation of the Constitution of the United States' like Henry's." *Henry v. Essex Cnty.*, 113 F.4th 355, 364 & n.7 (3d Cir. 2024). *Quinonez* deferred to *Smith*: "The language in *Smith* is clear to me; if it is not, that is for a higher court to decide." *Quinonez v. United States*, No. 22-cv-03195, slip op. at 5 (N.D. Cal. Aug. 30, 2023), ECF No. 91, *appeal docketed*, No. 25-3386 (9th Cir. May 28, 2025). *Perez* dismissed on screening, without citing § 2679(b)(2)(A), state-law claims it read into a pro se prisoner's complaint and the defendants "d[id] not mention." *Perez v. Merendino*, No. 23-23431, slip op. at 1, 33–34 (D.N.J. Dec. 31, 2025), ECF No. 79. *Estate of Escobar Mejia* substituted the United States on a Bane Act claim because the plaintiffs did "not challenge the certificate," without mentioning subparagraph (A). *Estate of Escobar Mejia v. United States*, No. 20-cv-2454, slip op. at 7 (S.D. Cal. Dec. 2, 2022), ECF No. 74. And the *Ward* plaintiff never claimed the exception for his Massachusetts count, as the government does not dispute. *Ward v. Schaefer*, No. 16-cv-12543, slip op. at 4 (D. Mass. July 10, 2017), ECF No. 50; Opp. 14 n.8.

## V. ANY DISCRETION THE COURT HAS FAVORS REMAND.

Mr. Khan did not misread *Osborn*. Opp. 9. He quoted its statement that the District Court "would have discretion, consistent with Article III, to retain jurisdiction," and its citation of *Cohill* for the discretion "to retain jurisdiction, to remand, or to dismiss." Mem. 7, 32–33 (quoting 549 U.S. at 245). The Supreme Court has since cited that sentence for the rule that whether to exercise supplemental jurisdiction once the federal claims are dismissed "is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). Nor does Mr. Khan import limits from "other cases cited in the *Osborn* opinion," Opp. 9 n.4; he relies on *Osborn*'s reason why the "command" the government invokes is consistent with Article III: judicial economy, "once [the court] has invested time and resources to resolve the pivotal scope-of-employment contest." 549 U.S. at 245. There has been no scope contest here.[8] And the government does not dispute that every *Cohill* consideration favors remand, Mem. 38–41; it calls the argument "premature," Opp. 16 n.9. The argument is not premature, and on the factors it is unanswered.

## CONCLUSION

The Court should deny substitution, ECF No. 2, and remand this action to the Superior Court—under 28 U.S.C. § 1447(c), or in its discretion if § 2679(d)(2) authorized the removal.

Respectfully submitted,

/s/ Alexander T. Taubes
Alexander T. Taubes
Fed. Bar No. ct30100
470 James Street, Suite 007
New Haven, CT 06513
Tel: (203) 909-0048
alextt@gmail.com
*Counsel for Plaintiff Saifullah Khan*

[8] Mr. Khan acknowledged contrary readings of *Osborn* in scope cases, Mem. 34, but did not cite *White-Manning* or *Kebaish*, which on the government's own description involved accepted certificates—a posture "not presented here." Opp. 6 n.2.