**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAIFULLAH KHAN,<br>Plaintiff,<br>v.<br>NICHOLAS J. UCCELLO, *et al.*,<br>Defendants. | Civil Action No.: 3:26-cv-01365<br>Judge: Hon. Vernon D. Oliver<br>Magistrate Judge: |

# DEFENDANT UNITED STATES OF AMERICA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO STAY DISCOVERY AND DEADLINES

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

Defendant United States of America ("United States") respectfully submits this reply to Plaintiff's Opposition to the Motion to Stay Discovery and Deadlines, ECF No. 28. The United States' Motion to Stay Discovery should be granted because Plaintiff's arguments neglect the uncontroverted fact that sovereign immunity is not waived until the Federal Tort Claims Act's (FTCA) exhaustion requirement has been satisfied, unduly constrain this Court's inherent authority to manage its own docket, and provide insufficient evidence of prejudice.

**A. Issues Raised That Implicate Jurisdiction and Sovereign Immunity Provide this Court with Good Reason to Stay Discovery.**

Litigation has raised substantial and unsettled questions regarding jurisdiction and sovereign immunity.[1] By way of background, on August 25, 2026, Deputy Assistant Attorney General (DAAG) Jonathan Guynn certified that former defendant Nicholas J. Uccello ("Officer Uccello") was acting within the scope of his employment at all relevant times, *see* ECF No. 2-1, and on that basis, the United States substituted itself as the sole defendant, *see* ECF No. 2. In its stricken dismissal motion, the United States argued that Plaintiff failed to satisfy the FTCA's jurisdictional exhaustion requirement when he declined to plead any factual matter concerning administrative exhaustion in his complaint. *See Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) ("The plaintiff likewise bears the burden of showing that she exhausted her administrative remedies by presenting her claim to the appropriate federal agency before filing suit."); *Shuckra v. United States*, No. 3:19-cv-1923, 2020 U.S. Dist. LEXIS 176563, at *8 (D. Conn. Sept. 25, 2020) (dismissing FTCA claim where plaintiff's complaint failed to plead any facts concerning

[1] Plaintiff claims the United States has provided contradictory views on this Court's jurisdiction. *See* ECF No. 28, at 8-9. That is not the case. In its opposition to Plaintiff's Motion for Remand, the United States noted that under 28 U.S.C. § 2679(d)(2), once the Attorney General certifies scope of employment, the claim can be heard only in federal court. *See* ECF No. 25, at 8. That does not mean that the scope certification confers a court with subject matter jurisdiction that it would otherwise lack due to a failure to exhaust under the FTCA. Hence, the jurisdictional inquiry that is precluded is the one into removal jurisdiction under the Westfall Act, not into the separate jurisdictional issue raised by lack of exhaustion and sovereign immunity.

potentially filed administrative claims and plaintiff failed to respond to evidence demonstrating no such claims had been filed).

Whether Plaintiff satisfied the FTCA's exhaustion requirement directly implicates this Court's jurisdiction and the United States' sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Although "[t]he Federal Tort Claims Act is a limited waiver of sovereign immunity," *United States v. Orleans*, 425 U.S. 807, 813 (1976), its waiver "operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction," *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2024). "One such condition is that a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Id.*; *see also Balman v. United States*, 825 F. Supp. 3d 73, 99 (N.D.N.Y. 2026) ("Importantly, however, the FTCA's waiver of federal sovereign immunity is subject to a number of conditions, including administrative exhaustion."). Because "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *Orleans*, 425 U.S. at 813, the FTCA's exhaustion requirement is "jurisdictional and cannot be waived," *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

When a court's jurisdiction or the United States' sovereign immunity is implicated, a stay of discovery is warranted. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Although "a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; [] until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery." *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990). Second Circuit Courts have recognized an "obligation not to proceed unnecessarily with merits discovery in a case over which the Court may

lack subject matter jurisdiction." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013).

In the present case, Plaintiff is seeking merits discovery but has not shown "a reasonable basis for assuming jurisdiction." *Filus*, 907 F.2d at 1332. To the contrary, this Court likely lacks jurisdiction. As noted earlier, the United States was substituted as the sole defendant upon certification that former defendant Officer Uccello was acting within the scope of his employment at all relevant times. Although that scope of employment certification is "not the final word" on whether the United States will remain the defendant for the entire case, *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 432 (1995), "[t]he United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, in fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment," *Osborn v. Haley*, 549 U.S. 225, 231 (2007). This Court has made no such determination.

Plaintiff's own words confirm this. His stated position is that although evidentiary hearings resolve genuine disputes of material fact concerning scope of employment, "[n]one of that is needed here, because this motion turns on the [Westfall Act's] coverage, not on scope." ECF No. 16, at 5. But Plaintiff's assertion that his claims fall outside the Westfall Act's coverage—in addition to being without merit—does not alter the fact that, by operation of law and until this Court rules otherwise, the United States is the sole defendant here. Because the United States is the sole defendant, and there is ample reason to doubt this Court's jurisdiction due to Plaintiff's failure to exhaust his administrative remedies before filing suit, this Court should recognize its "obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction," *Hong Leong Fin. Ltd. (Sing.)*, 297 F.R.D. at 75.

Sovereign immunity similarly gives this Court reason to stay discovery. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[A]s an attribute of sovereign immunity, the United States and its agencies may not be subject to judicial proceedings unless there has been an express waiver of that immunity." *United States EPA v. GE*, 197 F.3d 592, 597 (2d Cir. 1999). Indeed, "[t]he purpose of early determinations of immunity defenses is, after all, to lift the burdens of litigation from a defendant who should not be a party at all." *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir. 1988).

This Court has not ruled that the United States has waived its sovereign immunity from suit. Until this Court holds otherwise, the United States is the sole defendant in this matter, *see Osborn*, 549 U.S. at 231, and its immunity from suit remains unsettled.[2] Since "sovereign immunity is an immunity from suit (including discovery), not just liability," *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022), a stay is warranted until this threshold issue has been decided.

Lastly, Plaintiff's subsequent concession that he filed an administrative claim with U.S. Immigration and Customs Enforcement (ICE) "on February 2, 2026, and more than six months have passed without a final disposition," ECF No. 28, at 7, undermines his position. Although "[t]he failure of an agency to make final disposition of a claim within six months . . . [is] deemed a final denial of the claim," 28 U.S.C. § 2675(a), "[t]he FTCA requires that a claimant exhaust all administrative remedies *before* filing a complaint in federal district court," *Celestine*, 403 F.3d at 82 (emphasis added). Therefore, even if Plaintiff's assertion is credited, this Court would still lack jurisdiction to hear his claims.

**B. A Pending Dismissal Motion Is Not Required to Stay Discovery.**

[2] This point is further supported by the Supreme Court's reference to resubstitution in *Lamagno*. In *Lamagno*, 515 U.S. at 434-35, the Supreme Court found that in certain instances, when a scope of employment certificate is struck, a question of Article III jurisdiction might be raised (and was later resolved in *Osborn*) "once the federal employee is *resubstituted* as defendant." (emphasis added). The Supreme Court's reference to resubstitution, as opposed to denial of substitution, is only coherent if the United States is substituted upon issuance of the scope of employment certificate.

Plaintiff contends that this Court's rules foreclose a stay pending a motion that does not exist. *See id.*, at 3-6. They do not. Nor do Plaintiff's authorities support his contention. In this Court, "[t]he filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery." ECF No. 5. It does not follow that discovery may not be stayed in light of a dismissal motion, or that a dismissal motion is even required in the first place. In fact, such an interpretation undermines this Court's own inherent authority to manage its docket.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Although, "[t]he proponent of a stay bears the burden of establishing its need," *Jones*, 520 U.S. at 708, there are no specific procedural requirements. Indeed, "[t]he decision whether to stay an action calls on a district court's 'studied judgment,' requiring the court to examine 'the particular facts before it' and determine 'the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court.'" *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)). Plaintiff cites no case law suggesting that a pending dismissal motion is a firm requirement for a court to stay discovery. Nor is it unprecedented for a court to stay proceedings pending a forthcoming motion to dismiss. *See Serna v. City of Colorado Springs*, 2023 U.S. Dist. LEXIS 137083, at *14 (D. Colo. Aug. 7, 2023) ("[T]he Court concludes that a stay of discovery, pending resolution of the forthcoming motion to dismiss, is appropriate."); *Rodgers v. Suffolk Cnty. Cmty. Coll.*, 2026 U.S. Dist. LEXIS 24388, at *13 (E.D.N.Y. Feb. 5, 2026) ("[G]ood cause indeed exists to warrant a stay of discovery pending

resolution of the anticipated motion to dismiss."); *Cohen v. Saraya USA, Inc.*, 2024 U.S. Dist. LEXIS 9406, at *10 (E.D.N.Y. Jan. 18, 2024) ("[G]ood cause exists warranting the issuance of a stay of discovery pending the outcome of Defendant's anticipated Rule 12(b)(6) motion.").

Although the United States has not yet refiled its dismissal motion, it plans to do so. That the United States' initial dismissal motion was stricken does not alter the merits of a stay. As the previous section demonstrates, a stay is warranted because threshold issues concerning sovereign immunity and jurisdiction have been implicated.[3]

**C. Upholding the United States' Substitution Would End this Case.**

Plaintiff argues that "[e]ven if the United States were substituted, the defense it describes would not end this case." ECF No. 28, at 7. That is conjecture. If the Court upholds substitution, it could find that it lacks jurisdiction over Plaintiff's claims for the reasons stated above. *See In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (quoting Fed. R. Civ. P. 12(h)(3)). Although Plaintiff contends that "[a] dismissal for failure to exhaust is without prejudice," ECF No. 28, at 7, that is immaterial. The matter before this Court is the present lawsuit, not a future, hypothetical one. Considering the effects of a future, hypothetical lawsuit undercuts the FTCA itself. "Congress intended to require complete exhaustion of Executive remedies *before invocation of the judicial process*." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (emphasis added). "The Supreme Court made clear in *McNeil* that if a plaintiff files an FTCA claim in federal

[3] In the present case, Defendant United States' dismissal motion was stricken because it "failed, through no fault of Its own, to abide by the Court's Pretrial Preferences requiring the moving party to request a pre-filing conference prior to filing any dispositive motion." *See* ECF No. 14. In that same order, this Court stated that it would "set deadlines for filing prefiling letters, in accordance with the undersigned's prefiling preferences, after the motion to remand, if any, is resolved." *Id.* Defendant United States understood this to mean it should not refile its dismissal motion until after Plaintiff's motion for remand had been resolved. If this interpretation is mistaken, and this Court concludes a dismissal motion must be on file before a stay would be appropriate, Defendant United States respectfully requests the opportunity to immediately file its dismissal motion to the extent necessary to invoke its entitlement to a stay.

court prematurely—before the administrative process has been exhausted—the claim should be dismissed, even if it might become ripe at a later date during the pendency of the action." *Phillips v. United States Postal Serv.*, 2024 U.S. App. LEXIS 9247, at *6-7 (2d Cir. Apr. 15, 2024). Thus, the relevant inquiry isn't whether Plaintiff may have a ripe claim in the future, but whether he has a ripe claim now. In line with this, this Court should evaluate the United States' stay based on the viability of the present action, not on the viability of a future, hypothetical one.

Nor is discovery inevitable. Because the United States substituted itself for former defendant Officer Uccello, no other defendant has been named or identified, and the United States is immune from the remaining claims, the entire suit should end upon the anticipated dismissal motion. Even if the Court does not uphold substitution, Plaintiff ignores the very real possibility that depending upon the parties and claims remaining, other threshold defenses—including other immunity defenses—could resolve the suit prior to the commencement of any discovery.

**D. Good Cause Exists Independent of Jurisdictional and Immunity Issues.**

As the United States made clear in its initial motion, *see* ECF No. 26 ¶ 5, although discretionary stays of discovery are rare, "that analysis is different when a party asserts a plausible defense of sovereign immunity." *League of Women Voters of La. v. Landry*, 2026 U.S. Dist. LEXIS 92470, at *5 (M.D. La. Apr. 27, 2026).[4] This is because "[w]here sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Russell*, 49 F.4th at 514. Regardless, good cause exists to stay discovery pending the resolution of the threshold jurisdictional and immunity issues.

[4] Plaintiff states that the United States "misdescribe[d]" *League of Women Voters*. ECF No. 28, at 5. That is inaccurate. In its Motion to Stay Discovery, the United States cited *League of Women Voters* solely for the proposition that "a different approach is warranted where the defendant asserts sovereign immunity rather than more routine grounds often raised on a dismissal motion." ECF No. 26, at 3. The United States did not cite *League of Women Voters* as an example of a court staying discovery prior to the filing of a dismissal motion.

When evaluating good cause, "courts generally consider the following factors: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Robert D. Press v. Primavera*, 2022 U.S. Dist. LEXIS 226954, at *3-4 (S.D.N.Y. Dec. 16, 2022) (quoting *Hong Leong Fin. Ltd. (Sing.)*, 297 F.R.D. at 72). These factors weigh in favor of granting the United States' stay. Concerning the breadth of discovery sought, as the Joint Report demonstrates, *see* ECF No. 27, Plaintiff's discovery requests are broad. His requests seek discovery on the planning, authorization, and aftermath of his arrest; the conduct of each officer present and use of force reports; taser evidence including device assignments, firing and download logs, cartridges, and probes; radio, telephone, text, email, and other communications of the arrest team and its supervisors; his detention, medical evaluation, and conditions of confinement; Department of Homeland Security (DHS) communications and decision making concerning his arrest, immigration proceedings, and *Khan v. Noem*, No. 3:25-cv-471 (D. Conn.); the treatment of similarly situated individuals; the disciplinary histories of the officers involved; any defenses asserted by defendants, including scope of employment issues; and his alleged physical and psychological injuries, treatment, and expenses. Plaintiff additionally anticipates that he "will require a total of 15 depositions of fact witnesses." *Id*. at 12. These broad discovery demands weigh in favor of a stay.

Plaintiff's allegations of prejudice are also insufficient because they are speculative, nonspecific, and constitute ordinary litigation risks. The crux of Plaintiff's argument is that if a stay is granted, evidence may be lost, a limitations period that likely will not expire until May 2028 may render his claim untimely, and the government may "defeat" the claims against the unidentified ICE agents by withholding their names. *See* ECF No. 28, at 7, 11. Although the United States' proposed stay does not specify an end date, it is conditioned upon the resolution of

its Notice of Substitution and Plaintiff's Motion for Remand. As of the filing of this reply, both matters have been briefed and are awaiting this Court's determination.

Moreover, Plaintiff's generalized concern of evidence loss reflects ordinary litigation risks inherent to any discovery stay. An "ordinary risk of litigation does not constitute sufficient prejudice to warrant denying a stay of discovery." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *31 (S.D.N.Y. Apr. 26, 2018). Without pinpointing a specific risk not inherent in any delay, Plaintiff's alleged prejudice is the passage of time itself. That cannot suffice, however, because "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Id*. at 30. Likewise, Plaintiff's allegation that granting a stay would allow the United States to "defeat" the claims against the unidentified ICE agents is entirely without support. If the Court upholds substitution, the stay ends and the claims against the Unted States will be dismissed on jurisdictional and immunity grounds. If, on the other hand, the Court denies substitution, the stay ends. Thus, although the United States remaining as the defendant in the case and its sovereign immunity would end this particular lawsuit, including as to the unserved and unidentified Does, Plaintiff provides no explanation as to how granting a stay conditioned upon the resolution of two fully briefed issues would allow the United States to "defeat" claims against the unidentified ICE agents.

Finally, the United States has a substantial argument for dismissal. *See Hong Leong Fin. Ltd. (Sing.)*, 297 F.R.D. at 72 ("[W]e follow the courts that have required a motion for a stay be supported by 'substantial arguments for dismissal . . . .') (quoting *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). As explained above, this Court lacks jurisdiction to hear Plaintiff's claims because he failed to exhaust his administrative remedies

before filing suit. *See Celestine*, 403 F.3d at 82. Regardless of the merits of any future claims, it cannot be disputed that should this Court uphold substitution, the present claims must be dismissed.

Taken together, the breadth of the requested discovery, Plaintiff's nonspecific allegations of prejudice, and the strength of the United States' arguments make clear that good cause exists to stay discovery.

## CONCLUSION

For the reasons stated above, Defendant United States's Motion to Stay Discovery and Deadlines should be granted.

Dated: November 10, 2026

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*/s/ Matthew M. Brotz*
MATTHEW M. BROTZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 451-7481
Email: matthew.brotz@usdoj.gov

*Counsel for Defendant United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, the foregoing **Defendant United States' Reply Memorandum in Further Supports of its Motion to Stay Discovery and Deadlines** was filed electronically and served upon all counsel of record through ECF/CM.

*/s/ John B. F. Martin*
JOHN B. F. MARTIN
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4492
Email: john.b.martin@usdoj.gov

*Counsel for Defendant United States*